This form is available in Spanish. https://www.wicourts.gov/forms1/circuit/index.htm
Este formulario está disponible en español.

| | |
|---|---|
| Enter the name of the county in which this case is filed. | **STATE OF WISCONSIN, CIRCUIT COURT,** ______ **COUNTY** |
| Enter the Petitioner/Plaintiff's full name. | **Petitioner/Plaintiff:** JOHN J BNYLSKI (First name / Middle name / Last name)<br>**Respondent/Defendant:** (First name / Middle name / Last name) |
| Enter the Respondent/Defendant's full name. | PRICE COUNTY SHERIFF BRIAN S SCHMIDT AND ATTORNEY ROBERT M MIHELICH |
| Enter the case number. | |
| This form is used for all case types. Some information may not apply to your case. | |

FILED
AUG 12 2026
CLERK OF CIRCUIT COURT
PRICE COUNTY, WI

**Motion to Seal or Redact Information in the Court Record**

Case No. ______

CONFIDENTIAL

*In #1, choose the information that you wish to have sealed.*
*Use GF-242A to request redaction of Social Security, driver license, financial accounts, and other protected numbers to the court.*

☑ 1. I request that the following document(s) be sealed:
- ☐ The street and city address of: W2275 STATE HWY 22 GILLETT WI 54124
  - ☑ Petitioner
  - ☐ Respondent
  - ☐ Other: ______
- ☑ The name of:
  - ☐ Petitioner BRIAN S SCHMIDT
  - ☒ Respondent ROBERT M MIHELICH
  - ☐ Other: ______
- ☐ The court record text entered on [Date]: ______
- ☐ Other: ______
- ☐ The following documents:

| Name of Document | Date of Filing |
|---|---|
| CONFIDENTIAL SETTLEMENT AND | |
| RELEASE AGREEMENT | |
| | |
| | |

*Some documents are confidential by law and do not require a motion to seal. See GF-244 for information about these documents.*

*In #2, describe the type of info you wish to have redacted. For example, "Petitioner's home address", date of the documents and exact location of the information. Note every place where the information appears. The court is not responsible for finding the information in other places.* **Do NOT put the actual information to be redacted on this form.** *Use form GF-245 to provide the information to the court.*

☐ 2. I request that the following type of information be **redacted** in the following documents:

| Location in the Court Record | | | |
|---|---|---|---|
| **Name of Document** | **Date of Filing** | **Information to be Redacted** | **Page and Line Number** |
| CONFIDENTIAL SETTLEMENT | | | |
| AND RELEASE AGREEMENT | | | |
| | | | |
| | | | |
| | | | |
| | | | |

3. I am filing form GF-245 to provide the sealed or redacted information to the court.

*In #4, if the court needs to consider certain facts to decide this motion, you should include a declaration setting out the information. Most circuit court records are open to the public. The court will not seal or redact records without a legal basis for the decision. You must cite statutes and case law that support your request.*

4. I am making this request based on the following law and facts:

* SEE ATTACHED MOTION TO SEAL FILED HERE WITH.

| | | |
|---|---|---|
| In #5, if you are not a party or the attorney for a party, describe your relationship to this case. | ☐ 5. | I am not an attorney or a party to this case. I am interested because: I AM PRO-SE |
| Sign and print your name and date the document. | | ▶ [signature] Signature |

JOHN J BRYLSKI
Print or Type Name

PLAINTIFF
Relationship to Case

8-12-26
Date

DISTRIBUTION:
1. Court
2. Parties
3. Petitioner, if not a party

CONFIDENTIAL

Case 2026CV000108 Document 2 Scanned 08-12-2026 Page 3 of 4

FILED
AUG 12 2026
CLERK OF CIRCUIT COURT
PRICE COUNTY WI

STATE OF WISCONSIN : CIRCUIT COURT : PRICE COUNTYJOHN J. BRYLSKI,Plaintiff,v. MOTION TO FILE SEAL EXHIBIT A UNDER SEALPURSUANT TO WIS. STAT. § 801.21PRICE COUNTY SHERIFF BRIAN S. SCHMIDT, et al.,
ATTORNEY MIHELICH
Defendants. Case No: 26CV108 NOW COMES the Plaintiff, John J. Brylski, appearing Pro Se, and hereby moves this Court pursuant to Wis. Stat. § 801.21 for an order sealing Exhibit A attached to the Civil Complaint in its entirety, restricting it from public access. In support of this Motion, Plaintiff respectfully states as follows:

1. Concurrently with the filing of the Civil Complaint in this action, Plaintiff is submitting a copy of the July 25, 2024 Confidential Settlement and Release Agreement ("Exhibit A") to the Court.

2. Pursuant to Page 1, Paragraph 2 of Exhibit A, the parties explicitly agreed that the terms, contents, and existence of the agreement must remain strictly confidential. Paragraph 2 explicitly designates confidentiality as a "material term," strictly prohibiting voluntary public disclosure to third parties.

3. Because the validity, rescission, and material breaches of Exhibit A form the core of the active controversy in Count I of the Complaint, the production of the physical contract is legally necessary for judicial review and interpretation by the Court.

4. To comply with the substantive evidentiary requirements of his claims without unilaterally triggering a purported contractual violation or further compromising the remaining private interests embedded in the prior resolution, Plaintiff seeks to restrict public access to this exhibit.

5. Wis. Stat. § 801.21(2) dictates that a party seeking to protect a court record from public disclosure shall file a motion to seal specifying the legal authority and necessary facts demonstrating that public restriction is warranted.

6. Sufficient grounds exist under Wisconsin common law balancing tests to restrict public access to this document. The overriding private and commercial interests in upholding contractually mandated settlement confidentiality, combined with the mitigation of collateral privacy exposure

CONFIDENTIAL

to unrepresented third parties, heavily outweigh the generalized public presumption of open court files at this preliminary stage of the pleadings.

7. Pursuant to the administrative rules governing Wisconsin Circuit Court eFiling and confidential document management, Plaintiff is concurrently submitting the unredacted version of Exhibit A under temporary seal using Form GF-245 (Confidential Information Form), pending a final order on this Motion.

WHEREFORE, Plaintiff John J. Brylski respectfully requests that this Court grant this Motion and enter an Order directing the Clerk of Circuit Court to place Exhibit A under permanent seal, restricting it from public access on the Wisconsin Circuit Court Access (WCCA) website and within the physical public records terminal, accessible only to the parties, their counsel, and court officials, except upon subsequent order of this Court.

Dated this 12th day of August, 2026.Respectfully submitted,

John J. Brylski, Plaintiff Pro Se
W2275 State Hwy 22Gillette, WI 54124

John J. Brylski

CONFIDENTIAL

This form is available in Spanish. https://www.wicourts.gov/forms1/circuit/index.htm
Este formulario está disponible en español.

| | |
|---|---|
| Enter the name of the county in which this case is filed. | **STATE OF WISCONSIN, CIRCUIT COURT, ______________ COUNTY** |
| Enter the Petitioner/ Plaintiff's full name. | **Petitioner/Plaintiff:** JOHN J BRYLSKI / BRIAN SCHMIDT<br>First name / Middle name / Last name |
| Enter the Respondent/ Defendant's full name. | **Respondent/Defendant:** PRICE COUNTY SHERIFF<br>ATTORNEY ROBERT M MIHELICH<br>First name / Middle name / Last name |
| Enter the case number. | Case No. 26CV108 |

## Order on Motion to Seal or Redact Information in the Court Record

CONFIDENTIAL

A motion to seal or redact a court record or transcript has been filed with the court.

**THE COURT ORDERS:**

The motion to

☐ 1. **seal** the requested information is **granted** for the reasons set forth in this motion. The clerk shall seal the following information:

______________________________________________

______________________________________________

Access to view the information:
☐ Petitioner/Plaintiff ☐ Respondent/Defendant ☐ Social Worker ☐ Guardian
☐ Attorney ☐ Guardian ad Litem ☐ Probation
☐ Other: ______________________________

☐ 2. **redact** the requested information is granted for the reasons set forth in this motion. The clerk shall redact the following information:

______________________________________________

______________________________________________

Access to view the information:
☐ Petitioner/Plaintiff ☐ Respondent/Defendant ☐ Social Worker ☐ Guardian
☐ Attorney ☐ Guardian ad Litem ☐ Probation
☐ Other: ______________________________

☐ The clerk shall perform the redaction as identified in this motion for previously filed documents.
☐ The parties shall omit or redact this information from all documents subsequently filed.

☐ 3. seal or redact is **denied** because
☐ A. the request lacks a sufficient legal basis.
☐ B. the requester has not made a sufficient factual showing.
☐ C. Other: ______________________________

☐ 4. Other: ______________________________

DISTRIBUTION:
1. Court 2. Parties 3. Petitioner, if not a party

Case 2026CV000108 Document 4 Scanned 08-12-2026 Page 1 of 11

| | | |
|---|---|---|
| Enter the name of the county in which this case is filed. | **STATE OF WISCONSIN, CIRCUIT COURT,** PRICE COUNTY **COUNTY** | FILED AUG 12 2026 CLERK OF CIRCUIT COURT PRICE COUNTY, WI |
| Enter the Petitioner/ Plaintiff's full name. | **Petitioner/Plaintiff**: JOHN (First name) J (Middle name) BRYLSKI (Last name) | |
| Enter the Respondent/ Defendant's full name. | **Respondent/Defendant**: PRICE COUNTY SHERIFF BRIAN S SCHMIDT (First name / Middle name / Last name) AND ATTORNEY ROBERT M MIHELICH | **Confidential Disclosure of Information to be Sealed or Redacted** |
| Enter the case number. | | Case No. 26CV108 |

This form is used with GF-246A when requesting that the court seal or redact information from the court records. If the court grants the motion to seal or redact, this form will be sealed.

Use GF-241 to provide Social Security, driver license, financial accounts, and other protected numbers to the court.

This form is used for all case types.

Some information may not apply to your case. Be specific. For example, "Petitioner's home address: 1234 Main Street, Kenosha, WI 53140."

The information that I request to be ☑ sealed ☐ redacted is:

1. 
2. ENCLOSED CONFIDENTIAL AND RELEASE
3. AGREEMENT DATED 25 DAY JULY 2024
4. 
5. 
6. 
7. 
8. 
9. 
10. 

CONFIDENTIAL

☑ The document to be sealed is attached.

Upon request, the information on this form will be sealed until the court reviews the motion.

☑ I am filing this information under temporary seal until the court rules on this motion.

Sign and print your name and date the document.

▶ [signature: John J Brylski]
Signature

JOHN J BRYLSKI
Print or Type Name

PLAINTIFF
Relationship to Case

8-12-26
Date

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Case 2026CV000108 Document 4 Scanned 03-12-2026 Page 10 of 11

**EXHIBIT B**

July 25, 2024

Nicholas A. Timner
County Administrator
Price County
1236 Cherry Street, Room 106
Phillips, WI 54555
Nick.Trimner@Pricecounty.wi.gov

Re: *Withdrawal of Open Records Request for Records Relating to Deputy/Sheriff Brian S. Schmidt*

Dear Administrator Timner:

Please accept this letter as my request to immediately withdraw all of my open records requests seeking the disclosure records concerning the employment or discipline of Brian S. Schmidt. I am no longer seeking these records, request that you no longer process my request and that you do not provide any documents to me or any third party in response to any of my open records requests.

If you have any questions, please contact me.

Sincerely,

John J. Brylski
W8973 W. Island Road
Phillips, WI 54555
jasnowshoe@aol.com

cc: Brian S. Schmidt

CONFIDENTIAL

**EXHIBIT C**

STATE OF WISCONSIN CIRCUIT COURT PRICE COUNTY

JOHN J. BRYLSKI

Plaintiff

v.

Case No. 24-CV-54

PRICE COUNTY SHERIFF OFFICE /
SHERIFF BRIAN SCHMIDT,

Defendant

**NOTICE OF VOLUNTARY DISMISSAL**

To: All Parties

Please take notice that plaintiff is voluntarily dismissing this action with prejudice and on the merits. No adverse party has served plaintiff with a responsive pleading or motion.

This dismissal is being served and filed pursuant to Wis. Stat. § 805.04(1).

Dated:July 25, 2024

By: ______________________________
John J. Brylski
Pro Se Litigant
N8973 W. Island Road
Phillips, WI 54555
(715) 332-5338
jasnowshoe@aolcom

CONFIDENTIAL

Case 2026CV000108 Document 5 Filed 08-12-2026 Page 1 of 1

FILED
08-12-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

**STATE OF WISCONSIN** **CIRCUIT COURT** **PRICE**

John J Brylski vs. Brian Schmidt et al

**Electronic Filing Notice**

Case No. 2026CV000108
Class Code: Personal Injury/Automobile

JOHN J BRYLSKI
W2275 STATE HWY 22
GILLETT WI 54124

Case number 2026CV000108 was electronically filed with/converted by the Price County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code:**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 715-339-2353.

Price County Circuit Court
Date: August 12, 2026

CONFIDENTIAL

FILED
08-12-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

**STATE OF WISCONSIN** **CIRCUIT COURT** **PRICE**

John J Brylski vs. Brian Schmidt et al

**Electronic Filing Notice**

Case No. 2026CV000108
Class Code: Personal Injury/Automobile

BRIAN SCHMIDT
164 CHERRY ST BOX B
PHILLIPS WI 54555

Case number 2026CV000108 was electronically filed with/converted by the Price County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code:**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 715-339-2353.

Price County Circuit Court
Date: August 12, 2026

CONFIDENTIAL

FILED
08-12-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

**STATE OF WISCONSIN CIRCUIT COURT PRICE**

John J Brylski vs. Brian Schmidt et al

**Electronic Filing Notice**

Case No. 2026CV000108
Class Code: Personal Injury/Automobile

ROBERT M MIHELICH
2665 S MOORLAND RD #200
NEW BERLIN WI 53151

Case number 2026CV000108 was electronically filed with/converted by the Price County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code:**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 715-339-2353.

Price County Circuit Court
Date: August 12, 2026

CONFIDENTIAL


This form shall not be modified. It may be supplemented with additional material.

FILED
AUG 12 2026
CLERK OF CIRCUIT COURT
PRICE COUNTY, WI

STATE OF WISCONSIN CIRCUIT COURT: PRICE COUNTY

JOHN J. BRYLSKI, Plaintiff,

26CV108

v.

Defendants
PRICE COUNTY SHERIFF BRIAN S. SCHMIDT, In his official and individual capacity, and ATTORNEY ROBERT M. MIHELICH, In his individual capacity

SUMMONS(Case Code: 30101 - Intentional Tort)

Case No. 26CV108 Hon. ______________ THE STATE OF WISCONSIN, To each person named above as a Defendant:

TO: PRICE COUNTY SHERIFF BRIAN S. SCHMIDT164 Cherry St, Phillips, WI 54555Mailing Address: PO Box B, Phillips, WI 54555

TO: ATTORNEY ROBERT M. MIHELICH Law Offices of Robert M. Mihelich2665 S Moorland Rd #200, New Berlin, WI 53151

You are notified that a lawsuit has been filed against you. The attached Complaint details the action. You must serve a written answer on the Plaintiff and file it with the Price County Clerk of Court within 45 days if you are a county official (Defendant Schmidt), or 20 days if you are sued individually (Defendant Mihelich), pursuant to Wisconsin law. Failure to do so may result in a judgment against you.

Clerk of Circuit Court, Price County126 Cherry St, Phillips, WI 54555 John J. Brylski, Plaintiff Pro Se W2275 State Hwy 22, Gillette, WI 54124Dated: August 11, 2026. John J. Brylski, Plaintiff Pro Se

CONFIDENTIAL

Case 2026CV000108 Document 8 Scanned 08-12-2026 Page 2 of 83

FILED
AUG 12 2026
CLERK OF CIRCUIT COURT
PRICE COUNTY, WI

STATE OF WISCONSIN : CIRCUIT COURT : PRICE COUNTYJOHN J. BRYLSKI, Plaintiff,

v.

COMPLAINT Case No: 26CV108 PRICE COUNTY SHERIFF BRIAN S. SCHMIDT, Hon. ________________ In his official and individual capacity, and

ATTORNEY ROBERT M. MIHELICH, Classification Code: 30101 In his individual capacity, (Intentional Tort) Defendants.

Sheriff Schmidt :164 Cherry St, Phillips, WI 54555 Mailing Address: PO Box B, Phillips, WI 54555

Law Offices of Robert M. Mihelich Physical Address: 2665 S Moorland Rd #200, New Berlin, WI 53151

NOW COMES the Plaintiff, John J. Brylski, appearing Pro Se, and as and for his Civil Complaint against Defendants Price County Sheriff Brian S. Schmidt and Attorney Robert M. Mihelich,

respectfully alleges and states to the Court as follows:

CONFIDENTIAL

JURISDICTION AND VENUE

1. Plaintiff John J. Brylski is an adult resident of the State of Wisconsin, residing at W2275 State Hwy 22, Gillette, WI 54124. Previously residing in Price County

2. Defendant Brian S. Schmidt is an individual residing in the State of Wisconsin, serving as the elected Sheriff of Price County, with an official address of 164 Cherry St, Phillips, WI 54555.
Defendant Schmidt is sued in both his official capacity as an agent of Price County and in his individual capacity.

3. Defendant Robert M. Mihelich is an attorney licensed to practice law in the State of Wisconsin, with a principal place of business located at 2665 S.

Moorland Rd, Suite 200, New Berlin, WI 53151. Defendant Mihelich is sued in his individual capacity.

4. Venue and jurisdiction are proper in the Circuit Court of Price County pursuant to Wis. Stat. § 801.50 because the underlying transaction, prior litigation, execution of the disputed agreement, and systemic official actions occurred within Price County.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

5. Defendant Schmidt previously initiated an intentional tort/libel action against Plaintiff in the State of Wisconsin Circuit Court for Price County, Case No. 2022CV000059
(Brian S. Schmidt v. John Brylski).

