**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

JOHN J. BRYLSKI,

Plaintiff,

v. Case No. 26-CV-945

BRIAN S. SCHMIDT,
ROBERT M. MIHELICH,

Defendants.

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant Robert M. Mihelich hereby moves for an order dismissing all claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted.

## INTRODUCTION

This civil action asks the Court to impose liability on a lawyer for representing his client. After the Plaintiff made a series of defamatory statements about Sheriff Schmidt on social media, Sheriff Schmidt sued Brylski in Price County Circuit Court for libel, and Defendant Mihelich served as Sheriff Schmidt's counsel. Now that Brylski is disgruntled that the previous action ended in a settlement, he now sues Mihelich for abuse of process and intentional infliction of emotional distress for actions Mihelich undertook as Schmidt's counsel before and after the execution of the settlement agreement and the dismissal of the previous action. Because the litigation privilege shields an attorney from liability for legitimate actions taken throughout the course of litigation, both claims must be dismissed with prejudice. Should

the Court disallow the defense of privilege, the claims should be dismissed for failing to plausibly state viable claims.

## BACKGROUND

Plaintiff's allegations pertain to the previous suit for libel initiated by Sheriff Schmidt against the Plaintiff in Price County Circuit Court, Case No. 2022CV59. [Am. Compl., ECF # 4-1 ¶ 5.] Plaintiff alleges that on July 23, 2024, Mihelich "bypassed proper legal discovery channels" by sending an email "threaten[ing] to depose" Plaintiff's spouse. [*Id.* ¶ 13.] At the same time, Plaintiff complains that Mihelich "transmitted an unfiled Subpoena Duces Tecum." [*Id.* ¶¶ 13–14.] Plaintiff further alleges that Mihelich had spoken with Tammy Hastings, a critical witness, "forcing her to repudiate her recorded statements." [*Id.* ¶ 15.] After the parties executed the settlement agreement, the previous action was dismissed with prejudice on July 26, 2024. [*Id.* ¶ 6.]

Two years later, Plaintiff alleges that Mihelich began corresponding with him regarding breaches of the settlement agreement. Plaintiff alleges that in June and July 2026, Mihelich sent him a "Notice of Breach" and a "Second Notice of Breach" letter discussing settlement payments in the event of a breach. [*Id.* ¶¶ 22–24.] Plaintiff further alleges that during a July 23, 2026, telephone call that Mihelich "threatened" a $300,000 lawsuit along with a "campaign to depose Plaintiff's spouse[.]" [*Id.* ¶ 26.] Plaintiff asserts that during the call, Mihelich "intentionally misrepresented material facts" relating to Tammy Hastings and Lisa Talley. [*Id.* ¶ 27].

Plaintiff's Amended Complaint asserts two counts against Mihelich. In count two, Plaintiff alleges Mihelich abused the legal process by creating an "unfiled" subpoena duces tecum, sending deposition notices to Plaintiff's spouse, and "threatening" him with a $300,000

lawsuit. [*Id.* ¶ 41.] In count three, Plaintiff alleges Mihelich intentionally inflicted emotional distress for actions immediately preceding the execution of the July 25, 2024, settlement agreement, "threatening" to depose Plaintiff's spouse, "manufacturing false witness statements, concealing official files, exposing confidential data[,]" and issuing a $300,000 "threat[.]" [*Id.* ¶¶ 44–45.] Both claims rest on protected conduct Mihelich engaged in as Schmidt's legal representative and must be dismissed.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2000)). A complaint is facially plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 556 U.S. at 678. In resolving a Rule 12(b)(6) motion, the court accepts the "well-pleaded facts" as true, while excising "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 681)).

Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper where the applicability of the defense is apparent from the face of the complaint itself. *Burton v. Ghosh*, 961 F.3d 960, 965 (7th Cir. 2020). The "face of the complaint" refers to the four corners of the plaintiff's pleading as well as to documents incorporated into the complaint by reference. *Holmes v. Marion Cnty. Sheriff's Office*, 141 F.4th 818, 822 (7th Cir. 2025). As such, "when the

face of the complaint 'admits all the ingredients of an impenetrable defense,' the plaintiff has pleaded himself out of court" and dismissal under Rule 12(b)(6) is proper. *Id.*

**ANALYSIS**

The claims against Mihelich fail at the threshold because each count rests entirely on actions Mihelich undertook as Schmidt's legal representative. Indeed, as the complaint readily demonstrates, every act Plaintiff asserts as unlawful—sending deposition notices, corresponding with critical witnesses, settlement communications—were all taken in the course of Mihelich's representation of Sheriff Schmidt. As every act the amended complaint attributed to Mihelich occurred during litigation, counts two and three should be dismissed. Further, because Plaintiff fails to allege essential facts for each element of each claim, the claims fail individually on their own merits.

