FILED/REC'D
2026 SEP 25 A 11: 43
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN J. BRYLSKI,
Plaintiff,
v.
BRIAN SCHMIDT and ROBERT M. MIHELICH,
Defendants.

CASE NO. 3:26-cv-00945-jdp

PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT BRIAN SCHMIDT'S COUNTERCLAIM

Now comes the Plaintiff, John J. Brylski, proceeding Pro Se, and as and for his responsive answers, affirmative defenses, and counter-demands to Defendant Brian Schmidt's Counterclaim, respectfully alleges and states as follows:

POINT-BY-POINT ADMISSIONS AND DENIALS

1. Answering Paragraph 1: Plaintiff admits that Paragraph 1 contains an administrative statement incorporating prior definitions. Plaintiff explicitly denies any liability, wrongdoing, or prior material breach as part of this incorporation.
2. Answering Paragraph 2: Plaintiff admits only that he signed a physical document on July 25, 2024. Plaintiff explicitly denies that this document constitutes a legally valid, binding, or enforceable agreement, as his signature was involuntarily extracted under extreme duress, fraudulent inducement, and deceptive out-of-court maneuvers as detailed in his Affirmative Defenses below.
3. Answering Paragraph 3: Plaintiff admits only that a prior state court action under Case No. 2022-cv-59 was dismissed on July 26, 2024. Plaintiff denies the remaining allegations in Paragraph 3. Plaintiff affirmatively asserts that the true consideration demanded by the defense team was the

illegal suppression of public records and the obstruction of a statutory transparency campaign, rendering the agreement void.

4. Answering Paragraph 4: Plaintiff admits that Paragraph 4 quotes standard text from Section 2 of the document. Plaintiff denies that this section holds any legal weight, as the contract is void against public policy.
5. Answering Paragraph 5: Plaintiff admits that Paragraph 5 accurately quotes the raw text of Section 5 of the document. Plaintiff denies that his subsequent actions violated any lawful covenant within this section.
6. Answering Paragraph 6: Plaintiff admits that Paragraph 6 quotes portions of Section 6(e) of the document. Plaintiff denies that his subsequent actions violated any lawful covenant within this section.
7. Answering Paragraph 7: Plaintiff admits that he filed this active civil rights lawsuit on August 12, 2026, to protect his family from ongoing legal harassment.
8. Answering Paragraph 8: Plaintiff denies the allegations in Paragraph 8. Plaintiff affirmatively asserts that the statements made, pleadings drafted, and documentary evidence attached as Exhibits A through 20 are entirely pertinent and relevant to proving his active claims for Duress (Count I) and First Amendment Retaliation under 42 U.S.C. § 1983 (Count IV). Accordingly, all such filings are protected by an Absolute Litigation Privilege under Wisconsin law.
9. Answering Paragraph 9: Plaintiff denies the allegations in Paragraph 9. Plaintiff repeats that a private confidentiality contract cannot be utilized as a tool to strip away a citizen's absolute judicial immunity or block the submission of evidence to a federal judge.

10.Answering Paragraph 10: Plaintiff denies the allegations in Paragraph 10. Plaintiff asserts that truthful historical evidence regarding a public official's misconduct does not constitute actionable defamation or contractually barred disparagement.

RESPONSE TO COUNTERCLAIM COUNT I: BREACH OF CONTRACT

11.Answering Paragraph 11: Plaintiff denies the allegations in Paragraph 11. Plaintiff affirmatively states that any and all contact or correspondence with Wisconsin Watch or its journalists occurred entirely prior to the execution of the July 25, 2024 agreement and was a matter of open discussion with defense counsel during out-of-court calls. Plaintiff categorically denies providing any prohibited information, videos, or documents directly or indirectly to Wisconsin Watch or any representatives listed in the Counterclaim at any point following the execution of the contract.

12.Answering Paragraph 12: Plaintiff incorporates his prior answers to Paragraphs 1 through 11 as though fully set forth herein.

