# Re: Schmidt v. Brylski: Settlement Offer

Sent

**John Brylski**
From: jasnowshoe@aol.com
To: Robert Mihelich

Jul 23, 2024, 5:55 PM

Attorney Mihelich 1st My wife will not do deposition and will if she receives subpeona will not appear if you think it smart to arrest her especially with your clients being the Sheriff of Price County thats up to the sheriff if he is willing to do that to my wife and face false arrest

> * I never told tammy I thought I thought Sheriff Schmidt had anything to do with personally with the diapperance of Shelly Hansen reason that is of course I never said it the other and it has never been posted anywhere by me. I have never spoken to Tammys husband. I think your confusing that with lisa Talley who wondered that when I talked to her I never said it she just wondered because she knew he worked as a security guard at Marquip when Shelly did anf remember one day as she was talking with him and he squeezed about some trouble with a women

*About my competecy to be an investigator that was completly false all I will say it occured during my divorce to my 1st wife.

*About enticing Lisa Talley to interview her I just wanted to relax her to feel safe to talk with me and I know she was not drunk maybe very emotional but not drunk also about her fuzzy memory I think she did a excellent job during the interview and if you watched it many details. About her being felon I wont waste my time with that one.

* The consentual part of Tammy hastings was already explained she was taken by squad car to remote location with door locked aand Sheriff with a gun

* About Tammy saying I creeped her out all I know now that for sure is not the case not even sure how to answer something like that Im not creepy I guess about the Tro that never happened at the Time Tammy was afraid but not of me the whole situation of dealing with those who disuaded her to testify against Schmidt. As You can see now Tammy has no problem doing that and sure said nothing in that video about me creeping her out and if she was afraid of me why would she give me that video with out eaven asking her. I think you will find they are willing to help me out now.

* About the admissibly of Lisa and Tammy's video evidense I personally took the one from Lisa and Tammy sent me hers I strongly believe they are relevant. Please give me specifics of your legal reasons they will not be admitted in court?

* What you call a simple request of I not wanting to change deposition date is far than simple already stated the reason not going to again.

* About go fund me I care about Lisa Talley Decker for what she expirence because of your client for no other reason. I believe instead youre client should be helping her out.

* I believe your missinformed about what has been posted about the Sheriff recently as there have been much support other fear to publicly show there support for obvious reasons.

* If have recently obtained my employment files some of is very innacurate but regardless I never did what your client has done especially on duty

Cocerning the possible resolution of this case I thank you for discussing it. In good faith I wiill honor as soon as I can not problem with **3** concering your client as long as this case is in progress I can promise that publicly now I can unless he or you do something so bad like the thing with my wife then I will not promise that and of course during a hearing or any part of litigation would be stupid for me to do. About Schmidts family I dont think I have ever done that I even sent a personal email to him about me feeling bad for his wife over all this. Anyways for sure for sure I will not say bad things about his family and I hope it goes the same way with them about me.

To show my good faith I will as soon as posibble remove those you list under **4** and **5 if I miss something please give me a email tell me what I missed it will be removed.**

**I agree with no 8**

**I agree with 9 as long as there is no abuses to it like I forgot something I posted about on Schmidt as I told you I will take care of that as through as possible. Again if I miss something after this is is agreed upon please let me know and it will be removed if I know where to find it.**

**Now # 7 any thing I said then is considerd confidential if I were to agree I would be violating that confidentiality agreement. Besides at the end of that mediation I was trying to make consessions I did not even believe in just to get out of this lawsuit not just for me but your client.**
**If I was to agree there has to be more discussion concerning this topic like what stement I made you want attached to this settlment agreement and go from there. I believe asking me to do this would be saying something I really don't believe in. And between me and Schmidt I will agree to getting some of your respect back but I expect the same so hopefully we dont get hung up on on just no 7. I got to thinking I am willing to post on my page I and the Sheriff have come to agreement I respect him for that as we both believe its best for Price County to move on and I only wish him the best in the rest of his career in the honorable job of a Law enforcemet officer. I would not be lieing if I post this if we can come to resolution over this lawsuit.**

**For no.1 and 2 no problem I agree.**
**Again for Sheriff schmidt I know are jobs are not easy and not everyone wants to do it we live with scars from what we can't forget from what we have seen some very horrible and risk our life and health doing the job. I have to hand it to you you have survived along time doing a tough job. Please let me know what you think and we can proceed from there?**