6. That action—which arose out of alleged social media commentary regarding Sheriff Schmidt—was officially dismissed with prejudice by court order on July 26, 2024 (Exhibit 7). Under well-established Wisconsin law, a dismissal with prejudice operates as a final judgment on the merits.

7. Prior to dismissal, Defendants Schmidt and Mihelich extracted Plaintiff's signature on a Confidential Settlement and Release Agreement on July 25, 2024 (Exhibit A), which included a forced scripted public apology ("Exhibit 1-A").

8. Pursuant to Page 1, Paragraph 2 of the July 25, 2024 Confidential Settlement and Release Agreement (the "Agreement"), the parties explicitly agreed that the existence, terms, or contents of the Agreement must be kept strictly confidential.

9. Paragraph 2 explicitly designates this confidentiality mandate as a "material term," strictly prohibiting disclosure to any third party and stipulating that any unauthorized disclosure constitutes an automatic, contractually defined material breach. Plaintiff's signature on the July 25, 2024 agreement was obtained under extreme duress, situational coercion, material fraud, and deceptive out-of-court maneuvers orchestrated by Defendant Mihelich and Defendant Schmidt.

10. On July 22, 2024, at 9:24 PM, Plaintiff explicitly informed Defendants

CONFIDENTIAL

via written discovery correspondence (Exhibit 2) that a critical defense witness, Tammy Hastings, had voluntarily come forward with a video statement detailing official misconduct.

11. To protect the well-being of the individuals involved and to allow his wife, Amy, to "relax" free from the stress of litigation (Exhibit 2), Plaintiff proactively attempted to minimize harm to all involved families and suggested that Sheriff Schmidt address his actions honorably by apologizing to the actual victims.

12. Plaintiff explicitly stated in his July 22 correspondence that Schmidt owed an apology to Tammy Hastings (Exhibit 12, Exhibit 14), Lisa Talley Decker (Exhibit 9), Jane Doe D (Exhibit 13), Andrea Palas (Exhibit 10, Exhibit 15), and his own daughter.

13. In direct response, on July 23, 2024, via email (Exhibit 3), Defendant Mihelich completely bypassed proper legal discovery channels to explicitly threaten to depose Plaintiff's completely uninvolved spouse, Amy Brylski, for the sole, bad-faith purpose of family harassment.

14. Concurrently, Defendants completed and transmitted an unfiled Subpoena Duces Tecum (Exhibit 3) and threatened the immediate public dissemination of Plaintiff's entire private employment file across social media platforms to inflict catastrophic personal and professional ruin.

15. Furthermore, on July 23, 2024, Defendant Mihelich flatly stated as fact that he had personally spoken to defense witness Tammy Hastings and that she "readily informed me (Mihelich) that she had a consensual relationship with my client" and would testify to such under oath, forcing her to repudiate her recorded statements.

16. Upon information and belief, this material representation of fact was completely false, manufactured, and made with the knowledge of its falsity to trick Plaintiff into believing his defense evidence was compromised.

17. On July 24, 2024, Plaintiff explicitly rejected the veracity of Point #7 of the settlement draft via email (Exhibit 4), supported by prior communication draft demands showing a progression of coercive terms (Exhibit 5), stating it required "more discussion" and that signing it would force him to say

CONFIDENTIAL

something he "really didn't believe in" because physical evidence proved his prior commentary was factual.

18. Bypassing further discussion, Defendants weaponized these extrajudicial threats of family ruin to force Plaintiff to sign a scripted statement declaring that Sheriff Schmidt “conducted himself honorably” and that prior statements were “not completely true.”

19. This forced statement stood in direct, manufactured contradiction to the actual physical evidence Plaintiff possessed, including Tammy Hastings's verbatim written transcription of her recorded video statement (Exhibit 14) and Andrea Palas's signed, formal Notice of Written Interrogatories and notarized answers detailing official misconduct (Exhibit 15).

20. The underlying July 25, 2024 Confidential Settlement Agreement is fundamentally hostile to the public interest, as Defendants explicitly conditioned the dismissal of a civil lawsuit upon the forced withdrawal of a statutory open records request regarding the Sheriff's official internal discipline files and the suppression of audio/video recordings detailing official assault allegations.

21. Specifically, the agreement sought to hide a shocking history of official misconduct spanning decades, which includes:A. Systemic Sexual Assault of a Minor (1990–1993): Wherein Defendant Schmidt, while acting as a Price County Deputy, leveraged his badge to repeatedly sexually assault a vulnerable minor victim, Lisa Talley Decker, beginning when she was fifteen (15) years of age (Exhibit 9).B. On-Duty Exploitation and Underage Custody (Approx. 1990–1991): Wherein Defendant Schmidt engaged in on-duty sexual relations with a nineteen (19) year old citizen, Tammy Hastings, in his official squad car, resulting in a pregnancy and subsequent birth of a child (Exhibit 12, Exhibit 14).C. Unlawful Traffic Stop and Record Destruction (Jan. 29, 2000): Wherein Defendant Schmidt initiated an arbitrary traffic stop on an eighteen (18) year old citizen, Andrea Palas, subjecting her to inappropriate interrogations and invasive searches (Exhibit 10, Exhibit 15). Upon information and belief, this official public record was subsequently, unlawfully destroyed or deleted from department files to falsely assert that zero career complaints existed against him. D. On-Duty Stalking and Harassment (Approx. 1990): Wherein Defendant Schmidt repeatedly engaged in the on-duty stalking of Jane Doe D, following her

CONFIDENTIAL

from her place of employment in his squad car (Exhibit 13).E. Classroom Grooming and Backseat Detention (Approx. 1997): Wherein Defendant Schmidt utilized his status as a DARE instructor to groom a fourteen (14) year old minor, Jane Doe E, trapping her inside his official police vehicle and subjecting her to inappropriate physical touching, resulting in an independent private investigation and criminal trial (Exhibit 11).

22. On or about July 10, 2026, Defendant Mihelich issued a "Second Notice of Breach" letter (Exhibit 6) explicitly detailing an active intent to provide independent media outlet Wisconsin Watch and reporter Matthew DeFour with the relevant terms and existence of the agreement.

23. This intent to leak was actively executed and confirmed by Defendant Mihelich during a direct telephone conversation with Plaintiff on July 14, 2026, at 4:26 PM (originating from phone number 414-617-1356), during which Defendant Mihelich explicitly admitted that he was actively disclosing the parameters, existence, and contents of this confidential agreement to investigative journalists.

24. Prior to this, Defendant Mihelich issued a written email notice of breach alongside an uncertified letter dated June 29, 2026, demanding a formal settlement payment of $25,000.00, which Plaintiff received via email on July 14, 2026, at 6:05 PM (Exhibit 8).

25. Defendant Mihelich committed a further, overt breach of the contract's confidentiality provision by accidentally mailing that heavily confidential, uncertified June 29, 2026 letter to Plaintiff's old physical address. This letter arrived in Plaintiffs possession on July 24, 2026, at 2:00 PM in an unsealed envelope that appeared visibly tampered with and opened, exposing the private existence and terms of this confidential settlement to postal workers and the public stream of mail by mistake (Exhibit 8).

26. Following the disclosure of their own contractual breaches, Defendants engaged in aggressive, bad-faith escalation maneuvers. On July 23, 2026, at 8:59 PM, Defendant Mihelich placed a telephone call to the unrepresented Plaintiff (from phone number 414-617-1356), during which he completely abandoned the initial written parameters and explicitly threatened an inflated, uncontracted $300,000.00 lawsuit alongside a campaign to depose Plaintiffs spouse purely for the purpose of familial harassment.

CONFIDENTIAL

Case 2026CV000109 Document 8 Scanned 08-12-2026 Page 7 of 83
CONFIDENTIAL

27. Defendant Mihelich further intentionally misrepresented material facts during said call by stating that third parties—specifically Tammy Hastings and Lisa Talley—were funding the legal fees for Plaintiff's actions. This statement was a deliberate misrepresentation under Wisconsin SCR 20:4.1, calculated to provoke, harass, and induce severe emotional distress, panic, and fear in an unrepresented litigant.

27A. On August 5, 2026, Plaintiff formally filed a professional grievance and lawyer complaint against Defendant Mihelich with the State of Wisconsin Office of Lawyer Regulation (OLR), and concurrently submitted an official misconduct and public corruption report to the State of Wisconsin Department of Justice (WI DOJ) detailing the systemic bad-faith actions and threats perpetrated by Defendants.

27B On August 10, 2026, Plaintiff submitted a formal official misconduct and civil rights deprivation complaint to the Federal Bureau of Investigation (FBI) Milwaukee Field Office concerning the illegal extrajudicial threats, color of law violations, and extortion tactics utilized by Defendants.

Plaintiff prepared the present action in direct response to these imminent, inflated $300,000.00 contract lawsuit threats to protect his family and livelihood from targeted, bad-faith legal retaliation.

**COUNT I(Declaratory Judgment - Wis. Stat. § 806.04 -**
Against Defendant Sheriff Brian S. Schmidt)

29. Plaintiff incorporates and re-alleges paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. An active, justiciable controversy exists between Plaintiff and Defendant Sheriff Brian S. Schmidt concerning the validity and enforceability of the July 25, 2024 Confidential Settlement Agreement.

31. The agreement is completely void, invalid, and unenforceable as a matter of law because Plaintiff's consent was obtained through extreme duress, extortionate extrajudicial threats against his spouse, and material

CONFIDENTIAL

fraudulent misrepresentations regarding key defense witnesses.

32. The agreement is further void as against public policy because its overriding intent and core consideration require the suppression of statutory open records transmissions, the obstruction of an active press investigation, and the concealment of evidence of official corruption, felonies, and **criminal behavior involving an elected public official acting under color of law.**

33. Furthermore, to the extent any valid contract was formed, Defendant Schmidt completely shattered the agreement by committing prior material breaches. By accidentally mailing confidential settlement files through unsealed, unsecured mail to an outdated address, and deliberately leaking the parameters and contents of the agreement to reporters at Wisconsin Watch, Defendant Schmidt destroyed the core consideration of the contract.

34. Under Wisconsin law, these prior material breaches completely frustrate the purpose of the agreement and legally excuse the Plaintiff from any subsequent performance or obligations under the contract. See Management Computer Services, Inc. v. Hawkins, Ash, Baptie & Co., 206 Wis. 2d 158, 557 N.W.2d 67 (1996).

35. Because Defendant Schmidt has instituted a dispute rooted in a material breach of Paragraph 2, Plaintiff is contractually entitled to, and will actively seek, an order compelling Defendant Schmidt to pay 100% of Plaintiff's actual reasonable fees, costs, and expenses incurred in bringing this action, pursuant to the mandatory fee-shifting provisions set forth in Paragraph 2, Paragraph 8, and Paragraph 17 of the Agreement (Exhibit A).

**COUNT II(Abuse of Process -**
Against Defendants Sheriff Brian S. Schmidt and Attorney Robert M. Mihelich)

36. Plaintiff incorporates and re-alleges paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. The tort of abuse of process under Wisconsin law requires an intentional perversion of a legal procedure to accomplish a collateral, improper purpose for which the process was not designed. See Schmit v. Klumpyan, 2003 WI

CONFIDENTIAL

Case 2026CV000109 Document 8 Scanned 08-12-2026 Page 10 of 83

App 107, 264 Wis. 2d 414, 663 N.W.2d 331.

**38. Defendants willfully perverted the legal machinery of the prior circuit court action by manufacturing unfiled Subpoenas Duces Tecum and issuing repeated, bad-faith deposition notices targeting Plaintiff's completely uninvolved spouse, Amy Brylski, who possessed zero relevant knowledge or connection to the dispute.**

39. These procedural tools were not deployed for any legitimate, authorized purpose within the regular conduct of a civil lawsuit.

40. Instead, Defendants utilized these extrajudicial tools for an improper, collateral, and extortionate motive: to overbear the will of an unrepresented litigant, inflict severe family trauma, force the execution of a manufactured public apology, and suppress physical evidence of official corruption.

41. Defendants have further perverted the legal process by threatening an imminent, inflated, and uncontracted $300,000.00 lawsuit as an offensive tool of intimidation to silence a pro se citizen from discussing matters of urgent public concern and to punish him for defensive legal expenditures.

42. As a direct and proximate result of Defendants' perversion of the legal process, Plaintiff has suffered devastating emotional distress, professional and reputational harm, and substantial economic damages.

**COUNT III(Intentional Infliction of Emotional Distress (IIED)** - Against Defendants Sheriff Brian S. Schmidt and Attorney Robert M. Mihelich)

43. Plaintiff incorporates and re-alleges paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44. The conduct of Defendants immediately preceding the execution of the July 25, 2024 agreement, and maliciously renewed and escalated during the phone call on July 23, 2026, was extreme, outrageous, and exceeded all bounds of human decency.

45. **Defendants targeted an unrepresented citizen by threatening an uninvolved spouse with harassing depositions, manufacturing false witness statements, concealing official files, exposing confidential data**

CONFIDENTIAL

Case 2026CV000109 Document 8 Scanned 08-12-2026 Page 11 of 83

**to the public mail stream, and issuing deceptive $300,000.00 threats built upon fabricated claims of third-party funding.**

46. This conduct completely bars Defendants from seeking equitable or contractual relief under the doctrine of unclean hands, as a court will deny relief to a litigant guilty of bad faith, fraud, or unconscionable conduct in the transaction at issue. See Security Pacific National Bank v. Ginkowski, 140 Wis. 2d 332, 410 N.W.2d 589 (Ct. App. 1987).

47. Defendants acted with intentional or reckless disregard for the absolute certainty of causing severe emotional distress, panic, and fear to Plaintiff and his family.

48. As a direct and proximate result of this targeted harassment, inversion of accountability, deception, and duress, Plaintiff suffered severe emotional distress, anxiety, acute physical stress, and substantial disruption to his personal and professional life.

**COUNT IV(First Amendment Retaliation under 42 U.S.C. § 1983 -** Against Defendant Sheriff Brian S. Schmidt)

49. Plaintiff incorporates and re-alleges paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50. At all times relevant, Defendant Schmidt acted under color of state law in his official capacity as the elected Sheriff of Price County, exercising the state-delegated authority, resources, and disciplinary control of his office.

51. Plaintiff engaged in constitutionally protected speech and activity under the First Amendment of the United States Constitution and Article I, Section 3 of the Wisconsin Constitution by filing statutory open records requests and maintaining transparency actions regarding the Sheriff's official internal discipline and employment files.

52. Defendant Schmidt, acting under color of law, issued explicit ultimatums and initiated a bad-faith campaign of personal, financial, and familial ruin specifically designed to punish, bankrupt, and silence Plaintiff for his protected First Amendment expressions and to completely prevent the public from discovering his history of official misconduct.

CONFIDENTIAL

53. Defendant Schmidt weaponized the power of his public office and the judicial system to extort a private citizen into abandoning statutory constitutional rights, attempting to force the publication of untruthful statements and completely prevent the public from discovering a decades-long history of official predation, criminal trials, on-duty sexual assaults, and the unlawful destruction of public records.

54. Defendant Schmidt's actions would deter a person of ordinary firmness from continuing to engage in constitutionally protected speech, petitioning, and transparency activities.

55. As a direct and proximate result of Defendant Schmidt's retaliatory conduct under color of law, Plaintiff has suffered a chilling effect on his constitutional rights, deep emotional trauma, and severe economic harm.

JURY DEMANDTHE PLAINTIFF HEREBY DEMANDS A TRIAL BY A JURY OF TWELVE (12) JURORS ON ALL ISSUES, COUNTS, AND CLAIMS SO TRIABLE IN THIS ACTION PURSUANT TO WIS. STAT. § 805.01(2) AND THE WISCONSIN CONSTITUTION, ARTICLE I, SECTION

5.**PRAYER FOR RELIEF WHEREFORE**, the Plaintiff, John J. Brylski, respectfully requests that this Court enter judgment in his favor and against Defendants Price County Sheriff Brian S. Schmidt and Attorney Robert M. Mihelich, as follows:

1. On Count I, entering a Declaratory Judgment declaring the July 25, 2024 Confidential Settlement Agreement and the accompanying "Exhibit 1-A" apology statement completely null, void, and legally unenforceable due to duress, fraud, public policy violations, and Defendant's own prior material breaches;

2. Ordering Defendant Schmidt to pay 100% of Plaintiff's actual reasonable attorney's fees, costs, and expenses pursuant to the contract's mandatory fee-shifting provisions;

3. On Counts II, III, and IV, awarding Plaintiff full compensatory, consequential, and special damages against Defendants, jointly and

CONFIDENTIAL

severally, in an amount to be determined at trial;

4. Awarding Plaintiff punitive and exemplary damages against Defendant Sheriff Brian S. Schmidt in his individual capacity and Defendant Attorney Robert M. Mihelich personally for conduct that was malicious, oppressive, and executed in reckless disregard of Plaintiff's civil rights and liberties;

5. Awarding Plaintiff his statutory costs, fees, disbursements, and any such other or further relief as this Court deems just, proper, and equitable under the circumstances.

CONFIDENTIAL

Dated this 10th day of August, 2026.Respectfully submitted,
John J. Brylski, Plaintiff Pro SeW2275 State Hwy 22Gillette, WI 54124STATE OF WISCONSIN : CIRCUIT COURT : PRICE COUNTY
JOHN J. BRYLSKI,Plaintiff,v.
VERIFICATION
Case No: _____________PRICE COUNTY Sheriff BRIAN S. SCHMIDT, et al., Defendants. STATE OF WISCONSIN )) ss. COUNTY OF Price County WI________)

I, John J. Brylski, being first duly sworn on oath, state that I am the Plaintiff in the above-captioned matter; that I have read the foregoing Civil Complaint and know the contents thereof; and that the statements, factual timelines, and allegations contained therein are true and correct to the best of my own personal knowledge, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true.
John J. Brylski

Subscribed and sworn to before me this _____ day of ____________, 2026.Notary Public, State of Wisconsin My Commission Expires:

____________

PLAINTIFF'S MASTER EXHIBIT INDEX Exhibit Designation Document / Evidence Description Legal Relevance / Section Reference

EXHIBIT A July 25, 2024 Confidential Settlement and Release Agreement The underlying contract at issue; establishes confidentiality mandates and

fee-shifting terms.