**I. The Litigation Privilege Bars All Claims Against Mihelich**

**A. Abuse of Process**

In count two, Plaintiff alleges that Mihelich abused the legal process for his representation of Sheriff Schmidt in the previous action for libel. Abuse of process happens when an individual "uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed." *Brownsell v. Klawitter*, 102 Wis. 2d 108, 114, 306 N.W.2d 41, 44 (1981) (quoting Restatement (Second) of Torts § 682 (1977)). The claim has two elements: (1) "a willful act in the use of process not proper in the regular conduct of the proceedings"; and (2) an "ulterior motive." *Brownsell*, 102 Wis. 2d at 115 (quoting *Thompson v. Beecham*, 72 Wis. 2d 356, 362, 241 N.W.2d 163, 166 (1976)).

Wisconsin's litigation privilege is well-established: it insulates attorneys and parties from liability for statements made in a legal proceeding. The purpose of the privilege is to

afford litigants "the utmost freedom of access to the courts to preserve and defend their rights and to protect attorneys during the course of their representation of their clients." *Rady v. Lutz*, 150 Wis. 2d 643, 648, 444 N.W.2d 58. 60 (Ct. App. 1989). Statements by "parties, witnesses and counsel are absolutely privileged when the statements bear a proper relationship to the issues" in a judicial proceeding. *Bergman v. Hupy*, 64 Wis. 2d 747, 749–50, 221 N.W.2d 898, 900 (1974).

The litigation privilege for attorneys is not confined to claims for defamation; it can also act as a bar to claims for abuse of process. As the Wisconsin Supreme Court stated:

> The immunity from liability to third parties extends to an attorney who pursues in good faith his or her client's interests on a matter fairly debatable in the law. However, the immunity does not apply when the attorney acts in a malicious, fraudulent or tortious manner which frustrates the administration of justice or to obtain something for the client to which the client is not justly entitled.

*Strid v. Converse*, 111 Wis. 2d 418, 429–30, 331 N.W.2d 350, 356 (1983). In *Strid*, an attorney was sued for conduct he took in representing his client in a custody dispute. *Strid*, 111 Wis. 2d at 421. During the representation, the attorney prepared a bench warrant that resulted in the arrest of his client's former spouse. *Id.* The following year, the spouse sued the attorney for malicious prosecution and false imprisonment, but the complaint was dismissed for failure to state a claim. *Id.* At 421–22. On appeal, however, the plaintiff argued that her complaint stated a viable claim for abuse of process. *Id.* at 422. Though the court found the complaint stated a claim, it considered whether the abuse of process claim should be barred based on the attorney's litigation immunity. *Id.* at 428–30. The court concluded that the facts alleged raised a viable issue of whether the attorney acted in bad faith in causing plaintiff's arrest. *Id.* at 430.

Unlike the allegations in *Strid*, Plaintiff complains of lawful and legitimate actions Mihelich took in his representation of Sheriff Schmidt in the previous litigation. For example,

in *Strid*, the attorney prepared a bench warrant directing the sheriff to arrest his client's former spouse for failure to abide by the court's order regarding visitation of the parties' minor children. *Id.* at 421. The matter and subject of the bench warrant, however, had already been set for a hearing. Based on this fact, the court concluded the plaintiff created a jury question of whether the attorney had acted in bad faith in causing the spouse's unnecessary arrest. *Id.* at 430. Though the claim survived, its success was because the attorney's conduct could have been construed as vindictive and malicious conduct beyond the legal process.

Here, there are no allegations that Mihelich engaged in bad faith conduct outside the scope of his legal representation of Sheriff Schmidt. The complaint alleges that prior to the execution of the settlement agreement and the dismissal of the previous action, that Mihelich sent deposition notices and corresponded with witnesses. But there are no allegations that Mihelich did any of these actions maliciously, in bad faith, or contrary to his representation of Sheriff Schmidt. Additionally, there are no allegations that Mihelich acted beyond his representation of Sheriff Schmidt in his communications with Plaintiff about potential repercussions of breaching the settlement agreement. *See also In re Rinaldi*, 487 B.R. 516, 534 (E.D. Wis. Feb. 22, 2013) (recommending dismissal of abuse of process claim either for failure to identify a definitive act or because "any statements that allegedly" constituted a "threat would be protected by the litigation privilege"). For these reasons, count two should be dismissed.