13.Answering Paragraph 13: Plaintiff denies that the agreement is a valid or binding contract.

14.Answering Paragraph 14: Plaintiff admits only that Case No. 2022-cv-59 was dismissed. Plaintiff denies that Defendant Schmidt fully performed his obligations. Plaintiff affirmatively asserts that the defendants committed a prior material breach on June 29, 2026, by mailing an unsealed demand packet containing sensitive misconduct allegations through the open U.S. mail stream to an outdated address.

15.Answering Paragraph 15: Plaintiff flatly denies the allegations in Paragraph 15. Plaintiff denies he breached any lawful agreement. Plaintiff asserts that filing a complaint and its attached exhibits is protected by the First Amendment and the Absolute Litigation Privilege.

16. Answering Paragraph 16: Plaintiff denies the allegations in Paragraph 16. Plaintiff asserts that the Sheriff has suffered zero actual, ongoing, or measurable financial or reputational damages.

17. Answering Paragraph 17: Plaintiff admits that Section 17 of the agreement contains a fee-shifting provision. Plaintiff denies that Defendant Schmidt is entitled to recover any fees. Plaintiff asserts that because he is the true prevailing party, Plaintiff is entitled to an order forcing Defendant Schmidt to pay 100% of Plaintiff's litigation costs and disbursements.

RESPONSE TO COUNTERCLAIM COUNT II: DEFAMATION (LIBEL)

18. Answering Paragraph 18: Plaintiff incorporates his prior answers to Paragraphs 1 through 17 as though fully set forth herein.

19. Answering Paragraph 19: Plaintiff flatly denies the allegations in Paragraph 19. Plaintiff denies that filing a federal complaint constitutes a "publication of a false statement to third parties."

20. Answering Paragraph 20: Plaintiff flatly denies the allegations in Paragraph 20.

21. Answering Paragraph 21: Plaintiff denies the allegations in Paragraph 21. Plaintiff has frozen and preserved all text and phone data in compliance with his litigation hold, which proves zero contact with outside third parties regarding these files.

22. Answering Paragraph 22: Plaintiff denies the allegations in Paragraph 22. Truthful historical evidence regarding an elected official's actions does not constitute libel.

23. Answering Paragraph 23: Plaintiff flatly denies the allegations in Paragraph 23. Plaintiff asserts that his attached exhibits are the absolute factual foundation needed to prove his tort and constitutional civil rights claims, making them entirely relevant to the litigation.

24. Answering Paragraph 24: Plaintiff flatly denies the allegations in Paragraph 24. Plaintiff asserts that his Absolute Litigation Privilege remains completely unassailable.

RESPONSE TO COUNTERCLAIM COUNT III: ABUSE OF PROCESS

25. Answering Paragraph 25: Plaintiff incorporates his prior answers to Paragraphs 1 through 24 as though fully set forth herein.

26. Answering Paragraph 26: Plaintiff flatly denies the allegations in Paragraph 26. Plaintiff filed this action for the legitimate purpose of seeking a Declaratory Judgment and defending his constitutional civil rights.

27. Answering Paragraph 27: Plaintiff denies that Paragraph 27 accurately applies to the facts of this case. Plaintiff asserts that under long-standing law, the mere filing of a civil complaint can never constitute an abuse of process.

28. Answering Paragraph 28: Plaintiff flatly denies the allegations in Paragraph 28.

RESPONSE TO COUNTERCLAIM COUNT IV: PUNITIVE DAMAGES

29. Answering Paragraph 29: Plaintiff incorporates his prior answers to Paragraphs 1 through 28 as though fully set forth herein.

30. Answering Paragraph 30: Plaintiff flatly denies the allegations in Paragraph 30. Plaintiff has operated with absolute legal propriety.