**Also still not sure about the deposition situation on July 25th I dont want to violate a court order and also my court reporter has not been cancelled yet and thats 750.00 dollars.**

On Tuesday, July 23, 2024 at 02:55:20 PM CDT, Robert Mihelich <attyrmm@bizwi.rr.com> wrote:

-

***Confidential Settlement Communication***

***Not Admissible per Wis. Stat. Sec. 904.08***

Dear Mr. Brylski:

We received your last two emails and the video recorded by Ms. Hastings. We also note that today the Court denied your last two motions to dismiss the case. The Court will continue to deny your baseless motions and will likely publicly sanction you if you continue your improper course of conduct.

We appreciate your willingness to resolve this case. However, you are responsible for the filing of this defamation lawsuit by falsely attacking Sheriff Schmidt when he declined to hire you as a part-time investigator on the Shelly Hansen case. Upon review of your employment file from Outagamie County, Sheriff's Schmidt's decision was well-founded, as you were demoted from being an investigator because you lacked basic competency. During the trial in this case, we intend to present this evidence to demonstrate that you made your false claims about Sheriff Schmidt with malice.

While discovery is ongoing in this case, there is already ample evidence to support Sheriff Schmidt's claim of defamation against you. The videos from Lisa Talley and Tammy Hastings do not help you as they are not admissible in court. Based on your correspondence with Ms. Talley, it appears you enticed her to record the video with a promise of dinner and alcohol. Ms. Talley appears intoxicated in the video and admits that her memory is "fuzzy" and completely unreliable. As a convicted felon, we highly doubt Ms. Talley will voluntarily testify at a trial and you will be unable to compel her to testify against her will.

You also set up a Go Fund Me Page promising to pay Ms. Talley with half of all donations. This is an obvious attempt to bribe Ms. Talley in return for her false testimony. As a trained law enforcement officer, you know that suborning perjury is highly improper and unlawful. Based on this we will be filing a motion to strike Ms. Talley as a witness and also for a jury instruction stating that you have offered to bribe a witness in order to suborn perjury.

Likewise, Ms. Hastings' video does not help your defense. As you admit, she does not state that she had intercourse against her will. I too have spoken to Ms. Hastings and she readily informed me that she had a *consensual relationship* with my client. When/if she testifies in court, she will be forced to make this critical admission. Since you are aware of this fact, your claim that my client had "illegal" sex with Ms. Hastings is patently false and defamatory.

Moreover, Ms. Hastings and her husband informed me that you "creeped her out" and that they were seeking a TRO against you from having any further contact with her. This will come out during her testimony at her deposition and at trial.

You must also know that Tammy and Jason informed me that when you first contacted her in person you told them that Sheriff Schmidt was "responsible for the disappearance of Shelly Hanson." I have this on a recording and will have this confirmed by Ms. Hastings during her deposition and at trial. This is another false statement made by you to a third person. We intend to file another civil Complaint against you alleging another separate claim of slander, as you will not stop making and publishing false comments about Sheriff Schmidt on your various social media websites. The Plaintiff will prevail in this new slander lawsuit because your statement was obviously false and intended to severely damage Sheriff Schmidt.

Plaintiff filed a motion yesterday for a protective order and for sanctions against you based on your baseless threats and attacks against me simply for representing my client. In your reply to Plaintiff's Motion for Protective Order and For Sanctions, you ***admit*** that you have made threats to file an ethics complaint against Plaintiff's counsel for the sole purpose of preventing Plaintiff from seeking relevant discovery in the case. Based on your admissions, the court will grant Plaintiff's motion and award attorney's fees, as your conduct cannot be tolerated in a court of law. *Andersen v. Monco Law Offices*, 2012 WI App 106, 344 Wis. 2d 298, 821 N.W.2d 413.

Since you refuse to reschedule the deposition of Ms. Hastings, Plaintiff will be filing another motion for a protective order requiring you to change the date of her deposition. The court will grant this motion, as you have no basis for refusing to grant this simple request. Arrangements must also be made for this deposition to occur at the Price County Courthouse to ensure the safety of all who attend.