EXHIBIT 1-A Scripted Public Retraction and Apology Statement Forced statement under contract terms; subject of duress, fraudulent inducement, and public policy claims.

EXHIBIT 2 Written Discovery Correspondence (July 22, 2024 at 9:24 PM)Establishes formal notice to Sheriff's counsel regarding defense witness statement disclosure.

EXHIBIT 3 Email from Defendant's Counsel (July 23, 2024)Contains explicit threats of unfiled Subpoena Duces Tecum, spousal deposition, and file dissemination.

EXHIBIT 4 Contemporaneous Email Rejecting Point #7 (July 24, 2024)Written rejection of forced statements; demonstrates a lack of voluntary mutual assent.

EXHIBIT 5 Prior Settlement Communication Draft Demands Demonstrates the coercive progression of terms and less apologetic initial text demands.

EXHIBIT 6 Letter from Defendant's Counsel (July 10, 2026)The "Second Notice of Breach" letter detailing explicit intent to disclose terms to Wisconsin Watch.

EXHIBIT 7 Court Order of Dismissal with Prejudice (Case No. 2022CV000059)Certified copy of the July 26, 2024 final judgment on the merits; establishes the baseline closing timeline.

EXHIBIT 8 Unsealed Envelope, June 29, 2026 Correspondence, and Email Notice Physical letter received July 24, 2026, via unsealed/tampered mail and June 29 email notice; proves prior material breach.

EXHIBIT 9 Transcript of Facebook Messenger Communications with Lisa Talley Decker Corroborative written evidence of historical 1990–1993 on-duty minor assault allegations.

EXHIBIT 10 Price County Sheriff Department Voluntary Statement Form Filed complaint dated February 29, 2000 (Andrea Palas); supports official

CONFIDENTIAL

Case 2026CV000108 Document 8 Scanned 08-12-2026 Page 15 of 83

record destruction claims.

EXHIBIT 11 Transcript of Facebook Messenger Communications with Jane Doe E (Suzy)Corroborative written evidence of historical 1997 grooming and squad car backseat detention claims.

EXHIBIT 12 PHYSICAL MEDIA (USB FLASH DRIVE): Video-Recorded Statement Original voluntary video statement provided by Tammy Hastings detailing on-duty exploitation.

EXHIBIT 13 Written Statement of Jane Doe D (Patricia Litvinoff / Bleck)Corroborative written evidence of historical 1990 on-duty stalking and squad car harassment claims.

EXHIBIT 14 Written Verbatim Transcription of Tammy Hastings Video Statement Corroborative written text of historical 1990–1991 on-duty exploitation and custody claims.

EXHIBIT 15 Andrea Palas's Formal, Signed, and Notarized Answers Sworn responses to written deposition questions under Wis. Stat. § 804.06, dated June 27, 2024, detailing traffic stop.

CONFIDENTIAL

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Case 2026CV000108 Document 9 Filed 08-13-2026 Page 1 of 2

**STATE OF WISCONSIN CIRCUIT COURT PRICE COUNTY**

John J Brylski vs. Brian Schmidt et al

**Electronic Notice Status Change**

Case No: 2026CV000108

JOHN J BRYLSKI
W2275 STATE HWY 22
GILLETT WI 54124

For 2026CV000108, the electronic notice preference for Bryce Alan Schoenborn, Wisconsin attorney for Brian Schmidt, has changed.

Bryce Alan Schoenborn has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 715-339-2353.

Price County Circuit Court
Date: August 13, 2026

CONFIDENTIAL


**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN** **CIRCUIT COURT** **PRICE COUNTY**

John J Brylski vs. Brian Schmidt et al

**Electronic Notice Status Change**

Case No: 2026CV000108

ROBERT M MIHELICH
2665 S MOORLAND RD #200
NEW BERLIN WI 53151

For 2026CV000108, the electronic notice preference for Bryce Alan Schoenborn, Wisconsin attorney for Brian Schmidt, has changed.

Bryce Alan Schoenborn has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 715-339-2353.

Price County Circuit Court
Date: August 13, 2026

CONFIDENTIAL


**This form shall not be modified. It may be supplemented with additional material.**

FILED
08-13-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

STATE OF WISCONSIN CIRCUIT COURT PRICE COUNTY

JOHN J. BRYLSKI,

Plaintiff,

vs.

BRIAN SCHMIDT,

and

ROBERT M. MIHELICH,

Defendants.

**NOTICE OF LIMITED APPEARANCE**

Case No. 26-CV-108

**PLEASE TAKE NOTICE** that Slaby Deda, LLP, by Attorney Bryce A. Schoenborn, Price County Corporation Counsel, hereby enters a special appearance without waiving any challenges pertaining to jurisdiction on behalf of Brian Schmidt in his professional capacity in the above-entitled action and demand that copies of all pleadings and notice of all proceedings be served upon us at Slaby Deda, LLP, P.O. Box 7, Phillips, Wisconsin 54555. This limited notice of appearance is for the purpose of filing a motion and proposed order to seal certain filings in this matter. Upon completion of the services of this limited representation and upon appointment of further defense counsel, I will file and serve a notice of Termination of Limited Appearance upon the parties.

Dated this 13th day of August, 2026.

Bryce A. Schoenborn
State Bar No. 1088153

Post Office Address of
Defendant's Attorney:
SLABY DEDA, LLP
Attn: Attorney Bryce A. Schoenborn
P.O. Box 7
Phillips, WI 54555
Telephone: 715-339-2196
Price County, Wisconsin

CONFIDENTIAL

FILED
08-13-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

Enter the name of the county in which this case is filed.

STATE OF WISCONSIN, CIRCUIT COURT, PRICE COUNTY

Enter the Petitioner/Plaintiff's full name.

**Petitioner/Plaintiff:**

JOHN J BRYLSKI
First name Middle name Last name

Enter the Respondent/ Defendant's full name.

**Respondent/Defendant:**

BRIAN SCHMIDT
First name Middle name Last name

Enter the case number.

This form is used for all case types. Some information may not apply to your case.

# Motion to Seal or Redact a Court Record

Case No. 26-CV-108

In #1, enter the name and date of the documents that you wish to have sealed.

Use GF-242A to request redaction of Social Security, driver license, financial accounts, and other protected numbers to the court.

☒ 1. I request that the following document(s) be **sealed**:

| Name of Document | Date of Filing |
|---|---|
| Exhibits A, 1-15 | 08/12/2026 |
| | |
| | |
| | |

Some documents are confidential by law and do not require a motion to seal. See GF-244 for information about these documents.

In #2, describe the type of info you wish to have redacted. For example, "Petitioner's home address", date of the documents and exact location of the information. Note every place where the information appears. The court is not responsible for finding the information in other places. **Do NOT put the actual information to be redacted on this form.** Use form GF-245 to provide the information to the court.

☐ 2. I request that the following type of information be **redacted** from the court record:

| | Location in the Court Record | |
|---|---|---|
| Type of Information to be **Redacted** | Date of Proceeding | Page and Line Number |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

3. I am filing form GF-245 to provide the sealed or redacted information to the court.

In #4, if the court needs to consider certain facts to decide this motion, you should include a sworn affidavit setting out the information. Most circuit court records are open to the public. The court will not seal or redact records without a legal basis for the decision. You must cite statutes and case law that support your request.

4. I am making this request based on the following law and facts:

The Plaintiff filed this suit and included documents from a prior lawsuit, Price County Case No. 22-CV-59, including the Confidential Settlement and Release Agreement ("Settlement Agreement"). The Plaintiff filed a motion to seal that document, but did not file a motion to seal the other exhibits filed in this matter. The Plaintiff asserted, and Defendant Brian Schmidt agrees, that sufficient grounds exist under Wisconsin common law to restrict public access to that document, as well as the exhibits attached to the Complaint.

The Settlement Agreement sought to be sealed by Plaintiff's motion contained a non-disparagement clause in Paragraph 5 as a "material term." Publication of the exhibits would be a clear violation of that agreement.

The Settlement Agreement sought to be sealed by Plaintiff's motion also contained a clause that prohibited the Plaintiff from further publication of videos, statements, writings or recordings of certain third parties regarding or relating to any allegations against Brian Schmidt. Publication of the exhibits would be a violation of that clause of the agreement. The Settlement Agreement further indicates that the parties are entitled to seek injunctive relief in the event of a breach.

The exhibits contain highly personal and sensitive information. Application of the balancing test compels sealing the exhibits, as the damage from their release cannot later be remedied by the Court.

Further, Defendant Brian Schmidt requests that these materials be temporarily sealed pending a full hearing on the request should the request not be granted without a hearing.

CONFIDENTIAL

| | |
|---|---|
| In #5, if you are not a party or the attorney for a party, describe your relationship to this case. | ☐ 5. I am not an attorney or a party to this case. I am interested because: ______________________ |
| Sign and print your name and date the document. | |

▶/s/ Bryce A. Schoenborn
Signature

Bryce A. Schoenborn, 1088153
Print or Type Name

Corporation Counsel
Relationship to Case

August 13, 2026
Date

DISTRIBUTION:
1. Court
2. Parties
3. Petitioner, if not a party

CONFIDENTIAL

FILED
08-13-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

| | |
|---|---|
| Enter the name of the county in which this case is filed. | **STATE OF WISCONSIN, CIRCUIT COURT, PRICE COUNTY** |
| Enter the Petitioner/ Plaintiff's full name. | **Petitioner/Plaintiff**: JOHN (First name) J. (Middle name) BRYLSKI (Last name) |
| Enter the Respondent/ Defendant's full name. | **Respondent/Defendant**: BRIAN (First name) (Middle name) SCHMIDT (Last name) |
| Enter the case number. | Case No. 26-CV-108 |

# Order on Motion To Seal or Redact a Court Record

CONFIDENTIAL

A motion to seal or redact a court record or transcript has been filed with the court.

**THE COURT ORDERS:**

The motion to

☒ 1. **seal** the requested information is granted for the reasons set forth in this motion. The clerk shall seal the following documents:
Exhibit A and Exhibits 1-15 to the Complaint

Access to view document(s):
☒ Petitioner/Plaintiff ☒ Respondent/Defendant ☐ Social Worker ☐ Guardian
☐ Attorney ☐ Guardian ad Litem ☐ Probation
☐ Other: ______

☐ 2. **redact** the requested information is granted for the reasons set forth in this motion. The clerk shall redact the following information:

Access to view document(s):
☐ Petitioner/Plaintiff ☐ Respondent/Defendant ☐ Social Worker ☐ Guardian
☐ Attorney ☐ Guardian ad Litem ☐ Probation
☐ Other: ______

☐ The clerk shall perform the redaction as identified in this motion for previously filed documents.
☐ The parties shall omit or redact this information from all documents subsequently filed.

☐ 3. seal or redact is denied because
☐ A. the request lacks a sufficient legal basis.
☐ B. the requester has not made a sufficient factual showing.
☐ C. Other: ______

☐ 4. Other: ______

DISTRIBUTION:
1. Court
2. Parties
3. Petitioner, if not a party

FILED
08-13-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

**DATE SIGNED: August 13, 2026**

Electronically signed by Mark T Fuhr
Circuit Court Judge

CONFIDENTIAL

| STATE OF WISCONSIN | CIRCUIT COURT | PRICE COUNTY |
|---|---|---|

John J Brylski vs. Brian Schmidt et al

Case No. 2026CV000108

## Application and Order for Specific Judicial Assignment

### Case Information

| Current Court Official | Code | Branch No. | District No. |
|---|---|---|---|
| Mark T Fuhr | 3258 | 1 | 9 |
| **Date Case Filed** | **Case Type** | **Class Code and Description** | |
| 08-12-2026 | Civil | 30106 - Intentional Tort | |

### Case Status Information

| Last Activity in Case | Date |
|---|---|
| | |
| Next Scheduled (or to be scheduled) Activity in Case<br>Review | Date<br>11-10-2026 |

☐ Jury Trial ☐ Bench Trial ☐ Post-Judgment Case

Additional information that will be helpful to the Chief Judge and the Judge to be assigned (e.g., time limits waived or **not** waived, defendant in custody, speedy trial demand, prior judicial substitutions or disqualifications, other attorneys, etc.):

### Attorney/Party Information

John J Brylski
Plaintiff
W2275 State Hwy 22
Gillett WI 54124 United States

Bryce Alan Schoenborn
Attorney for Defendant
PO Box 7, 215 North Lake Avenue
Phillips WI 54555
715-339-2196

Robert M Mihelich
Defendant
2665 S Moorland Rd #200
New Berlin WI 53151 United States

Other Attorney(s) (and role: e.g., GAL, Adversary Counsel, etc.):

### Reason for Assignment Application

Reason
Disqualification per Statute 757.19: 757.19 (2)(g)

Case 2026CV000108 Document 13 Filed 08-13-2026 Page 2 of 2

| Current Court Official Approval | Application Order and Order of Assignment |
|---|---|
| Application Prepared by:<br>Alexis Kertzman | ☐ **It is Ordered** the judge named below is assigned this case.<br>☐ This assignment is denied. |
| ☒ Approved<br>☐ Denied<br>Explain: | By:<br><br>____________________<br>Chief Judge/Deputy Chief Judge/DCA/Director/Chief Justice<br><br>____________________<br>Date |
| | Name of Judge Assigned: |

| DISTRIBUTION: | Address | Service Type |
|---|---|---|
| Court | | |

CONFIDENTIAL

Case 2026CV000108 Document 14 Filed 08-17-2026 Page 1 of 1

FILED
08-17-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

STATE OF WISCONSIN CIRCUIT COURT: PRICE COUNTY

JOHN J. BRYLSKI, Plaintiff,

v.

Defendants
PRICE COUNTY SHERIFF BRIAN S. SCHMIDT, In his official and individual capacity, and ATTORNEY ROBERT M. MIHELICH, In his individual capacity

---

SUMMONS(Case Code: 30101 - Intentional Tort)

---

Case No. 26-CV-108 Hon. __________________THE STATE OF WISCONSIN, To each person named above as a Defendant:

TO: PRICE COUNTY SHERIFF BRIAN S. SCHMIDT164 Cherry St, Phillips, WI 54555Mailing Address: PO Box B, Phillips, WI 54555

TO: ATTORNEY ROBERT M. MIHELICH Law Offices of Robert M. Mihelich2665 S Moorland Rd #200, New Berlin, WI 53151

You are notified that a lawsuit has been filed against you. The attached Complaint details the action. You must serve a written answer on the Plaintiff and file it with the Price County Clerk of Court within 45 days if you are a county official (Defendant Schmidt), or 20 days if you are sued individually (Defendant Mihelich), pursuant to Wisconsin law. Failure to do so may result in a judgment against you.

Clerk of Circuit Court, Price County126 Cherry St, Phillips, WI 54555 John J. Brylski, Plaintiff Pro Se W2275 State Hwy 22, Gillette, WI 54124Dated: August 11, 2026. John J. Brylski, Plaintiff Pro Se

CONFIDENTIAL

FILED
08-17-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

STATE OF WISCONSIN : CIRCUIT COURT : PRICE COUNTY

JOHN J. BRYLSKI, Plaintiff,

v.

COMPLAINT Case No: 26-CV-108 PRICE COUNTY SHERIFF BRIAN S. SCHMIDT, Hon. __________________In his official and individual capacity, and

ATTORNEY ROBERT M. MIHELICH, Classification Code: 30106 In his individual capacity, (Intentional Tort) Defendants.

Sheriff Schmidt :164 Cherry St, Phillips, WI 54555 Mailing Address: PO Box B, Phillips, WI 54555

Law Offices of Robert M. Mihelich Physical Address: 2665 S Moorland Rd #200, New Berlin, WI 53151

NOW COMES the Plaintiff, John J. Brylski, appearing Pro Se, and as and for his Civil Complaint against Defendants Price County Sheriff Brian S. Schmidt and Attorney Robert M. Mihelich,

respectfully alleges and states to the Court as follows:

JURISDICTION AND VENUE

1. Plaintiff John J. Brylski is an adult resident of the State of Wisconsin, residing at W2275 State Hwy 22, Gillette, WI 54124. Previously residing in Price County

2. Defendant Brian S. Schmidt is an individual residing in the State of Wisconsin, serving as the elected Sheriff of Price County, with an official address of 164 Cherry St, Phillips, WI 54555. His personal address is 400 Birch St, Prentice, WI 54556

Defendant Schmidt is sued in both his official capacity as an agent of Price County and in his individual capacity.

3. Defendant Robert M. Mihelich is an attorney licensed to practice law in the State of Wisconsin, with a principal place of business located at 2665 S. Moorland Rd, Suite 200, New Berlin, WI 53151. Defendant Mihelich is sued in his individual capacity.

4. Venue and jurisdiction are proper in the Circuit Court of Price County pursuant to Wis. Stat. § 801.50 because the underlying transaction, prior litigation, execution of the disputed agreement, and systemic official actions occurred within Price County.

FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

CONFIDENTIAL

5. Defendant Schmidt previously initiated an intentional tort/libel action against Plaintiff in the State of Wisconsin Circuit Court for Price County, Case No. 2022CV000059 (Brian S. Schmidt v. John Brylski).

6. That action—which arose out of alleged social media commentary regarding Sheriff Schmidt—was officially dismissed with prejudice by court order on July 26, 2024 (Exhibit 7). Under well-established Wisconsin law, a dismissal with prejudice operates as a final judgment on the merits.

7. Prior to dismissal, Defendants Schmidt and Mihelich extracted Plaintiff's signature on a Confidential Settlement and Release Agreement on July 25, 2024 (Exhibit A), which included a forced scripted public apology ("Exhibit 1-A").