Alternatively, Plaintiff's abuse of process claim fails on the merits because the amended complaint does not allege Mihelich misused legal process "not proper in the regular conduct of the proceedings[.]" *Brownsell*, 102 Wis. 2d at 115. Plaintiff complains of routine conduct allowed and authorized by legal procedures, such as noticing depositions, issuing subpoenas,

and communicating with Plaintiff about enforcing the settlement agreement. None of the actions state a plausible claim for abuse of process. Accordingly, count two should be dismissed for failing to plausibly allege an abuse of process claim.

**B. Intentional Infliction of Emotional Distress**

In count three, Plaintiff alleges Mihelich intentionally inflicted emotional distress again by taking actions in his capacity as Sheriff Schmidt's previous counsel. To state a claim for intentional infliction of emotional distress, a plaintiff must prove: "(1) the defendant behaved as he did for the purpose of causing emotional distress; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct was a cause-in-fact of the plaintiff's injury; and (4) the plaintiff suffered an extreme disabling emotional response to the defendant's conduct." *Duncan v. Manning*, 998 F. Supp. 2d 725, 733 (E.D. Wis. 2014) (citing *Anderson v. Continental Ins. Co.*, 85 Wis. 2d 675, 695, 271 N.W.2d 368, 378 (1978)).

The same litigation privilege bars Plaintiff's claim for intentional infliction of emotional distress. Addressing this exact question, the Seventh Circuit has predicted that the absolute privilege afforded to parties for statements made during a legal proceeding would extend to claims for intentional infliction of emotional distress in Wisconsin, reasoning that "[t]he absolute privilege would be meaningless if a simple recasting of the cause of action from 'defamation' to 'intentional infliction of emotional distress' . . . could void its effect." *Sweeney v. Flanagan*, 1996 WL 414170, at *2 (7th Cir. July 23, 1996) (citations omitted). That said, in *Sweeney*, the Seventh Circuit affirmed the district court's dismissal of the claims for intentional infliction of emotional distress which rested entirely on privileged litigation communications. Though *Sweeney* is an unpublished decision, it is persuasive authority and flows directly from *Bergman*'s rule that the privilege regarding litigation communications is absolute.

Here, Plaintiff alleges that Mihelich inflicted emotional distress for serving as Schmidt's legal counsel, namely sending deposition notices, allegedly "concealing official files," discussing settlement and the settlement agreement, and issuing a $300,000 "threat." [Am. Compl., ECF # 4-1 ¶ 45.] These are all actions or statements Mihelich made during the previous litigation or after the execution of the settlement agreement and the dismissal of the previous lawsuit. As such, Mihelich was serving as Schmidt's legal counsel and therefore cannot be held liable. Count three must be dismissed.

Count three should also be dismissed because Plaintiff cannot show that Mihelich acted solely for the purpose of causing Plaintiff emotional distress; nor can Plaintiff show that Mihelich's conduct was "extreme and outrageous." *See Duncan*, 998 F. Supp. 2d at 732 ("Causing emotional distress must be the direct purpose of the actions and not a by-product of the action.") (citing *Rabideau v. City of Racine*, 2001 WI 57, ¶ 36, 243 Wis.2d 486, ¶ 36)). Rather, Plaintiff's allegations complain of conduct aimed squarely at litigation objectives and furthering the interests of his client. Because the amended complaint ties each act attributed to Mihelich to litigation, and settlement or enforcement of the settlement agreement, Plaintiff cannot plausibly allege that Mihelich acted solely to inflict emotional distress. As such, the claim should alternatively be dismissed for failure to state a plausible claim.

**CONCLUSION**

For the foregoing reasons, Defendant Mihelich respectfully requests that the Court dismiss all claims against him under Federal Rule of Civil Procedure 12(b)(6) with prejudice and grant such other relief as the Court deems just and proper.

Respectfully submitted this 18th day of September, 2026.

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Veronica G. Edmonds* ____________
Jennifer L. Williams, WI Bar #1058087
Veronica G. Edmonds, D.C. Bar #90014054
500 West Silver Spring Drive, Suite K270
Glendale, WI 53217
Tel: (414) 488-3999
Fax: (920) 471-1342
jlwilliams@grsm.com
vedmonds@grsm.com

*Attorneys for Defendant Robert M. Mihelich*