31. Answering Paragraph 31: Plaintiff flatly denies the allegations in Paragraph 31.

32. Answering Paragraph 32: Plaintiff flatly denies the allegations in Paragraph 32.

33. Answering Paragraph 33: Plaintiff flatly denies the allegations in Paragraph 33. Plaintiff denies that his actions warrant any form of punishment or punitive damages.

AFFIRMATIVE DEFENSES TO THE COUNTERCLAIMS

FIRST AFFIRMATIVE DEFENSE

(Void Against Public Policy & The First Amendment — The Overbey Doctrine)

34. Counterclaim Plaintiff Brian Schmidt's Counterclaim for breach of contract (Count I) is barred because the underlying July 25, 2024 Confidential Settlement and Release Agreement is fundamentally unconstitutional, illegal, and void as a matter of public policy.

35. Under the landmark First Amendment precedent Overbey v. Mayor and City Council of Baltimore, 930 F.3d 215 (4th Cir. 2019), confidentiality, non-disparagement, and speech-restrictive clauses in settlement agreements involving an elected government official acting under color of law are structurally unconstitutional and void when weaponized to suppress a citizen's right to comment on public corruption or petition the government for a redress of grievances.

36. The contract at issue directly conditions the dismissal of a civil lawsuit upon the forced withdrawal of statutory open records requests (Section 6(c)), the dismissal of a public transparency mandamus action (Section 6(d)), and a permanent publication ban regarding evidence of official misconduct by an elected Sheriff (Section 6(e)). Because an elected public official cannot contractually buy a citizen's silence regarding government corruption, the contract is unconscionable and unenforceable under Overbey.

SECOND AFFIRMATIVE DEFENSE

(Fraudulent Inducement, Duress, & Lack of Mutual Assent — Exhibit 21)

37. Counterclaim Count I is barred because the July 25, 2024 Agreement was executed under extreme duress, deceptive extrajudicial maneuvers, and material fraudulent misrepresentations, completely destroying the requirement of voluntary mutual assent.

38. On July 23, 2024, at 5:55 PM and 8:38 PM, immediately prior to signing, Plaintiff transmitted explicit written notifications to Defendant Attorney Robert M. Mihelich revoking any tentative assent to the forced public apology script (Point #7 / Exhibit A), which are attached hereto under Exhibit 21 and incorporated by reference.

39. As documented in the contemporaneous text of Exhibit 21, Plaintiff explicitly protested that forcing him to publish a scripted statement declaring that Sheriff Schmidt "conducted himself honorably" was compelling him to say "something I really don't believe in," and that any prior concessions were the direct result of being "tricked."

40. Following this explicit written revocation, the defense team bypassed the written record, immediately executing off-the-record verbal pressure via a July 23, 2024, 8:59 PM voice message to overbear Plaintiff's will. Combined with active threats to execute an invasive, unfiled Subpoena Duces Tecum against Plaintiff's completely uninvolved spouse, Amy Brylski, and threats to publicly disseminate inaccurate personal files via social media, Plaintiff's signature was involuntarily extracted under extreme situational coercion.

THIRD AFFIRMATIVE DEFENSE

(Absolute Litigation Privilege)

41. Counterclaim Count I (Breach of Contract) and Count II (Defamation/Libel) are completely barred by the Absolute Litigation Privilege.

42. Under well-established law, including Radue v. Dill, 74 Wis. 2d 239, 248 N.W.2d 448 (1974), all statements made, pleadings drafted, and documentary exhibits attached during the course of active judicial proceedings are cloaked in absolute civil immunity.

43. The Sheriff's assertion that the publication of Exhibits A through 20 breaks a private contract is a legal impossibility. Because the attached exhibits (including raw victim logs and witness texts)

provide the mandatory, direct factual foundation required to prove Plaintiff's claims of Duress (Count I) and First Amendment Retaliation under 42 U.S.C. § 1983 (Count IV), the documents are entirely relevant and pertinent to the federal litigation. A private confidentiality contract cannot be utilized as a tool to strip away a citizen's absolute judicial immunity or block the submission of evidence to a federal judge.