Plaintiff will be issuing the Subpoena Duces Tecum to compel your wife Amy to testify and to produce records. This will be served shortly. Plaintiff will be filing a response to your motions to prevent her deposition. The Court will certainly allow the Plaintiff to take your wife's deposition as the scope of discovery in Wisconsin is very broad and you cannot articulate any legitimate basis to prevent this deposition. See *Crawford v. Care Concepts*, 2001 WI 45, 243 Wis. 2d 119, 122, 625 N.W.2d 876, 878. (The scope of pretrial discovery permitted under Wis. Stat. Ch. 804 is broad, and discovery is not limited to admissible information. The requested information need only appear reasonably calculated to lead to the discovery of admissible evidence). See also Wis. Stat. § 804.01(2)(a) (1997-98).

Finally, Sheriff Schmidt will fight the disclosure of his employment file as a matter of course, just as you fought the disclosure of your employment file. We will also publish the contents of your file through social media, as the citizens of Price County have a right to know about your extremely problematic employment history.

There is one point we agree on. You have spun this matter way out of control, and it is hurting many people due to your constant barrage of inflammatory postings that you have published on your Facebook and social media pages. My client and his wife have reviewed these and your posts have caused my client's spouse serious emotional distress, particularly your slanderous statement that Sheriff Schmidt was responsible for the disappearance of Shelly Hanson.

You have published all of this misinformation about Sheriff Schmidt, but the good citizens of Price County have largely ignored you and have become tired of your juvenile antics. We expect that the public pushback against you that has happened will continue to grow. This will be particularly true when the public has open access to all of the contents of your employment file.

They only way this matter can be fully resolved is if both parties agree to stop all legal actions and never make any further comments about each other in public. As I have outlined above, this matter is only going to get far worse for you and your spouse. So, if you want this to end, now is the time.

My client will agree to resolve this matter pursuant to a formal confidential settlement agreement as follows:

1. Sheriff Schmidt will dismiss his case against you with prejudice. "With prejudice" means that the dismissal of Plaintiff's case is final and the case cannot be refiled.
2. Both parties will enter into mutual releases of all claims. This will include Sheriff Schmidt's new defamation claim against you for your public false statement that he was responsible for the disappearance of Shelly Hanson.
3. Both parties will agree under penalty that they will not make any disparaging comments about each other or their immediate family members.
4. You will not directly or indirectly release any further videos or recordings of Lisa Talley, Pat Talley, Tammy Hastings, or any third party regarding or relating to Sheriff Schmidt.
5. You will remove every Facebook post and social media post about Sheriff Schmidt.
6. You will withdraw your open records request and dismiss your mandamus action for the production of Sheriff Schmidt's employment file. Likewise, Sheriff Schmidt will agree that he will not share or publish the contents of your employment file.
7. You will post the attached statement that we agreed upon during our prior mediation.
8. Each party will be responsible for the payment of their own attorney's fees.
9. If either party is found to have breached the settlement agreement, the losing party will be responsible for paying all of the prevailing party's actual reasonable attorney's fees and costs. This provision will ensure that both parties adhere to the settlement.

You should note that Sheriff Schmidt is willing to resolve the case without the requirement that you pay him a settlement. These terms are very reasonable and are intended to ensure that there are absolutely no further issues between yourself and Sheriff Schmidt.

This offer is valid until 5 pm Wednesday, July 24, 2024. Thereafter this offer will be withdrawn, and we will proceed as outlined above. If you are in agreement, I will prepare the draft Confidential Settlement Agreement and Release for your signature.

Please call or email me if you have questions about this offer.

Sincerely,

Robert M. Mihelich

Law Offices of Robert M. Mihelich

2665 S. Moorland Rd, Suite 200

New Berlin, WI 53151

Office: 262-789-9300 | Cell: 414-617-1356

Youremploymentlawyers.com

This e-mail and any attachments may contain privileged or confidential information. This e-mail is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient of this e-mail, you are hereby notified that any copying, distribution, dissemination or action taken in relation to the contents of this e-mail and any of its attachments is strictly prohibited and may be unlawful. If you have received this e-mail in error, please notify the sender immediately and permanently delete the original e-mail and destroy any copies or printouts of this e-mail as well as any attachments. Thank you for your anticipated cooperation.