8. Pursuant to Page 1, Paragraph 2 of the July 25, 2024 Confidential Settlement and Release Agreement (the "Agreement"), the parties explicitly agreed that the existence, terms, or contents of the Agreement must be kept strictly confidential.

9. Paragraph 2 explicitly designates this confidentiality mandate as a "material term," strictly prohibiting disclosure to any third party and stipulating that any unauthorized disclosure constitutes an automatic, contractually defined material breach. Plaintiff's signature on the July 25, 2024 agreement was obtained under extreme duress, situational coercion, material fraud, and deceptive out-of-court maneuvers orchestrated by Defendant Mihelich and Defendant Schmidt.

10. On July 22, 2024, at 9:24 PM, Plaintiff explicitly informed Defendants via written discovery correspondence (Exhibit 2) that a critical defense witness, Tammy Hastings, had voluntarily come forward with a video statement detailing official misconduct.

11. To protect the well-being of the individuals involved and to allow his wife, Amy, to "relax" free from the stress of litigation (Exhibit 2), Plaintiff proactively attempted to minimize harm to all involved families and suggested that Sheriff Schmidt address his actions honorably by apologizing to the actual victims.

12. Plaintiff explicitly stated in his July 22 correspondence that Schmidt owed an apology to Tammy Hastings (Exhibit 12, Exhibit 14), Lisa Talley Decker (Exhibit 9), Jane Doe D (Exhibit 13), Andrea Palas (Exhibit 10, Exhibit 15), and his own daughter.

13. In direct response, on July 23, 2024, via email (Exhibit 3), Defendant Mihelich completely bypassed proper legal discovery channels to explicitly threaten to depose Plaintiff's completely uninvolved spouse, Amy Brylski, for the sole, bad-faith purpose of family harassment.

14. Concurrently, Defendants completed and transmitted an unfiled Subpoena Duces Tecum (Exhibit 3) and threatened the immediate public dissemination of Plaintiff's entire private

CONFIDENTIAL

employment file across social media platforms to inflict catastrophic personal and professional ruin.

15. Furthermore, on July 23, 2024, Defendant Mihelich flatly stated as fact that he had personally spoken to defense witness Tammy Hastings and that she "readily informed me (Mihelich) that she had a consensual relationship with my client" and would testify to such under oath, forcing her to repudiate her recorded statements.

16. Upon information and belief, this material representation of fact was completely false, manufactured, and made with the knowledge of its falsity to trick Plaintiff into believing his defense evidence was compromised.

17. On July 24, 2024, Plaintiff explicitly rejected the veracity of Point #7 of the settlement draft via email (Exhibit 4), supported by prior communication draft demands showing a progression of coercive terms (Exhibit 5), stating it required "more discussion" and that signing it would force him to say something he "really didn't believe in" because physical evidence proved his prior commentary was factual.

18. Bypassing further discussion, Defendants weaponized these extrajudicial threats of family ruin to force Plaintiff to sign a scripted statement declaring that Sheriff Schmidt “conducted himself honorably” and that prior statements were “not completely true.”

19. This forced statement stood in direct, manufactured contradiction to the actual physical evidence Plaintiff possessed, including Tammy Hastings's verbatim written transcription of her recorded video statement (Exhibit 14) and Andrea Palas's signed, formal Notice of Written Interrogatories and notarized answers detailing official misconduct (Exhibit 15).

20. The underlying July 25, 2024 Confidential Settlement Agreement is fundamentally hostile to the public interest, as Defendants explicitly conditioned the dismissal of a civil lawsuit upon the forced withdrawal of a statutory open records request regarding the Sheriff's official internal discipline files and the suppression of audio/video recordings detailing official assault allegations.

21. Specifically, the agreement sought to hide a shocking history of official misconduct spanning decades, which includes:A. Systemic Sexual Assault of a Minor (1990–1993): Wherein Defendant Schmidt, while acting as a Price County Deputy, leveraged his badge to repeatedly sexually assault a vulnerable minor victim, Lisa Talley Decker, beginning when she was fifteen (15) years of age (Exhibit 9).B. On-Duty Exploitation and Underage Custody (Approx. 1990–1991): Wherein Defendant Schmidt engaged in on-duty sexual relations with a nineteen (19) year old citizen, Tammy Hastings, in his official squad car, resulting in a pregnancy and subsequent birth of a child (Exhibit 12, Exhibit 14).C. Unlawful Traffic Stop and Record Destruction (Jan. 29, 2000): Wherein Defendant Schmidt initiated an arbitrary traffic stop on an eighteen (18) year old citizen, Andrea Palas, subjecting her to inappropriate interrogations and invasive searches (Exhibit 10, Exhibit 15). Upon information and belief, this official public record

CONFIDENTIAL

was subsequently, unlawfully destroyed or deleted from department files to falsely assert that zero career complaints existed against him. D. On-Duty Stalking and Harassment (Approx. 1990): Wherein Defendant Schmidt repeatedly engaged in the on-duty stalking of Jane Doe D, following her from her place of employment in his squad car (Exhibit 13).E. Classroom Grooming and Backseat Detention (Approx. 1997): Wherein Defendant Schmidt utilized his status as a DARE instructor to groom a fourteen (14) year old minor, Suzy Petersen, trapping her inside his official police vehicle and subjecting her to inappropriate physical touching, resulting in an independent private investigation and criminal trial (Exhibit 11).

22. On or about July 10, 2026, Defendant Mihelich issued a "Second Notice of Breach" letter (Exhibit 6) explicitly detailing an active intent to provide independent media outlet Wisconsin Watch and reporter Matthew DeFour with the relevant terms and existence of the agreement.

23. This intent to leak was actively executed and confirmed by Defendant Mihelich during a direct telephone conversation with Plaintiff on July 14, 2026, at 4:26 PM (originating from phone number 414-617-1356), during which Defendant Mihelich explicitly admitted that he was actively disclosing the parameters, existence, and contents of this confidential agreement to investigative journalists.

24. Prior to this, Defendant Mihelich issued a written email notice of breach alongside an uncertified letter dated June 29, 2026, demanding a formal settlement payment of $25,000.00, which Plaintiff received via email on July 14, 2026, at 6:05 PM (Exhibit 8).

25. Defendant Mihelich committed a further, overt breach of the contract's confidentiality provision by accidentally mailing that heavily confidential, uncertified June 29, 2026 letter to Plaintiff's old physical address. This letter arrived in Plaintiff's possession on July 24, 2026, at 2:00 PM in an unsealed envelope that appeared visibly tampered with and opened, exposing the private existence and terms of this confidential settlement to postal workers and the public stream of mail by mistake (Exhibit 8).

26. Following the disclosure of their own contractual breaches, Defendants engaged in aggressive, bad-faith escalation maneuvers. On July 23, 2026, at 8:59 PM, Defendant Mihelich placed a telephone call to the unrepresented Plaintiff (from phone number 414-617-1356), during which he completely abandoned the initial written parameters and explicitly threatened an inflated, uncontracted $300,000.00 lawsuit alongside a campaign to depose Plaintiff's spouse purely for the purpose of familial harassment.

27. Defendant Mihelich further intentionally misrepresented material facts during said call by stating that third parties—specifically Tammy Hastings and Lisa Talley—were funding the legal fees for Plaintiff's actions. This statement was a deliberate misrepresentation under Wisconsin SCR 20:4.1, calculated to provoke, harass, and induce severe emotional distress, panic, and fear in an unrepresented litigant.

CONFIDENTIAL

27A. On August 5, 2026, Plaintiff formally filed a professional grievance and lawyer complaint against Defendant Mihelich with the State of Wisconsin Office of Lawyer Regulation (OLR), and concurrently submitted an official misconduct and public corruption report to the State of Wisconsin Department of Justice (WI DOJ) detailing the systemic bad-faith actions and threats perpetrated by Defendants.

27B On August 10, 2026, Plaintiff submitted a formal official misconduct and civil rights deprivation complaint to the Federal Bureau of Investigation (FBI) Milwaukee Field Office concerning the illegal extrajudicial threats, color of law violations, and extortion tactics utilized by Defendants.

Plaintiff prepared the present action in direct response to these imminent, inflated $300,000.00 contract lawsuit threats to protect his family and livelihood from targeted, bad-faith legal retaliation.

COUNT I(Declaratory Judgment - Wis. Stat. § 806.04 -
Against Defendant Sheriff Brian S. Schmidt)

29. Plaintiff incorporates and re-alleges paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. An active, justiciable controversy exists between Plaintiff and Defendant Sheriff Brian S. Schmidt concerning the validity and enforceability of the July 25, 2024 Confidential Settlement Agreement.

31. The agreement is completely void, invalid, and unenforceable as a matter of law because Plaintiff's consent was obtained through extreme duress, extortionate extrajudicial threats against his spouse, and material fraudulent misrepresentations regarding key defense witnesses.

32. The agreement is further void as against public policy because its overriding intent and core consideration require the suppression of statutory open records transmissions, the obstruction of an active press investigation, and the concealment of evidence of official corruption, felonies, and criminal behavior involving an elected public official acting under color of law.

33. Furthermore, to the extent any valid contract was formed, Defendant Schmidt completely shattered the agreement by committing prior material breaches. By accidentally mailing confidential settlement files through unsealed, unsecured mail to an outdated address, and deliberately leaking the parameters and contents of the agreement to reporters at Wisconsin Watch, Defendant Schmidt destroyed the core consideration of the contract.

CONFIDENTIAL

34. Under Wisconsin law, these prior material breaches completely frustrate the purpose of the agreement and legally excuse the Plaintiff from any subsequent performance or obligations under the contract. See Management Computer Services, Inc. v. Hawkins, Ash, Baptie & Co., 206 Wis. 2d 158, 557 N.W.2d 67 (1996).

35. Because Defendant Schmidt has instituted a dispute rooted in a material breach of Paragraph 2, Plaintiff is contractually entitled to, and will actively seek, an order compelling Defendant Schmidt to pay 100% of Plaintiff's actual reasonable fees, costs, and expenses incurred in bringing this action, pursuant to the mandatory fee-shifting provisions set forth in Paragraph 2, Paragraph 8, and Paragraph 17 of the Agreement (Exhibit A).

COUNT II(Abuse of Process -
Against Defendants Sheriff Brian S. Schmidt and Attorney Robert M. Mihelich)

36. Plaintiff incorporates and re-alleges paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. The tort of abuse of process under Wisconsin law requires an intentional perversion of a legal procedure to accomplish a collateral, improper purpose for which the process was not designed. See Schmit v. Klumpyan, 2003 WI App 107, 264 Wis. 2d 414, 663 N.W.2d 331.

38. Defendants willfully perverted the legal machinery of the prior circuit court action by manufacturing unfiled Subpoenas Duces Tecum and issuing repeated, bad-faith deposition notices targeting Plaintiff's completely uninvolved spouse, Amy Brylski, who possessed zero relevant knowledge or connection to the dispute.

39. These procedural tools were not deployed for any legitimate, authorized purpose within the regular conduct of a civil lawsuit.

40. Instead, Defendants utilized these extrajudicial tools for an improper, collateral, and extortionate motive: to overbear the will of an unrepresented litigant, inflict severe family trauma, force the execution of a manufactured public apology, and suppress physical evidence of official corruption.

41. Defendants have further perverted the legal process by threatening an imminent, inflated, and uncontracted $300,000.00 lawsuit as an offensive tool of intimidation to silence a pro se citizen from discussing matters of urgent public concern and to punish him for defensive legal expenditures.

42. As a direct and proximate result of Defendants' perversion of the legal process, Plaintiff has suffered devastating emotional distress, professional and reputational harm, and substantial economic damages.

CONFIDENTIAL

COUNT III(Intentional Infliction of Emotional Distress (IIED) - Against Defendants Sheriff Brian S. Schmidt and Attorney Robert M. Mihelich)

43. Plaintiff incorporates and re-alleges paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44. The conduct of Defendants immediately preceding the execution of the July 25, 2024 agreement, and maliciously renewed and escalated during the phone call on July 23, 2026, was extreme, outrageous, and exceeded all bounds of human decency.

45. Defendants targeted an unrepresented citizen by threatening an uninvolved spouse with harassing depositions, manufacturing false witness statements, concealing official files, exposing confidential data to the public mail stream, and issuing deceptive $300,000.00 threats built upon fabricated claims of third-party funding.

46. This conduct completely bars Defendants from seeking equitable or contractual relief under the doctrine of unclean hands, as a court will deny relief to a litigant guilty of bad faith, fraud, or unconscionable conduct in the transaction at issue. See Security Pacific National Bank v. Ginkowski, 140 Wis. 2d 332, 410 N.W.2d 589 (Ct. App. 1987).

47. Defendants acted with intentional or reckless disregard for the absolute certainty of causing severe emotional distress, panic, and fear to Plaintiff and his family.

48. As a direct and proximate result of this targeted harassment, inversion of accountability, deception, and duress, Plaintiff suffered severe emotional distress, anxiety, acute physical stress, and substantial disruption to his personal and professional life.

COUNT IV(First Amendment Retaliation under 42 U.S.C. § 1983 - Against Defendant Sheriff Brian S. Schmidt)

49. Plaintiff incorporates and re-alleges paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50. At all times relevant, Defendant Schmidt acted under color of state law in his official capacity as the elected Sheriff of Price County, exercising the state-delegated authority, resources, and disciplinary control of his office.

51. Plaintiff engaged in constitutionally protected speech and activity under the First Amendment of the United States Constitution and Article I, Section 3 of the Wisconsin Constitution by filing statutory open records requests and maintaining transparency actions regarding the Sheriff's official internal discipline and employment files.

52. Defendant Schmidt, acting under color of law, issued explicit ultimatums and initiated a bad-faith campaign of personal, financial, and familial ruin specifically designed to punish,

CONFIDENTIAL

bankrupt, and silence Plaintiff for his protected First Amendment expressions and to completely prevent the public from discovering his history of official misconduct.

53. Defendant Schmidt weaponized the power of his public office and the judicial system to extort a private citizen into abandoning statutory constitutional rights, attempting to force the publication of untruthful statements and completely prevent the public from discovering a decades-long history of official predation, criminal trials, on-duty sexual assaults, and the unlawful destruction of public records.

54. Defendant Schmidt's actions would deter a person of ordinary firmness from continuing to engage in constitutionally protected speech, petitioning, and transparency activities.

55. As a direct and proximate result of Defendant Schmidt's retaliatory conduct under color of law, Plaintiff has suffered a chilling effect on his constitutional rights, deep emotional trauma, and severe economic harm.

JURY DEMANDTHE PLAINTIFF HEREBY DEMANDS A TRIAL BY A JURY OF TWELVE (12) JURORS ON ALL ISSUES, COUNTS, AND CLAIMS SO TRIABLE IN THIS ACTION PURSUANT TO WIS. STAT. § 805.01(2) AND THE WISCONSIN CONSTITUTION, ARTICLE I, SECTION

5.PRAYER FOR RELIEF WHEREFORE, the Plaintiff, John J. Brylski, respectfully requests that this Court enter judgment in his favor and against Defendants Price County Sheriff Brian S. Schmidt and Attorney Robert M. Mihelich, as follows:

1. On Count I, entering a Declaratory Judgment declaring the July 25, 2024 Confidential Settlement Agreement and the accompanying "Exhibit 1-A" apology statement completely null, void, and legally unenforceable due to duress, fraud, public policy violations, and Defendant's own prior material breaches;

2. Ordering Defendant Schmidt to pay 100% of Plaintiff's actual reasonable attorney's fees, costs, and expenses pursuant to the contract's mandatory fee-shifting provisions;

3. On Counts II, III, and IV, awarding Plaintiff full compensatory, consequential, and special damages against Defendants, jointly and severally, in an amount to be determined at trial;

4. Awarding Plaintiff punitive and exemplary damages against Defendant Sheriff Brian S. Schmidt in his individual capacity and Defendant Attorney Robert M. Mihelich personally for conduct that was malicious, oppressive, and executed in reckless disregard of Plaintiff's civil rights and liberties;

5. Awarding Plaintiff his statutory costs, fees, disbursements, and any such other or further relief as this Court deems just, proper, and equitable under the circumstances.

CONFIDENTIAL

Dated this 10th day of August, 2026.Respectfully submitted,
John J. Brylski, Plaintiff Pro SeW2275 State Hwy 22Gillette, WI 54124STATE OF WISCONSIN : CIRCUIT COURT : PRICE COUNTY JOHN J. BRYLSKI,Plaintiff,v.
VERIFICATION
Case No: ______________PRICE COUNTY Sheriff BRIAN S. SCHMIDT, et al., Defendants. STATE OF WISCONSIN )) ss. COUNTY OF Price County WI________ )

I, John J. Brylski, being first duly sworn on oath, state that I am the Plaintiff in the above-captioned matter; that I have read the foregoing Civil Complaint and know the contents thereof; and that the statements, factual timelines, and allegations contained therein are true and correct to the best of my own personal knowledge, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true. John J. Brylski

Subscribed and sworn to before me this _____ day of ____________, 2026.Notary Public, State of Wisconsin My Commission Expires: ____________

PLAINTIFF'S MASTER EXHIBIT INDEX Exhibit Designation Document / Evidence Description Legal Relevance / Section Reference

EXHIBIT A July 25, 2024 Confidential Settlement and Release Agreement The underlying contract at issue; establishes confidentiality mandates and fee-shifting terms.

EXHIBIT 1-A Scripted Public Retraction and Apology Statement Forced statement under contract terms; subject of duress, fraudulent inducement, and public policy claims.

EXHIBIT 2 Written Discovery Correspondence (July 22, 2024 at 9:24 PM)Establishes formal notice to Sheriff's counsel regarding defense witness statement disclosure.

EXHIBIT 3 Email from Defendant’s Counsel (July 23, 2024)Contains explicit threats of unfiled Subpoena Duces Tecum, spousal deposition, and file dissemination.