FOURTH AFFIRMATIVE DEFENSE

(Prior Material Breach)

44.Counterclaim Count I is barred because the defendants committed prior material breaches of the contract's reciprocal confidentiality terms, thereby legally excusing Plaintiff from any further performance under the long-standing rule established in Management Computer Services, Inc. v. Hawkins, Ash, Baptie & Co., 206 Wis. 2d 158, 557 N.W.2d 67 (1996).

45.Section 2 of the 2024 Agreement mandates absolute secrecy regarding the existence and terms of the settlement. The defendants shattered this core term on June 29, 2026, by mailing a highly specific, unsealed demand packet detailing every single sensitive, contractually restricted misconduct allegation through the open U.S. postal stream to an outdated address, exposing the data to third-party mail handlers. The defendants further documented their own material breach in Section 7 of their July 10, 2026 letter, explicitly declaring an intent to break the contract's secrecy by disclosing the agreement's parameters to investigative media outlet Wisconsin Watch.

FIFTH AFFIRMATIVE DEFENSE

(Total Mitigation & Complete Absence of Post-Settlement Violation)

46.All Counterclaim counts are barred because Counterclaim Plaintiff Brian Schmidt suffered zero actual, ongoing, or measurable financial or reputational damages.

47. As documented in Plaintiff's out-of-court correspondence, immediately upon receiving the June 29, 2026 notice, Plaintiff acted with absolute diligence and good faith, successfully contacting an independent administrator ("Christopher") to have the entire disputed social media thread completely wiped from public view within 14 hours.

48. Plaintiff's historical, pre-settlement news gathering research with Wisconsin Watch occurred entirely prior to July 25, 2024, and was explicitly disclosed to Defendant Mihelich over the phone. Plaintiff's pristine electronic records confirm he has maintained absolute zero contact or communications with Wisconsin Watch following the execution of the contract. The Sheriff's claims are therefore built entirely on a speculative and chronologically impossible guess, failing to meet the baseline evidentiary standards for a federal award of compensatory or punitive damages.

PRAYER FOR RELIEF ON THE COUNTERCLAIMS

WHEREFORE, Plaintiff John J. Brylski respectfully requests that this Court enter an Order:

1. Dismissing Counterclaim Plaintiff Brian Schmidt's Counterclaim in its entirety, with prejudice, and with zero recovery to the defendants;
2. Declaring the July 25, 2024 Confidential Settlement and Release Agreement completely void from its inception as a matter of public policy and the First Amendment under the Overbey doctrine;
3. Finding that the filing of Plaintiff's lawsuit and its attached exhibits is protected by the Absolute Litigation Privilege;

4. Awarding Plaintiff John J. Brylski his actual reasonable costs, filing fees, disbursements, and litigation expenses incurred in defending against these counterclaims, pursuant to Paragraph 17 of the agreement and the Court's equitable authority; and
5. Granting such other and further relief as this Court may deem just, proper, and equitable.

Dated this 21st Day of September, 2026.

Respectfully submitted,

September 21 2026

John J. Brylski, Plaintiff Pro Se
W2275 State Hwy 22
Gillett, WI 54124
Telephone: 920-540-2118
Email: jasnowshoe@aol.com

CERTIFICATE OF SERVICE

I, John J. Brylski, declare under penalty of perjury under the laws of the United States of America that I am the Plaintiff proceeding Pro Se in the above-captioned matter, and that my physical residential and mailing address is W2275 State Hwy 22, Gillett, WI 54124.

I hereby certify that on or before October 9, 2026, I caused a true and correct paper copy of the foregoing Plaintiff's Answer, Affirmative Defenses, and Responses to Defendant Brian Schmidt's Counterclaim, along with all attached exhibits (Exhibit 21), to be served upon the following counsel of record by depositing the same in the United States Mail at Gillett,