EXHIBIT 4 Contemporaneous Email Rejecting Point #7 (July 24, 2024)Written rejection of forced statements; demonstrates a lack of voluntary mutual assent.

EXHIBIT 5 Prior Settlement Communication Draft Demands Demonstrates the coercive progression of terms and less apologetic initial text demands.

EXHIBIT 6 Letter from Defendant’s Counsel (July 10, 2026)The "Second Notice of Breach" letter detailing explicit intent to disclose terms to Wisconsin Watch.

EXHIBIT 7 Court Order of Dismissal with Prejudice (Case No. 2022CV000059)Certified copy of the July 26, 2024 final judgment on the merits; establishes the baseline closing timeline.

CONFIDENTIAL

EXHIBIT 8 Unsealed Envelope, June 29, 2026 Correspondence, and Email Notice Physical letter received July 24, 2026, via unsealed/tampered mail and June 29 email notice; proves prior material breach.

EXHIBIT 9 Transcript of Facebook Messenger Communications with Lisa Talley Decker Corroborative written evidence of historical 1990–1993 on-duty minor assault allegations.

EXHIBIT 10 Price County Sheriff Department Voluntary Statement Form Filed complaint dated February 29, 2000 (Andrea Palas); supports official record destruction claims.

EXHIBIT 11Transcript of Facebook Messenger Communications with Jane Doe E (Suzy)Corroborative written evidence of historical 1997 grooming and squad car backseat detention claims.

EXHIBIT 12 PHYSICAL MEDIA (USB FLASH DRIVE): Video-Recorded Statement Original voluntary video statement provided by Tammy Hastings detailing on-duty exploitation.

EXHIBIT 13Written Statement of Jane Doe D (Patricia Litvinoff / Bleck)Corroborative written evidence of historical 1990 on-duty stalking and squad car harassment claims.

EXHIBIT 14 Written Verbatim Transcription of Tammy Hastings Video Statement Corroborative written text of historical 1990–1991 on-duty exploitation and custody claims.

EXHIBIT 15 Andrea Palas's Formal, Signed, and Notarized Answers Sworn responses to written deposition questions under Wis. Stat. § 804.06, dated June 27, 2024, detailing traffic stop.

CONFIDENTIAL

FILED
08-17-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

STATE OF WISCONSIN : CIRCUIT COURT : PRICE COUNTYJOHN J. BRYLSKI,

Plaintiff,v. FIRST AMENDED COMPLAINT

(SUPPLEMENTAL ALLEGATIONS)

PRICE COUNTY SHERIFF BRIAN S. SCHMIDT, Case No.: 26-CV-108 In his official and individual capacity, and Hon. ___________________

ATTORNEY ROBERT M. MIHELICH, Classification Code: 30106 In his individual capacity, (Intentional Tort) Defendants.

PRE-SETTLEMENT EVIDENCE OF OFFICIAL MISCONDUCT

19A. The physical evidence of official misconduct in Plaintiff’s possession prior to the execution of the coerced July 25, 2024 Agreement included extensive, voluntary, and contemporaneous written statements from witness and victim Lisa Talley Decker (operating via Facebook under the profile name L.S. Decker).

19B. In written correspondence transmitted to Plaintiff on January 21, 2024, Ms. Decker disclosed that Defendant Sheriff Schmidt initially pursued her openly, which included contacting her by phone and stopping by her parents' residence while on active duty. Ms. Decker further detailed that after Defendant Schmidt's mother objected to the relationship based on external rumors, Defendant Schmidt's behavior shifted into an abusive and deeply secretive dynamic. Ms. Decker stated that Defendant Schmidt would frequently utilize his active law enforcement shifts to compel her to meet him, during which times he became physically and sexually aggressive.

19C. Ms. Decker’s correspondence further detailed a historical pattern of evidence suppression and retention executed by the Price County Sheriff’s Department under then-Sheriff Richard Heitkemper. Specifically, Ms. Decker was required by the department to turn over her personal written journals—which contained her innermost thoughts and documentation regarding her interactions with Defendant Schmidt—for review. These personal journals were permanently retained by the department and were never returned to her.

19D. Additionally, Ms. Decker detailed that years later, after she was married, one of the traffic citations underlying her initial contact with Defendant Schmidt resulted in her serving jail time at the Price County Jail. Upon being booked into the facility, her personal property—specifically her wedding rings—was checked into official custody, went missing within the facility, and was never returned to her possession. CITIZEN GRIEVANCES AND ABUSE OF PUBLIC OFFICE

CONFIDENTIAL

19E. In subsequent written correspondence dated January 24, 2024, Ms. Decker reinforced that her original interactions with the department arose strictly because she "wanted some help with these tickets," and that she did not realize at the time the insidious nature of the department's total failure to intervene. Objecting to Defendant Schmidt's subsequent rise to higher public office, she explicitly stated:" He knew what he did, not only to me but others and I'm sure there's more... So not only did he take zero accountability... he was so indulgent and arrogant that he had gotten away with this [that] he then puts himself in position with even more power, any elected position at that because he is so Superior to all of us that he feels that he won.

"19F. On January 25, 2024, Ms. Decker further detailed the profound, long-term psychological destruction caused by escaping Defendant Schmidt's control, noting that everything she endured to get away from "his grip" left her "completely and entirely alone in the world" dealing with lasting "abandonment and shame." Emphasizing her drive to hold him publicly accountable, she wrote:

"The more I think about this with him the more and more angry I am that he is feeling that he has empirical rules superiority that he is so far above any consequences for his actions that he would run and put himself into a elected office in a position where he is not only expected to protect and serve but he is the sheriff in charge... I don't think I have ever felt more driven to hold him accountable on a public forum."19G. The existence of these comprehensive, dated, and explicit witness accounts from an actual victim demonstrates that Plaintiff's prior out-of-court commentary regarding Defendant Schmidt was anchored in substantial factual truth. Forcing Plaintiff to sign a scripted declaration stating that Sheriff Schmidt "conducted himself honorably" under extrajudicial threats of family ruin therefore constitutes a manufactured falsehood extracted under extreme duress, fraud, and situational coercion.

POST-SETTLEMENT WITNESS SUPPRESSION AND RETALIATION19H. Soon after Plaintiff reluctantly published the mandated public apology statement on his personal Facebook page pursuant to the coerced terms of the July 25, 2024 Agreement, defense witness Tammy Hastings published a public comment directly beneath the post, explicitly stating that the apology had been forced upon Plaintiff and confirming that Plaintiff's prior statements regarding Defendant Schmidt's official misconduct were entirely true.

19I. The publication of this truthful third-party commentary caused Defendants to immediately engage in bad-faith panic and aggressive extrajudicial retaliation. Defendant Schmidt threatened to refuse to finalize the pending dismissal of Case No. 2022CV000059—which was ultimately dismissed with prejudice on July 26, 2024—and explicitly threatened to renew and protract the lawsuit unless the information was immediately suppressed.

19J. Concurrently, Defendant Attorney Robert M. Mihelich transmitted written email correspondence to the unrepresented Plaintiff, explicitly stating that he had personally reviewed Tammy Hastings's comment and demanding its immediate removal. Defendant Mihelich explicitly threatened that if the post and comment were not deleted, he would refuse to dismiss

CONFIDENTIAL

the case and would immediately file a secondary lawsuit against Plaintiff for breach of contract, forcing Plaintiff to remove the post under severe duress.

19K. In furtherance of this continuous pattern of witness suppression and intimidation, Defendant Mihelich placed a telephone call to Plaintiff, during which he explicitly threatened that if Tammy Hastings ever publicly disseminated her recorded video statement detailing Defendant Schmidt's official misconduct, Defendant Mihelich would "sue the heck out of her" and publicly expose her as a liar.

19L. Furthermore, as part of their systemic effort to weaponize the machinery of law enforcement for personal legal disputes, Defendants utilized an active-duty Price County Deputy Sheriff—acting under the direct employment, command, and authority of Defendant Sheriff Schmidt—to execute service of process on Plaintiff.19M. The utilization of a subordinate uniformed officer to serve papers for their boss's private civil lawsuit constitutes a flagrant conflict of interest, a violation of the neutral service mandates set forth in Wis. Stat. § 801.10(1), and an illegal, extrajudicial intimidation tactic executed under color of law to overbear the will of a private citizen.

CONFIDENTIAL

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

FILED
08-17-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

STATE OF WISCONSIN : CIRCUIT COURT : PRICE COUNTY

JOHN J. BRYLSKI, Plaintiff,

v.

PRICE COUNTY SHERIFF BRIAN S. SCHMIDT, In his official and individual capacity, and ATTORNEY ROBERT M. MIHELICH, In his individual capacity,
Defendants.

---

PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO SEAL COURT RECORDS (EXHIBITS 1–15)

---

Case No: 26-CV-108Classification Code: 30106 (Intentional Tort)

NOW COMES the Plaintiff, John J. Brylski, appearing Pro Se, and formally objects to Defendant Brian S. Schmidt's Motion to Seal or Redact Court Records (Form GF-245A) filed under this case number.

Plaintiff respectfully requests that this Court DENY Defendants' motion to seal Exhibits 1 through 15 attached to the Complaint, on the following grounds:

I. THE DEFENDANT MISREPRESENTS PLAINTIFF'S CONSENT In Section 4 of Defendants' Motion, counsel states that "The Plaintiff asserted, and Defendant Brian Schmidt agrees, that sufficient grounds exist... to restrict public access to that document, as well as the exhibits attached to the Complaint.

"This is a material mischaracterization of Plaintiff's position. Plaintiff explicitly objects to the sealing of Exhibits 1 through 15.

While Plaintiff acknowledges that the underlying 2024 Confidential Settlement Agreement is a central subject of this litigation, Plaintiff has brought this action specifically to declare that agreement null, void, and unenforceable due to extreme duress, fraud, and violations of public policy. The defense cannot bootstrap an contested, voidable contract to force the wholesale sealing of public court exhibits.

II. DEFENDANTS WAIVED CONFIDENTIALITY THROUGH PRIOR MATERIAL BREACHES

Under well-established Wisconsin law, a party who commits a prior material breach of a contract cannot subsequently seek to enforce its provisions. See Management Computer Services, Inc. v. Hawkins, Ash, Baptie & Co., 206 Wis. 2d 158, 557 N.W.2d 67 (1996).As

CONFIDENTIAL

detailed in the Complaint, Defendants have completely shattered any expectation of confidentiality by:

A. Accidentally routing unsealed, confidential settlement demand letters to Plaintiff’s former physical address via unsecured public mail, exposing the information to postal workers and the public stream (Exhibit 8).

B. Actively disclosing the parameters, contents, and existence of the confidential agreement to Wisconsin Watch investigative journalist Matthew DeFour on July 14, 2026.Having destroyed the core consideration of confidentiality through their own actions, Defendants are barred by the doctrine of unclean hands from seeking the equitable remedy of a court-ordered sealing registry. See Security Pacific National Bank v. Ginkowski, 140 Wis. 2d 332, 410 N.W.2d 589 (Ct. App. 1987).

III. THE WISCONSIN OPEN RECORDS BALANCING TEST COMPELS PUBLIC ACCESS In Wisconsin, there is a core, overarching presumption that all circuit court records are open to public inspection. Sealing is an extraordinary remedy that requires a compelling, specific legal basis. The exhibits attached to Plaintiff's complaint (Exhibits 1–15) contain physical evidence, witness transcriptions, and discovery documents regarding decades of alleged official corruption, felony behaviors, and misconduct perpetrated under color of law by an elected public official—Price County Sheriff Brian S. Schmidt.

This includes: Systemic sexual assault of a minor (1990–1993);On-duty sexual exploitation and vehicle custody actions; Arbitrary traffic stops and the unlawful destruction of public internal discipline records. The public interest in maintaining transparency, observing the conduct of an elected law enforcement authority, and ensuring accountability vastly outweighs Defendant Schmidt’s personal desire to suppress public transparency and avoid reputational embarrassment.

CONCLUSION However, wholesale sealing of the substantive evidence is unjustified, hostile to transparency, and a continuation of the bad-faith intimidation tactics used to shield an official from public scrutiny.

WHEREFORE, Plaintiff John J. Brylski respectfully requests that this Court deny Defendants' Motion to Seal Exhibits 1–15 and maintain these files within the open, public stream of the circuit court record.

Dated this 14th day of August, 2026.Respectfully submitted,
John J. Brylski, Plaintiff Pro Se W2275 State Hwy 22 Gillette, WI 54124

CONFIDENTIAL

CONFIDENTIAL

FILED
08-17-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

STATE OF WISCONSIN : CIRCUIT COURT : PRICE COUNTYJOHN J. BRYLSKI, Plaintiff,

v.

PLAINTIFF'S
FIRST SET OF INTERROGATORIES PRICE COUNTY SHERIFF BRIAN S. SCHMIDT, et al.,

TO DEFENDANTS Defendants. Case No: 26-CV-108Classification Code: 30106 (Intentional Tort)

TO: Defendant Price County Sheriff Brian S. Schmidt, Defendant Attorney Robert M. Mihelich, and their designated counsel of record. PLEASE TAKE NOTICE that Plaintiff John J. Brylski, appearing Pro Se, hereby requests that Defendants answer the following Interrogatories separately, fully, and under oath, pursuant to Wis. Stat. § 804.08, within thirty (30) days of service.

INSTRUCTIONS AND DEFINITIONS" You," "Your," or "Defendants" refers to Brian S. Schmidt, Robert M. Mihelich, Price County, and any agents, insurers, or representatives acting on their behalf. If you object to any interrogatory or part thereof, state the precise legal basis for the objection and answer the remainder of the interrogatory.

INTERROGATORY NO. 1: State whether Price County, its municipal insurance pool, or any public taxpayer-funded entity is currently paying, authorizing, or indemnifying any portion of the legal fees, hourly rates, or costs incurred by Defendant Attorney Robert M. Mihelich or his law firm in defending against Case No. 26-CV-108.

INTERROGATORY NO. 2: If the answer to Interrogatory No. 1 is in the affirmative, identify the specific statutory provision, county board resolution, or insurance policy clause under which Price County has authorized the expenditure of public taxpayer funds for a private attorney sued in his individual capacity.

INTERROGATORY NO. 3: State whether Price County or its legal counsel (such as Slaby Deda LLP / Bryce Schoenborn) has issued a "Reservation of Rights" or any conditional defense agreement to Defendant Sheriff Brian S. Schmidt regarding the individual capacity intentional tort claims (Abuse of Process and IIED) or the federal 42 U.S.C. § 1983 civil rights claims detailed in the Complaint. INTERROGATORY

NO. 4: Identify by name, business address, and billing relationship any and all insurance carriers, third-party administrators, or public risk management pools currently funding the legal defense for any named Defendant in this active matter.

Dated this 14th day of August, 2026.Respectfully submitted,

CONFIDENTIAL

John J. Brylski, Plaintiff Pro Se
W2275 State Hwy 22Gillette, WI 54124

CONFIDENTIAL

**FILED**
**08-18-2026**
**Clerk of Circuit Court**
**Price County, WI**
**2026CV000108**

**DATE SIGNED: August 13, 2026**

Electronically signed by Mark T Fuhr
Circuit Court Judge

| STATE OF WISCONSIN | CIRCUIT COURT | PRICE COUNTY |
|---|---|---|

John J Brylski vs. Brian Schmidt et al

## Application and Order for Specific Judicial Assignment

Case No. 2026CV000108
Assignment number: 2026SP172520

CONFIDENTIAL

### Case Information

| Current Court Official | Code | Branch No. | District No. |
|---|---|---|---|
| Mark T Fuhr | 3258 | 1 | 9 |
| **Date Case Filed** | **Case Type** | **Class Code and Description** | |
| 08-12-2026 | Civil | 30106 - Intentional Tort | |

### Case Status Information

| Last Activity in Case | Date |
|---|---|
| | |
| Next Scheduled (or to be scheduled) Activity in Case<br>Review | Date<br>11-10-2026 |

☐ Jury Trial ☐ Bench Trial ☐ Post-Judgment Case

Additional information that will be helpful to the Chief Judge and the Judge to be assigned (e.g., time limits waived or **not** waived, defendant in custody, speedy trial demand, prior judicial substitutions or disqualifications, other attorneys, etc.):

### Attorney/Party Information

John J Brylski
Plaintiff
W2275 State Hwy 22
Gillett WI 54124 United States

Bryce Alan Schoenborn
Attorney for Defendant
PO Box 7, 215 North Lake Avenue
Phillips WI 54555
715-339-2196

Robert M Mihelich
Defendant
2665 S Moorland Rd #200
New Berlin WI 53151 United States

Other Attorney(s) (and role: e.g., GAL, Adversary Counsel, etc.):

### Reason for Assignment Application

Reason
Disqualification per Statute 757.19: 757.19 (2)(g)

Case 2026CV000108 Document 24 Filed 08-18-2026 Page 2 of 2

| Current Court Official Approval | Application Order and Order of Assignment |
|---|---|
| Application Prepared by:<br>Alexis Kertzman | [X] **It is Ordered** the judge named below is assigned this case.<br>[ ] This assignment is denied. |
| [X] Approved<br>[ ] Denied<br>Explain: | Patricia Baker<br>Chief Judge, Ninth Judicial District<br><br>By:<br>Electronically signed by<br>Sandra La Du<br>Chief Judge/Deputy Chief Judge/DCA/Director/Chief Justice<br>08-18-2026<br>Date |
| | Name of Judge Assigned:<br>Ann Knox-Bauer |

DISTRIBUTION: Address Service Type
Court

CONFIDENTIAL

FILED
08-13-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

Enter the name of the county in which this case is filed.

**STATE OF WISCONSIN, CIRCUIT COURT, PRICE COUNTY**

Enter the Petitioner/Plaintiff's full name.

**Petitioner/Plaintiff**:

| First name | Middle name | Last name |
|---|---|---|
| JOHN | J | BRYLSKI |

Enter the Respondent/ Defendant's full name.

**Respondent/Defendant**:

| First name | Middle name | Last name |
|---|---|---|
| BRIAN | | SCHMIDT |

Enter the case number.

# *Amended* Motion to Seal or Redact a Court Record

Case No. 26-CV-108

This form is used for all case types. Some information may not apply to your case.

In #1, enter the name and date of the documents that you wish to have sealed.

Use GF-242A to request redaction of Social Security, driver license, financial accounts, and other protected numbers to the court.

☐ 1. I request that the following document(s) be **sealed**:

| Name of Document | Date of Filing |
|---|---|
| | |
| | |
| | |
| | |

Some documents are confidential by law and do not require a motion to seal. See GF-244 for information about these documents.

In #2, describe the type of info you wish to have redacted. For example, "Petitioner's home address", date of the documents and exact location of the information. Note every place where the information appears. The court is not responsible for finding the information in other places.

**Do NOT put the actual information to be redacted on this form.**

Use form GF-245 to provide the information to the court.

☒ 2. I request that the following type of information be **redacted** from the court record:

| Type of Information to be **Redacted** | **Location in the Court Record** | |
|---|---|---|
| | Date of Proceeding | Page and Line Number |
| Exhibits A, 1-15 of the Complaint | Filed 08/12/26 | Exhibits A, 1-15 |
| | | |
| | | |
| | | |
| | | |
| | | |

3. I am filing form GF-245 to provide the sealed or redacted information to the court.

In #4, if the court needs to consider certain facts to decide this motion, you should include a sworn affidavit setting out the information. Most circuit court records are open to the public. The court will not seal or redact records without a legal basis for the decision. You must cite statutes and case law that support your request.

4. I am making this request based on the following law and facts:
The Plaintiff filed this suit and included documents from a prior lawsuit, Price County Case No. 22-CV-59, including the Confidential Settlement and Release Agreement ("Settlement Agreement"). The Plaintiff filed a motion to seal that document, but did not file a motion to seal/redact the other exhibits filed in this matter. The Plaintiff asserted, and Defendant Brian Schmidt agrees, that sufficient grounds exist under Wisconsin common law to restrict public access to that document, as well as the exhibits attached to the Complaint.
The Settlement Agreement sought to be sealed by Plaintiff's motion contained a non-disparagement clause in Paragraph 5 as a "material term." Publication of the exhibits would be a clear violation of that agreement.
The Settlement Agreement sought to be sealed by Plaintiff's motion also contained a clause that prohibited the Plaintiff from further publication of videos, statements, writings or recordings of certain third parties regarding or relating to any allegations against Brian Schmidt. Publication of the exhibits would be a violation of that clause of the agreement. The Settlement Agreement further indicates that the parties are entitled to seek injunctive relief in the event of a breach.
The exhibits contain highly personal and sensitive information. Application of the balancing test compels sealing/redacting the exhibits, as the damage from their release cannot later be remedied by the Court.
Further, Defendant Brian Schmidt requests that these materials be temporarily sealed/redacted pending a full hearing on the request should the request not be granted without a hearing.

CONFIDENTIAL

Case 2026CV000108 Document 25 Filed 08-13-2026 Page 2 of 2

| |
|---|
| In #5, if you are not a party or the attorney for a party, describe your relationship to this case. |
| Sign and print your name and date the document. |

☐ 5. I am not an attorney or a party to this case. I am interested because: ______________________

▶ /s/ Bryce A. Schoenborn
Signature

Bryce A. Schoenborn, 1088153
Print or Type Name

Corporation Counsel
Relationship to Case

August 13, 2026
Date

DISTRIBUTION:
1. Court
2. Parties
3. Petitioner, if not a party

CONFIDENTIAL

FILED
08-13-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

CONFIDENTIAL

| | |
|---|---|
| Enter the name of the county in which this case is filed. | **STATE OF WISCONSIN, CIRCUIT COURT, PRICE COUNTY** |
| Enter the Petitioner/ Plaintiff's full name. | **Petitioner/Plaintiff**: JOHN (First name) J. (Middle name) BRYLSKI (Last name) |
| Enter the Respondent/ Defendant's full name. | **Respondent/Defendant**: BRIAN (First name) (Middle name) SCHMIDT (Last name) |
| Enter the case number. | |

# Order on Motion To Seal or Redact a Court Record

Case No. 26-CV-108

A motion to seal or redact a court record or transcript has been filed with the court.

**THE COURT ORDERS:**

The motion to

☐ 1. **seal** the requested information is granted for the reasons set forth in this motion. The clerk shall seal the following documents:

Access to view document(s):
☐ Petitioner/Plaintiff ☐ Respondent/Defendant ☐ Social Worker ☐ Guardian
☐ Attorney ☐ Guardian ad Litem ☐ Probation
☐ Other:

☒ 2. **redact** the requested information is granted for the reasons set forth in this motion. The clerk shall redact the following information:
Exhibit A and Exhibits 1-15 to the Complaint

Access to view document(s):
☒ Petitioner/Plaintiff ☒ Respondent/Defendant ☐ Social Worker ☐ Guardian
☐ Attorney ☐ Guardian ad Litem ☐ Probation
☐ Other:

☐ The clerk shall perform the redaction as identified in this motion for previously filed documents.
☐ The parties shall omit or redact this information from all documents subsequently filed.

☐ 3. seal or redact is denied because
☐ A. the request lacks a sufficient legal basis.
☐ B. the requester has not made a sufficient factual showing.
☐ C. Other:

☐ 4. Other:

DISTRIBUTION:
1. Court
2. Parties
3. Petitioner, if not a party

BY THE COURT

8/18/26
Date

Ann N. Knox-Bauer
Circuit Court Judge

FILED
AUG 18 2026
CLERK OF CIRCUIT COURT
PRICE COUNTY, WI

| | | |
|---|---|---|
| Enter the name of the county in which this case is filed. | **STATE OF WISCONSIN, CIRCUIT COURT, PRICE COUNTY** | |
| Enter the Petitioner/ Plaintiff's full name. | **Petitioner/Plaintiff:** JOHN (First name) J. (Middle name) BRYLSKI (Last name) | **Order on Motion To Seal or Redact a Court Record** |
| Enter the Respondent/ Defendant's full name. | **Respondent/Defendant:** | |
| Enter the case number. | BRIAN (First name) (Middle name) SCHMIDT (Last name) | Case No. 26-CV-108 |

A motion to seal or redact a court record or transcript has been filed with the court.

**THE COURT ORDERS:**

The motion to

☒ 1. **seal** the requested information is granted for the reasons set forth in this motion. The clerk shall seal the following documents:
Exhibit A and Exhibits 1-15 to the Complaint

Access to view document(s):
☒ Petitioner/Plaintiff ☒ Respondent/Defendant ☐ Social Worker ☐ Guardian
☐ Attorney ☐ Guardian ad Litem ☐ Probation
☐ Other: ______

☐ 2. **redact** the requested information is granted for the reasons set forth in this motion. The clerk shall redact the following information:

Access to view document(s):
☐ Petitioner/Plaintiff ☐ Respondent/Defendant ☐ Social Worker ☐ Guardian
☐ Attorney ☐ Guardian ad Litem ☐ Probation
☐ Other: ______

☐ The clerk shall perform the redaction as identified in this motion for previously filed documents.
☐ The parties shall omit or redact this information from all documents subsequently filed.

☐ 3. seal or redact is denied because
☐ A. the request lacks a sufficient legal basis.
☐ B. the requester has not made a sufficient factual showing.
☐ C. Other: ______

☐ 4. Other: ______

DISTRIBUTION:
1. Court
2. Parties
3. Petitioner, if not a party

CONFIDENTIAL

BY THE COURT

8/18/26
Date

Ann N. Knox-Bauer
Circuit Court Judge

FILED
AUG 18 2026
CLERK OF CIRCUIT COURT
PRICE COUNTY, WI

| Enter the name of the county in which this case is filed. | STATE OF WISCONSIN, CIRCUIT COURT, PRICE COUNTY | |
|---|---|---|
| Enter the Petitioner/ Plaintiff's full name. | **Petitioner/Plaintiff:** JOHN (First name) J. (Middle name) BRYLSKI (Last name) | **Order on Motion To Seal or Redact a Court Record** |
| Enter the Respondent/ Defendant's full name. | **Respondent/Defendant:** | |
| Enter the case number. | BRIAN (First name) (Middle name) SCHMIDT (Last name) | Case No. 26-CV-108 |

CONFIDENTIAL

A motion to seal or redact a court record or transcript has been filed with the court.

**THE COURT ORDERS:**

The motion to

☐ 1. **seal** the requested information is granted for the reasons set forth in this motion. The clerk shall seal the following documents:

Access to view document(s):
☐ Petitioner/Plaintiff ☐ Respondent/Defendant ☐ Social Worker ☐ Guardian
☐ Attorney ☐ Guardian ad Litem ☐ Probation
☐ Other:

☒ 2. **redact** the requested information is granted for the reasons set forth in this motion. The clerk shall redact the following information:
Exhibit A and Exhibits 1-15 to the Complaint

Access to view document(s):
☒ Petitioner/Plaintiff ☒ Respondent/Defendant ☐ Social Worker ☐ Guardian
☐ Attorney ☐ Guardian ad Litem ☐ Probation
☐ Other:

☐ The clerk shall perform the redaction as identified in this motion for previously filed documents.
☐ The parties shall omit or redact this information from all documents subsequently filed.

☐ 3. seal or redact is denied because
☐ A. the request lacks a sufficient legal basis.
☐ B. the requester has not made a sufficient factual showing.
☐ C. Other:

☐ 4. Other:

DISTRIBUTION:
1. Court
2. Parties
3. Petitioner, if not a party

FILED
08-18-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

STATE OF WISCONSIN
CIRCUIT COURT
PRICE COUNTY
JOHN J. BRYLSKI,
Plaintiff,

vs. Case No. 2026CV000108
Hon. Ann Knox-Bauer
BRIAN SCHMIDT, et al.,
Defendants. And Robert M Mihelich

---

vs.

MOTION FOR ASSIGNMENT OF An
OUT-OF-DISTRICT RESERVE JUDGE

BRIAN SCHMIDT, et al.,
Defendants. Case No. 2026CV000108
Hon. Ann Knox-Bauer

---

CONFIDENTIAL

NOW COMES the Plaintiff John Brylski appearing pro se, and respectfully moves the Chief Judge of the Ninth Judicial Administrative District, pursuant to Wis. Stat. § 751.03 and the inherent administrative authority of the Court, to assign a statewide reserve judge from outside the Ninth Judicial Administrative District to preside over the above-captioned matter.

As grounds for this Motion, Plaintiff states as follows:

BACKGROUND

1. This civil action was commenced in Price County Circuit Court, bearing Case No. 2026CV000108.
2. The primary Defendant in this matter, Brian Schmidt, is the duly elected and sitting Sheriff of Price County, Wisconsin.
3. The resident Price County Circuit Court Judge, the Honorable Mark T. Fuhr, properly recused himself from this matter due to the inherent conflict of interest stemming from the Defendant's status as the county's chief law enforcement officer.
4. Following Judge Fuhr's recusal, this matter was assigned to the Honorable Ann Knox-Bauer, Circuit Court Judge for Taylor County and Chief Judge of the Ninth Judicial Administrative District.
5. Plaintiff is exercising their right to request a substitution or reassignment from Judge Knox-Bauer to ensure absolute neutrality and prevent any appearance of regional partiality.

LEGAL ARGUMENT

I. The Defendant's Status as County Sheriff Creates a Local Conflict That Affects All Active Judges Within the Ninth Judicial Administrative District.

The Defendant is the head of law enforcement for Price County. In this capacity, and as a prominent official within regional law enforcement networks, the Defendant maintains ongoing, close professional and collaborative relationships with circuit court judges, clerks, and court staff throughout the Ninth Judicial Administrative District. Active judges in neighboring counties routinely interact with the Defendant's department regarding multi-jurisdictional task forces, regional jail management, transport protocols, warrants, and judicial administrative committees.

II. Assignment of an Out-of-District Reserve Judge Is Necessary to Avoid the Appearance of Partiality.

Under the standards set forth generally in Wis. Stat. § 757.19, a judge must disqualify themselves when significant conflicts exist or when a situation arises where a judge cannot act with complete impartiality. While this statutory rule applies to individual subjective assessments, the administrative assignment of a successor judge must prioritize public confidence in the judiciary.

Assigning another active judge from within the Ninth Judicial Administrative District would fail to fully cure the structural conflict. Any active judge in this district faces a recurring relationship with the Price County Sheriff's Department.

To maintain the absolute integrity of these proceedings and ensure that both parties receive a completely fair, unbiased, and independent forum, the Court should look outside the active regional bench. A statewide reserve judge—specifically a retired judge residing outside the Ninth Judicial Administrative District—possesses no ongoing professional, political, or administrative ties to the Defendant or Price County law enforcement.

CONFIDENTIAL

CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Chief Judge (or the Deputy Chief Judge, to the extent the Chief Judge steps away from administration of this file) issue an Order of Judicial Assignment appointing a neutral, out-of-district statewide reserve judge to preside over all remaining proceedings in Case No. 2026CV000108.

Dated this 18 day of August 2026.

Respectfully submitted,

---

John Brylski Plaintiff Pro Se
W 2275 State Hwy 22 Gillett, WI 54124 Email jasnowshoe@aol.com Tel 920- 540-2118

CONFIDENTIAL

FILED
08-18-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

STATE OF WISCONSIN
CIRCUIT COURT
PRICE COUNTY
JOHN J. BRYLSKI,
Plaintiff,

vs. Case No. 2026CV000108
Hon. Ann Knox-Bauer
BRIAN SCHMIDT, et al.,
Defendants.

---

REQUEST FOR SUBSTITUTION OF JUDGE

---

TO THE CLERK OF CIRCUIT COURT FOR PRICE COUNTY:

Pursuant to Section 801.58 of the Wisconsin Statutes, the Plaintiff, John J. Brylski, appearing pro se, hereby formally requests a substitution for the Honorable Ann Knox-Bauer, the judge currently assigned to the above-captioned civil action.

This request is timely filed within ten (10) days of the date of notice of the judicial assignment order entered on August 18, 2026, and is made prior to the hearing of any preliminary contested matters or scheduling conferences before Judge Ann Knox-Bauer.

The Plaintiff requests that a new judge be randomly assigned to this matter in accordance with standard court administrative procedures.

Dated this 18th day of August, 2026.

Respectfully submitted,

CONFIDENTIAL

---

John J. Brylski, Plaintiff Pro Se
W2275 State Hwy 22
Gillett, WI 54124
United States

FILED
08-19-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

**STATE OF WISCONSIN : CIRCUIT COURT : PRICE COUNTY**

JOHN J. BRYLSKI,
Plaintiff,

vs. **Case No. 2026CV000108**

BRIAN SCHMIDT, et al.,
Defendants.

---

**PLAINTIFF'S MOTION TO VACATE ORDERS ENTERED AUGUST 18, 2026, AND REQUEST FOR JUDICIAL SUBSTITUTION**

NOW COMES the Plaintiff, John J. Brylski, appearing *Pro Se*, and respectfully moves this Court to vacate the "Order to Seal" and the "Amended Order to Redact" entered on August 18, 2026. Plaintiff further requests that the Court honor his timely filed Request for Judicial Substitution pursuant to Wis. Stat. § 801.58 and disqualify Judge Ann Knox-Bauer under Wis. Stat. § 757.19(2)(g). As grounds, Plaintiff states as follows:

1. **IMPOSSIBLE STATUTORY TIMELINE:** Under Wis. Stat. § 801.58, a litigant possesses an absolute right to request a substitution of an assigned judge preceding the hearing of any contested matters. On August 18, 2026, the Court executed an Order of Assignment designating Judge Ann Knox-Bauer. Within mere hours—and before any practical administrative notice could be processed—the newly assigned judge entered a final Order to Seal at 3:43 PM, followed by an Amended Order to Redact at 3:53 PM.
2. **PLAINTIFF'S MAXIMUM DILIGENCE:** Despite receiving simultaneous notice of the assignment and the adverse rulings, Plaintiff exercised extreme diligence. Plaintiff officially uploaded a formal **Request for Judicial Substitution on August 18, 2026, at 5:40 PM**—the exact same calendar day as the judicial assignment. The Price County Clerk of Court officially **accepted and logged this substitution request on August 19, 2026, at 8:31 AM**.
3. **DENIAL OF DUE PROCESS AND CLERK CONFIRMATION:** On August 19, 2026, the Price County Clerk of Court confirmed to Plaintiff that upon judicial assignment on the 18th, the Court was immediately alerted to the Defense's motions. The clerk stated that the judge signed the Defense's sealing request, and then 10 minutes later, signed an amended redaction order sent directly by the Defense's attorney. The Court completely failed to review or consider Plaintiff's formal written *Objection to Defendants' Motion to Seal*, which had been timely filed a day prior on August 17, 2026.
4. **EXISTING JUDICIAL COMMISSION CONFLICT OF INTEREST:** An objective conflict of interest exists that mandates disqualification under Wis. Stat. § 757.19(2)(g). The Wisconsin Judicial Commission (**judcmm@wicourts.gov**) officially received and logged a formal disciplinary complaint filed by this Plaintiff against Judge Ann Knox-Bauer on **September 24, 2024**. Because of this open, adversarial history, a reasonable person would harbor serious doubts regarding the judge's impartiality.
5. **SEVERE APPEARANCE OF RETALIATORY IMPROPRIETY:** The Defendant in this matter is the active, elected Sheriff of Price County. For a newly assigned judge to execute back-to-

CONFIDENTIAL

back merits-based orders protecting the county's top law enforcement official within minutes of taking a case—while completely ignoring a *Pro Se* Plaintiff's pending objections, bypassing an active Judicial Commission conflict, and cutting off their immediate window for judicial substitution—creates a severe appearance of local bias and a violation of Supreme Court Rule (SCR) 60.03.

**REMEDY SOUGHT:** Plaintiff respectfully requests that the Court:

a) **VACATE** the Order to Seal and the Amended Order to Redact entered on August 18, 2026, as procedurally defective and violative of due process; and

b) **GRANT** Plaintiff's validly filed August 18th substitution request, resetting this case before a neutral, outside judicial official.

Dated this 19th day of August, 2026.

Respectfully submitted,

---

John J. Brylski, *Pro Se* Plaintiff

---

CONFIDENTIAL

FILED
08-20-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

**DATE SIGNED: August 20, 2026**

Electronically signed by Ann N. Knox-Bauer
Circuit Court Judge

CONFIDENTIAL

**STATE OF WISCONSIN** **CIRCUIT COURT** **PRICE COUNTY**

John J Brylski vs. Brian Schmidt et al

# Application and Order for Specific Judicial Assignment

Case No. 2026CV000108

## Case Information

| Current Court Official | Code | Branch No. | District No. |
|---|---|---|---|
| Ann Knox-Bauer | 2275 | 1 | 9 |
| **Date Case Filed** | **Case Type** | **Class Code and Description** | |
| 08-12-2026 | Civil | 30106 - Intentional Tort | |

## Case Status Information

| Last Activity in Case | Date |
|---|---|
| | |
| **Next Scheduled (or to be scheduled) Activity in Case** | **Date** |
| Review | 11-10-2026 |

☐ Jury Trial ☐ Bench Trial ☐ Post-Judgment Case

Additional information that will be helpful to the Chief Judge and the Judge to be assigned (e.g., time limits waived or **not** waived, defendant in custody, speedy trial demand, prior judicial substitutions or disqualifications, other attorneys, etc.):

## Attorney/Party Information

John J Brylski
Plaintiff
W2275 State Hwy 22
Gillett WI 54124 United States

Bryce Alan Schoenborn
Attorney for Defendant
PO Box 7, 215 North Lake Avenue
Phillips WI 54555
715-339-2196

Robert M Mihelich
Defendant
2665 S Moorland Rd #200
New Berlin WI 53151 United States

Other Attorney(s) (and role: e.g., GAL, Adversary Counsel, etc.):

## Reason for Assignment Application

Reason
Substitution Request By Plaintiff

Case 2026CV000108 Document 32 Filed 08-20-2026 Page 2 of 2

| Current Court Official Approval | Application Order and Order of Assignment |
|---|---|
| Application Prepared by:<br>Lisa Walcisak | ☐ **It is Ordered** the judge named below is assigned this case.<br>☐ This assignment is denied. |
| ☒ Approved<br>☐ Denied<br>Explain: | By:<br><br>____________________<br>Chief Judge/Deputy Chief Judge/DCA/Director/Chief Justice<br><br>____________________<br>Date |
| | Name of Judge Assigned: |

| DISTRIBUTION: | Address | Service Type |
|---|---|---|
| Court | | |

CONFIDENTIAL

Case 2026CV000108 Document 33 Filed 08-20-2026 Page 1 of 2

FILED
08-20-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

**DATE SIGNED: August 20, 2026**

Electronically signed by Ann N. Knox-Bauer
Circuit Court Judge

**STATE OF WISCONSIN** **CIRCUIT COURT** **PRICE COUNTY**

John J Brylski vs. Brian Schmidt et al

## Application and Order for Specific Judicial Assignment

Case No. 2026CV000108
Assignment number: 2026SP172835

### Case Information

| Current Court Official | Code | Branch No. | District No. |
|---|---|---|---|
| Ann Knox-Bauer | 2275 | 1 | 9 |
| Date Case Filed | Case Type | Class Code and Description | |
| 08-12-2026 | Civil | 30106 - Intentional Tort | |

### Case Status Information

| Last Activity in Case | Date |
|---|---|
| | |
| Next Scheduled (or to be scheduled) Activity in Case | Date |
| Review | 11-10-2026 |

☐ Jury Trial ☐ Bench Trial ☐ Post-Judgment Case

Additional information that will be helpful to the Chief Judge and the Judge to be assigned (e.g., time limits waived or **not** waived, defendant in custody, speedy trial demand, prior judicial substitutions or disqualifications, other attorneys, etc.):

### Attorney/Party Information

John J Brylski
Plaintiff
W2275 State Hwy 22
Gillett WI 54124 United States

Bryce Alan Schoenborn
Attorney for Defendant
PO Box 7, 215 North Lake Avenue
Phillips WI 54555
715-339-2196

Robert M Mihelich
Defendant
2665 S Moorland Rd #200
New Berlin WI 53151 United States

Other Attorney(s) (and role: e.g., GAL, Adversary Counsel, etc.):

### Reason for Assignment Application

Reason
Substitution Request By Plaintiff



CONFIDENTIAL

| **Current Court Official Approval** | **Application Order and Order of Assignment** |
|---|---|
| Application Prepared by:<br>Lisa Walcisak | ☒ **It is Ordered** the judge named below is assigned this case.<br>☐ This assignment is denied. |
| ☒ Approved<br>☐ Denied<br>Explain: | Patricia Baker<br>Chief Judge, Ninth Judicial District<br><br>By:<br>Electronically signed by<br>Sandra La Du<br>Chief Judge/Deputy Chief Judge/DCA/Director/Chief Justice<br>08-20-2026<br>Date |
| | Name of Judge Assigned:<br>Timothy Gebert |

DISTRIBUTION: Address Service Type
Court

CONFIDENTIAL

**FILED**
**08-20-2026**
**Clerk of Circuit Court**
**Price County, WI**
**2026CV000108**

| STATE OF WISCONSIN | CIRCUIT COURT | PRICE COUNTY |
|---|---|---|

John J Brylski vs. Brian Schmidt et al

## Notice of Hearing

Case No: 2026CV000108

COURT ORIGINAL

This case is scheduled for: **Telephone scheduling conference**

| NOTICE OF HEARING | | |
|---|---|---|
| **Date**<br>09-02-2026 | **Time**<br>08:15 am | **Location**<br>Price County Courthouse - Small Courtroom<br>126 Cherry Street - Room 211<br>Phillips WI 54555 |
| **Circuit Court Judge/Circuit Court Commissioner**<br>Timothy Gebert | | |
| **Re**<br>Intentional Tort | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

Parties to call 715-421-8774

**If you require reasonable accommodations due to a disability to participate in the court process, please call 715-339-3315 prior to the scheduled court date. Please note that the court does not provide transportation.**

Price County Circuit Court
Date: August 20, 2026

| **DISTRIBUTION** | **Address** | **Service Type** |
|---|---|---|
| Court Original | | |
| John J Brylski | | Electronic Notice |
| Bryce Alan Schoenborn | | Electronic Notice |
| Robert M Mihelich | 2665 S Moorland Rd #200, New Berlin, WI 53151 | Mail Notice |

CONFIDENTIAL



This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN** **CIRCUIT COURT** **PRICE COUNTY**

John J Brylski vs. Brian Schmidt et al

**Electronic Notice**
**Status Change**

Case No: 2026CV000108

ROBERT M MIHELICH
2665 S MOORLAND RD #200
NEW BERLIN WI 53151

For 2026CV000108, the electronic notice preference for Ronald S Stadler, Wisconsin attorney for Brian Schmidt, has changed.

Ronald S Stadler has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 715-339-2353.

Price County Circuit Court
Date: August 20, 2026

CONFIDENTIAL


**This form shall not be modified. It may be supplemented with additional material.**

Case 2026CV000108 Document 36 Filed 08-20-2026 Page 1 of 1

FILED
08-20-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

**STATE OF WISCONSIN CIRCUIT COURT PRICE COUNTY**

JOHN J. BRULSKI,

Plaintiff,

v.

Case No.: 26-CV-108

BRIAN SCHMIDT, and
ROBERT M. MIHELICH,

Defendants.

**NOTICE OF APPEARANCE**

PLEASE TAKE NOTICE that Ronald S. Stadler of Stadler Sacks LLC, has been retained by the Defendant, Brian Schmidt, in the above-entitled action, as and hereby demands that a copy of all subsequent pleadings and filings be served upon this firm at the address stated below.

Dated this 20th Day of August, 2026.

STADLER SACKS LLC
Attorneys for Defendant, Brian Schmidt

By: /s/ *Ronald S. Stadler*
Jonathan E. Sacks
State Bar No. 1103204
Ronald S. Stadler
State Bar No. 1017450

303 North Main Street
West Bend, WI 53095
Telephone: 262-304-0610
e-mail: jes@stadlersacks.com
rss@stadlersacks.com

CONFIDENTIAL

Case 2026CV000108 Document 37 Filed 08-20-2026 Page 1 of 1

**STATE OF WISCONSIN CIRCUIT COURT PRICE COUNTY**

John J Brylski vs. Brian Schmidt et al

**Electronic Notice**
**Status Change**

Case No: 2026CV000108

ROBERT M MIHELICH
2665 S MOORLAND RD #200
NEW BERLIN WI 53151

For 2026CV000108, the electronic notice preference for Jonathan E Sacks, Wisconsin attorney for Brian Schmidt, has changed.

Jonathan E Sacks has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 715-339-2353.

Price County Circuit Court
Date: August 20, 2026

CONFIDENTIAL

FILED
08-20-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

**STATE OF WISCONSIN CIRCUIT COURT PRICE COUNTY**

JOHN J. BRULSKI,

Plaintiff,

v.

Case No.: 26-CV-108

BRIAN SCHMIDT, and
ROBERT M. MIHELICH,

Defendants.

**NOTICE OF APPEARANCE**

PLEASE TAKE NOTICE that Jonathan E. Sacks of Stadler Sacks LLC, has been retained by the Defendant, Brian Schmidt, in the above-entitled action, as and hereby demands that a copy of all subsequent pleadings and filings be served upon this firm at the address stated below.

Dated this 20th Day of August, 2026.

STADLER SACKS LLC
Attorneys for Defendant, Brian Schmidt

By: *<u>/s/ Jonathan E. Sacks</u>*
Jonathan E. Sacks
State Bar No. 1103204
Ronald S. Stadler
State Bar No. 1017450

303 North Main Street
West Bend, WI 53095
Telephone: 262-304-0610
e-mail: jes@stadlersacks.com
rss@stadlersacks.com

CONFIDENTIAL

FILED
08-25-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

**STATE OF WISCONSIN : CIRCUIT COURT : PRICE COUNTY**
**JOHN J. BRYLSKI,***Plaintiff,*
vs.
PRICE COUNTY SHERIFF BRIAN S. SCHMIDT,
in his official and individual capacity, and
ATTORNEY ROBERT M. MIHELICH,
In his individual capacity,
Defendants.

**Case No. 2026CV000108** Hon. Timothy Gebert

# NOTICE OF PARTIAL WITHDRAWAL OF PLAINTIFF'S AUGUST 19, 2026 FILING

**TO:** The Clerk of Circuit Court and Counsel of Record
**NOW COMES** the Plaintiff, John J. Brylski, appearing *Pro Se*, and respectfully submits this Notice of Partial Withdrawal regarding the combined document filed on August 19, 2026, titled *"Plaintiff's Motion to Vacate Orders Entered August 18, 2026, and Request for Judicial Substitution"* (Document 31).
1.

**Withdrawal of Motion to Vacate:** Plaintiff hereby formally and voluntarily **WITHDRAWS** his Motion to Vacate the Order to Seal and the Amended Order to Redact entered on August 18, 2026. Plaintiff requests that the Court strike this motion from its calendar, leaving the August 18, 2026 Amended Order to Redact as the active order governing the file status.
**Preservation of Judicial Substitution:** Plaintiff explicitly notes that this withdrawal applies **ONLY** to the Motion to Vacate. This withdrawal does **NOT** impact, waive, or rescind the Request for Judicial Substitution validly executed on August 18, 2026, and accepted on August 19, 2026, which has already resulted in the assignment of the current presiding judicial official.
Dated this 24th day of August, 2026.
Respectfully submitted,

**John J. Brylski, Pro Se Plaintiff**W2275 State Hwy 22 Gillett WI 54124920-540-2118jasnowshoe@aol.com

CONFIDENTIAL

FILED
08-25-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

STATE OF WISCONSIN : CIRCUIT COURT : PRICE COUNTY JOHN J. BRYLSKI, Plaintiff,

v. AFFIDAVIT / DECLARATION OF SERVICE

PRICE COUNTY SHERIFF BRIAN S. SCHMIDT, Case No.: 26 -CV-108
In his official and individual capacity,

and ATTORNEY ROBERT M. MIHELICH, Classification Code: 30106 In his individual capacity, (Intentional Tort)Defendants. UNDER OATH, OR UNDER PENALTY OF PERJURY, THE INDEPENDENT SERVER STATES:I am an adult resident of the State of Wisconsin (or an adult resident of Illinois, Iowa, Michigan, or Minnesota pursuant to Wis. Stat. § 801.10(1m)). I am not a party to the above-captioned action, and I have no interest in the outcome of this matter.

On the 19th day of August, 2026, at 11:45 (a.m.) / p.m., at the following location: Price County Sheriff's Dept. Phillips, I formally executed service of process upon Defendant PRICE COUNTY SHERIFF BRIAN S. SCHMIDT by delivering authenticated, conformed, and true copies of the following documents:[X] Original Summons[X] Original Civil Complaint[X] First Amended Complaint[X] Attached Exhibits (Exhibits 1 through 18) Manner of Service:[X] PERSONAL SERVICE: By placing the legal packets directly into the physical hands of Defendant Sheriff Brian S. Schmidt (personally served at his workplace, residence, or any other location where he is physically found).

At the time of service, I endorsed the copy of the Summons left with the individual by signing my name and writing the exact time, date, place, manner of service, and upon whom service was made directly on the face of the document pursuant to Wis. Stat. § 801.10(2).

EXECUTION BY UNSWORN DECLARATION (Pursuant to 2023 Wis. Act 245)I declare under the criminal penalty of false swearing pursuant to Wisconsin law that the information I have provided above is true and

CONFIDENTIAL

physical hands of Defendant Attorney Robert M. Mihelich.

[ ] SUBSTITUTED RESIDENTIAL SERVICE: Defendant not being present at their usual place of abode, by leaving the packets with a competent member of the family at least 14 years of age who resides therein, namely ______________________ (Name), informing them of the contents thereof, after exercising reasonable diligence to locate the defendant.[ ] OFFICE / BUSINESS SERVICE: By leaving the packets at Defendant's principal place of business during normal office hours with an individual apparently in charge of the office, namely ______________________ (Name and Title).

At the time of service, I endorsed the copy of the Summons left with the individual by signing my name and writing the exact time, date, place, manner of service, and upon whom service was made directly on the face of the document pursuant to Wis. Stat. § 801.10(2).EXECUTION BY UNSWORN DECLARATION (Pursuant to 2023 Wis. Act 245)

I declare under the criminal penalty of false swearing pursuant to Wisconsin law that the information I have provided above is true and accurate.

Date: 8 - 19, 2026 Signature of Server: [signature]
Amber-lin Bentley Printed Name: # 15230-63
289 S. Oak Rd Address:
Mosinee WI 54455 Phone Number:
______________________ *** OR ***EXECUTION BY TRADITIONAL NOTARIZATION Subscribed and sworn to before me this _____ day of ________________, 2026.Notary Public, State of Wisconsin My Commission Expires: ____________

CONFIDENTIAL

Case 2026CV000108 Document 40 Filed 08-25-2026 Page 3 of 4

Wisconsin Circuit Court Affidavit of Service

STATE OF WISCONSINCIRCUIT COURT: PRICE COUNTYJOHN J. BRYLSKI,Plaintiff,

v.

PRICE COUNTY SHERIFF BRIAN S. SCHMIDT, In his official and individual capacity, and

ATTORNEY ROBERT M. MIHELICH,In his individual capacity,Defendants.

CONFIDENTIAL

AFFIDAVIT OF PERSONAL SERVICE Case No. 26cv108 Hon. ________________ STATE OF WISCONSIN )) ss.COUNTY OF ______________ )I, Amber Bentley, being first duly sworn on oath, depose and state as follows: I am an adult resident of the State of Wisconsin, residing at 285 S. Oak Rd Mosinee WI 54455.

I am not a party to the above-entitled action, nor am I related to any party therein. I am fully competent to make this affidavit and to serve legal process under Wisconsin law. On the 24th day of August, 2026, at 12:30 AM / PM, I personally served authenticated copies of the Civil Summons and the Civil Complaint in this matter upon the following Defendant(s) named below:[ ]

DEFENDANT PRICE COUNTY SHERIFF BRIAN S. SCHMIDT By physically delivering and leaving a true, authenticated copy thereof directly with him personally at the following address:
Location: _____164 Cherry Street, Phillips, WI 54555. ( PriceCounty Sheriff Office City/State:

______________________________

Case 2026CV000108 Document 40 Filed 08-25-2026 Page 4 of 4

[X] DEFENDANT ATTORNEY ROBERT M. MIHELICH By physically delivering and leaving a true, authenticated copy thereof directly with him personally at the following address: Location: _____2665 S Moorland Rd, Suite 200, New Berlin, WI 53151

X I knew the person(s) so served to be the individual(s) named as Defendant(s) in this action based on the following physical description or identification method: Michelle Hlusty DOB 12-8-97 Attorney Mihelich's paralegal

Amber Bentley #715 574-0008
LIC # 15230-63

(Signature of Process Server)(Printed Name of Process Server)(Server's Telephone Number)

Subscribed and sworn to before me this _____ day of __________________, 2026.Notary Public, State of ______________________My Commission Expires: _____________________(Place Notary Seal Here)

CONFIDENTIAL

FILED
08-27-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

STATE OF WISCONSIN : CIRCUIT COURT : PRICE COUNTY JOHN J. BRYLSKI, Plaintiff,

v.

PRICE COUNTY Defendants SHERIFF BRIAN S. SCHMIDT and Attorney Robert M. Hihelich

Case No.: 2026CV000108 Hon. Timothy Gebert

PLAINTIFF'S PROPOSED SCHEDULING ORDER

Pursuant to the telephone conference scheduled for September 2, 2026, the Plaintiff respectfully submits the following proposed deadlines to govern this action:

**Amended Pleadings**: All motions to amend the pleadings or join additional parties shall be filed and served on or before October 15, 2026.

**Initial Disclosures**: The parties shall exchange initial disclosures, witness lists, and descriptions of insurance coverage on or before October 30, 2026.

**Admission of Exhibit Authenticity**: Defendants shall serve formal responses admitting or denying the authenticity of Plaintiff's Exhibits 1-A through 17 on or before November 15, 2026.

**Fact Discovery & Depositions:** All fact discovery, including interrogatories, requests for production, and oral depositions, shall be completed on or before January 15, 2027.Expert

**Witness Disclosures:** The Plaintiff shall disclose expert witnesses by February 15, 2027. The Defendants shall disclose expert witnesses by March 15, 2027.

**Dispositive Motions:** All dispositive motions, including Motions for Summary Judgment, shall be filed and served on or before April 15, 2027.Jury Trial Track: The Plaintiff maintains the formal demand for a 6-person jury trial pursuant to Wis. Stat. § 805.01(2).Dated this _____ day of August, 2026.

John J. Brylski, Plaintiff Pro Se

CONFIDENTIAL

FILED
08-27-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

STATE OF WISCONSIN : CIRCUIT COURT :

PRICE COUNTYJOHN J. BRYLSKI, Plaintiff,

v.

PRICE COUNTY SHERIFF BRIAN S. SCHMIDT, et al., Defendants.
Attorney Robert M. Mihelich

Case No.: 2026CV000108Hon. Timothy Gebert

AFFIDAVIT OF COMPLAINT VERIFICATION

I, John J. Brylski, being first duly sworn on oath, depose and state as follows: I am the Plaintiff in the above-captioned matter.

I have read the formal Civil Complaint filed on August 12, 2026 (Document 8).

I know the contents thereof, and the statements, factual timelines, and allegations contained therein are true and correct to the best of my own personal knowledge, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true.

This Affidavit is executed to formally verify the filed Complaint and cure the un-notarized signature block on page 13 of Document 8.

Dated this 27 day of August, 2026.John J. Brylski, Plaintiff Pro Se

Subscribed and sworn to before me this 27 day of August, 2026.Notary

Public, State of Wisconsin My Commission Expires: 07/31/2027

MICHELLE WALKER NOTARY PUBLIC STATE OF WISCONSIN

SUBSCRIBED TO AND SWORN BEFORE ME
THIS 27 DAY OF Aug 20 26
NOTARY PUBLIC
My Commission Expires: 07/31/2027
Not valid without Notary Seal

CONFIDENTIAL

FILED
08-31-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

STATE OF WISCONSIN CIRCUIT COURT PRICE COUNTY

JOHN J. BRYLSKI,

Plaintiff,

Case No.: 2026CV000108

v.

ATTORNEY ROBERT M. MEHLICH, et al.,

Defendants.

**NOTICE OF APPEARANCE**

PLEASE TAKE NOTICE, that the law firm of GORDON REES SCULLY MANSUKHANI, LLP, by Jennifer L. Williams, has been retained by, and appears on behalf of the Defendant, **Attorney Robert M. Mihelich** in the above reference matter. Copies of all pleadings should be served upon our offices at 500 West Silver Spring Drive, Suite K270, Glendale, WI 53217.

Dated this 31st day of August, 2026.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

*Electronically signed by Jennifer L. William*

Jennifer Williams, WI Bar #1058087
500 West Silver Spring Drive, Suite K270
Glendale, WI 53217
Tel: (414) 488-3999
Fax: (920) 471-1342
jlwilliams@grsm.com

CONFIDENTIAL

Case 2026CV000108 Document 44 Filed 09-01-2026 Page 1 of 1

FILED
09-01-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

STATE OF WISCONSIN CIRCUIT COURT PRICE COUNTY

JOHN J. BRYLSKI,

Plaintiff,

vs.

ATTORNEY ROBERT M. MEHLICH, et al.,

Defendants.

**MOTION TO WITHDRAW**

Case No. 26-CV-108

NOW COMES attorney Bryce A. Schoenborn of Slaby Deda, LLP, and respectfully moves the Court for an Order pursuant to Wis. Sup. Ct. R. 20:1.16:

1. Permitting withdrawal from this matter as attorney for Brian Schmidt in the above-captioned cases.

The basis for this Motion is as follows:

1. Attorney Bryce A. Schoenborn had entered a limited notice of appearance for Defendant Brian Schmidt pending appointment of defense counsel by the County's insurer.

2. Defendant Brian Schmidt is now represented by Attorney Ronald Stadler and Attorney Jonathan Sacks.

3 Based on the preceding statements Bryce A. Schoenborn moves this Court for an order permitting withdrawal.

4. Bryce A. Schoenborn's withdrawal can be accomplished without material adverse affect on the interests of Brian Schmidt.

Dated this 1st day of September, 2026.

SLABY DEDA LLP
Attorneys for Defendant Brian Schmidt

By: [signature]
Bryce A. Schoenborn
State Bar No.: 1088153

**P.O. Address of Attorney**:
215 North Lake Avenue, P.O. Box 7
Phillips, WI 54555
Telephone: (715) 339-2196
Facsimile: (715) 339-4664

CONFIDENTIAL

FILED
09-01-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

STATE OF WISCONSIN CIRCUIT COURT PRICE COUNTY

---

JOHN J. BRYLSKI,

Plaintiff,

vs.

**ORDER PERMITTING WITHDRAWAL FROM REPRESENTATION**

ATTORNEY ROBERT M. MEHLICH, et al.,

Case No.: 26-CV-108

Defendants.

---

CONFIDENTIAL

Based upon the foregoing motion to withdraw as attorney as made by Attorney Bryce A. Schoenborn, and the representations made therein:

THE COURT FINDS:

1. Attorney Bryce A. Schoenborn is no longer the attorney for Brian Schmidt in this matter.

2. The withdrawal of Bryce A. Schoenborn can be accomplished without material adverse effect on Brian Schmidt.

IT IS HEREBY ORDERED that Attorney Bryce A. Schoenborn is no longer the attorney for Brian Schmidt and said withdrawal is pursuant to the Wisconsin Supreme Court Rules.

FILED
09-01-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

**DATE SIGNED: September 1, 2026**

Electronically signed by Timothy Gebert
Circuit Court Judge

STATE OF WISCONSIN CIRCUIT COURT PRICE COUNTY

---

JOHN J. BRYLSKI,

Plaintiff,

vs.

ATTORNEY ROBERT M. MEHLICH, et al.,

Defendants.

**ORDER PERMITTING WITHDRAWAL FROM REPRESENTATION**

Case No.: 26-CV-108

---

Based upon the foregoing motion to withdraw as attorney as made by Attorney Bryce A. Schoenborn, and the representations made therein:

THE COURT FINDS:

1. Attorney Bryce A. Schoenborn is no longer the attorney for Brian Schmidt in this matter.

2. The withdrawal of Bryce A. Schoenborn can be accomplished without material adverse effect on Brian Schmidt.

IT IS HEREBY ORDERED that Attorney Bryce A. Schoenborn is no longer the attorney for Brian Schmidt and said withdrawal is pursuant to the Wisconsin Supreme Court Rules.

CONFIDENTIAL

FILED
09-02-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

**STATE OF WISCONSIN** **CIRCUIT COURT** **PRICE COUNTY**

John J Brylski vs. Brian Schmidt et al

## Notice of Hearing

Case No: 2026CV000108

COURT ORIGINAL

This case is scheduled for: **Status conference**

| NOTICE OF HEARING | | |
|---|---|---|
| **Date**<br>09-14-2026 | **Time**<br>08:30 am | **Location**<br>Price County Courthouse - Small Courtroom<br>126 Cherry Street - Room 211<br>Phillips WI 54555 |
| **Circuit Court Judge/Circuit Court Commissioner**<br>Timothy Gebert | | |
| **Re**<br>Intentional Tort | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

**If you require reasonable accommodations due to a disability to participate in the court process, please call 715-339-3315 prior to the scheduled court date. Please note that the court does not provide transportation.**

Price County Circuit Court
Date: September 2, 2026

| DISTRIBUTION | Address | Service Type |
|---|---|---|
| Court Original | | |
| John J Brylski | | Electronic Notice |
| Jonathan E Sacks | | Electronic Notice |
| Ronald S Stadler | | Electronic Notice |
| Jennifer Lynn Williams | | Electronic Notice |


This form shall not be modified. It may be supplemented with additional material.

Case 2026CV000108 Document 48 Filed 09-02-2026 Page 1 of 1

FILED
09-02-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

**DATE DECLINED: September 2, 2026**

placed on the record

Electronically declined by Timothy Gebert
Circuit Court Judge

STATE OF WISCONSIN : CIRCUIT COURT : PRICE COUNTY JOHN J. BRYLSKI, Plaintiff,

v.

PRICE COUNTY Defendants SHERIFF BRIAN S. SCHMIDT and Attorney Robert M. Hihelich

Case No.: 2026CV000108 Hon. Timothy Gebert

PLAINTIFF'S PROPOSED SCHEDULING ORDER

Pursuant to the telephone conference scheduled for September 2, 2026, the Plaintiff respectfully submits the following proposed deadlines to govern this action:

**Amended Pleadings**: All motions to amend the pleadings or join additional parties shall be filed and served on or before October 15, 2026.

**Initial Disclosures**: The parties shall exchange initial disclosures, witness lists, and descriptions of insurance coverage on or before October 30, 2026.

**Admission of Exhibit Authenticity**: Defendants shall serve formal responses admitting or denying the authenticity of Plaintiff's Exhibits 1-A through 17 on or before November 15, 2026.

**Fact Discovery & Depositions:** All fact discovery, including interrogatories, requests for production, and oral depositions, shall be completed on or before January 15, 2027.Expert

**Witness Disclosures:** The Plaintiff shall disclose expert witnesses by February 15, 2027. The Defendants shall disclose expert witnesses by March 15, 2027.

**Dispositive Motions:** All dispositive motions, including Motions for Summary Judgment, shall be filed and served on or before April 15, 2027.Jury Trial Track: The Plaintiff maintains the formal demand for a 6-person jury trial pursuant to Wis. Stat. § 805.01(2).Dated this _____ day of August, 2026.

John J. Brylski, Plaintiff Pro Se

DECLINED
CONFIDENTIAL

[redacted]

[redacted]

[redacted]

FILED
09-08-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

During the period of June 2022 through July 19, 2024, John Brylski posted public statements that some people in the community questioned. In regard to statements that John made regarding a situation I experienced in the 1990s, aside from a few small details that he did not fully know, he was telling the true and accurate story. People in the community gave him factual information that was accurate about my situation. John Brylski has conducted himself honorably as a concerned citizen of Price County. He should not have to apologize for anything, because those posts were not misleading nor did he wrongly cause any emotional harm or distress.

EXHIBIT 16 A

# Tammy Hastings post

**From:** Robert Mihelich <attyrmm@bizwi.rr.com>
**To:** John Brylski
**Date:** Jul 28, 2024, 9:15 AM

EXHIBIT 17

John,

I see that Tammy Hastings has made a posting on your Facebook page making allegations about my client. This is in violation of the settlement agreement paragraph 6E. That paragraph prevents you from directly or indirectly allowing Tammy Hastings to post disparaging comments about sheriff Schmidt. Ms. Hastings posting implies that Schmidt engaged in improper conduct. This is not in the spirit of the settlement agreement. Please immediately delete Miss Hastings's posting and prevent her from posting anything ever again that is similar in nature. Please confirm with me that you've taken such actions. Unless you've done so we will be forced to file an action for an injunction pursuant to the settlement agreement.

Sincerely,

Bob Mihelich
Sent from my iPhone

[redacted]

[redacted]

FILED
09-08-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

FILED
10-06-2022
Clerk of Circuit Court
Price County, WI
2022CV000059

**STATE OF WISCONSIN** **CIRCUIT COURT**
**WALWORTH COUNTY**

**BRIAN S. SCHMIDT**

Plaintiff,

-vs-

Case No.
Case Code: 30106

**JOHN BRYLSKI,**

Defendant.

EXHibiT 19

**COMPLAINT**

**NOW COMES** the Plaintiff, Brian S. Schmidt by his Attorney, The Law Offices of Robert M. Mihelich, by Attorney Robert M. Mihelich, and as for his Complaint of Libel against the Defendant, John Brylski, hereby states as follows.

**PARTIES**

1. Plaintiff, Brian S. Schmidt ("Sheriff Schmidt"), is an adult resident of the State of Wisconsin and resides in Prentice, Wisconsin.

2. The Plaintiff is the current Sheriff for Price County, Wisconsin.

3. Defendant, John Brylski ("Mr. Brylski") is an adult resident of the State of Wisconsin and maintains a residence at N8973 W Island Road, Phillips, Wisconsin, 54555.

**JURISDICTION AND VENUE**

4. This court has jurisdiction pursuant to *Wis. Stat.* § 801.05.

5. Venue is appropriate pursuant to *Wis. Stat.* § 801.50.

**FACTUAL BACKGROUND**

6. Sheriff Schmidt has over three decades of commendable law enforcement service and has been employed by the Price County Sheriff's Office since 1989. Sheriff Schmidt has honorably served as the duly elected Sheriff of Price County, Wisconsin since 2009.

EXHIBIT 19

7. Sheriff Schmidt has never been disciplined in his position or accused of improper conduct, nor has Sheriff Schmidt been accused of any "illegal" actions or misconduct during his entire career.

8. Defendant Brylski was employed as a Deputy Sheriff for Outagamie County, Wisconsin.

9. As a Deputy Sheriff for Outagamie County, Mr. Brylski received training with regard to interviewing witnesses and victims of crime, investigating crime, handling of evidence, processing of police reports, and the maintenance of confidential records.

10. The election for the position of Price County Sheriff will be held on November 8, 2022.

11. Sheriff Schmidt is the incumbent Republican candidate for the position of Price County Sheriff, a position where integrity, incorruptibility, and investigative ability are absolute essentials.

12. Mr. Brylski is seeking election to the position of Price County Sheriff as an independent write-in candidate.

13. In conjunction with his write-in candidacy for Price County Sheriff, Mr. Brylski maintains a Facebook account, "John Brylski for Price County Sheriff." (Hereinafter, the "Brylski for Price County Sheriff Account") See https://www.facebook.com/johnbrylski/.

14. Mr. Brylski's "John Brylski for Price County Sheriff" Facebook page states that he has 28 years of law enforcement experience, including experience as a "cold case investigator, patrolman, public school liaison officer, and criminal & arson investigator/evidence tech."

15. Mr. Brylski also maintains a Facebook account entitled "Justice for Shelly Hansen Missing People Unsolved Crime Victims Northern WI" (Hereinafter the "Justice for Hansen Account") See https://www.facebook.com/groups/2680086918963832.

16. On or about September 20, 2022, Mr. Brylski published to third parties the following statement on his Brylski for Price County Sheriff Account:

> Yesterday was again interesting. When I started out on Fifield St., the 1st house motioned to me angrily to get lost. The 2nd house the guy yelled, "You're all crooked; get of my lawn." If I could have told him that's part of why I am running for Sheriff, but I never got the chance. So I decided it was a good time to put my Marine Corps cap on and possibly I would not have gotten the same reception. After that, things went smoothly. **One house member said he was very aware of the corruption and behavior at Price County, mostly targeting the current Sheriff (his words); not that I am not in agreement.** As a result, his whole family is voting for me. This is not the only time I have been given this message by the citizens of Price County. **It seems like for most of the citizens who have been**

[redacted]

FILED
09-08-2026
Clerk of Circuit Court
Price County, WI
2026CV000108

**STATE OF WISCONSIN : CIRCUIT COURT : PRICE COUNTY**
**JOHN J. BRYLSKI,**
Plaintiff,
v. **CASE NO. 2026CV000108**
**BRIAN S. SCHMIDT, et al.,**
Defendants.

---

# NOTICE OF CORRECTIONS REGARDING FILING EXHIBIT TIMELINES

**TO:**
Clerk of Circuit Court – Price County
Price County Courthouse
126 Cherry St, Phillips, WI 54555

Attorney Robert M. Mihelich
(Counsel for Defendants)

**PLEASE TAKE NOTICE** that the Plaintiff, John J. Brylski, appearing *Pro Se*, hereby submits this formal Notice of Correction to rectify an honest chronological oversight contained within the exhibit descriptions attached to the initial pleadings filed on August 12, 2026.

1. **Correction of Telephone Call Log Date:** Within the Plaintiff's Master Complaint text and attached index logs (specifically referenced under internal indexing as Exhibit 6-C / Call Log), a typed contemporaneous log noted a high-pressure telephone communication from Defendant Attorney Mihelich as occurring on *July 23, 2024, at 8:59 PM*.
2. **True and Correct Timeline:** Plaintiff has verified through internal contemporaneous notes logged immediately following the event that this specific telephone call actually transpired on **July 14, 2026, at 4:26 PM** from telephone number **414-617-1356**.
3. **Factual Clarification:** This administrative error was an entirely honest oversight stemming from the vast array of fast-moving dates, multi-year timelines, and voluminous exhibit files managed by the *Pro Se* Plaintiff. The core factual substance of the call log—including the uncontracted $300,000.00 threat, spousal deposition demands, and media leak confirmations—remains completely accurate and unchanged.

The Plaintiff requests that the Clerk of Court and the Presiding Judge utilize this Notice to clarify the active record moving forward.

Dated this 8th day of September, 2026.

Respectfully Submitted,

---

**John J. Brylski, Plaintiff Pro Se**
W2275 State Hwy 22
Gillett, WI 54124

CONFIDENTIAL

CONFIDENTIAL