UNITED STATES DISTRICT COURTWESTERN DISTRICT OF WISCONSIN
JOHN J. BRYLSKI,Plaintiff, Pro Se,v. Case No. 26-cv-945BRIAN SCHMIDT, and ROBERT M. MIHELICH,Defendants.
PLAINTIFF’S MOTION TO COMPEL PRODUCTION OF INSURANCE DISCLOSURES AND SUPPORTING MEMORANDUM OF LAW

NOW COMES the Plaintiff, John J. Brylski, appearing Pro Se, and hereby moves this Court pursuant to Federal Rules of Civil Procedure 37(a)(3)(B) and 26(a)(1)(A)(iv) for an Order compelling Defendant Brian Schmidt to produce complete copies of any and all insurance agreements, declaration pages, and policy terms with the Wisconsin County Mutual Insurance Corporation that may be liable to satisfy all or part of a judgment in this action.

In support of this Motion, Plaintiff respectfully states and alleges as follows:

PRELIMINARY STATEMENT

This is an action involving intentional torts and federal civil rights claims under 42 U.S.C. § 1983, originally filed in the Circuit Court for Price County, Wisconsin, and subsequently removed to this Court by the Defendants on September 14, 2026. On September 16, 2026, Defendant Brian Schmidt served his responses to Plaintiff’s First Set of Interrogatories. In response to Interrogatory No. 4, Defendant acknowledged under oath that his legal defense is being funded by the Wisconsin County Mutual Insurance Corporation. However, on September 17, 2026, Defendant’s counsel explicitly refused via written correspondence to produce the actual insurance policy, terms, or declaration pages, asserting boilerplate objections regarding relevance and proportionality. Because federal law explicitly mandates the disclosure of such insurance agreements without awaiting a discovery request, Plaintiff brings this Motion to compel production.

ARGUMENT

I. Federal Rule of Civil Procedure 26(a)(1)(A)(iv) Mandates the Absolute and Unconditional Production of Insurer Agreements.

Defendant Schmidt's objection that insurance policy parameters are "not relevant to any party's claim or defense and [are] not proportional to the needs of the case" is wholly meritless and flatly contradicted by the Federal Rules of Civil Procedure.Federal Rule of Civil Procedure 26(a)(1)(A)(iv) explicitly dictates that a party must, without awaiting a discovery request, provide to the other parties: "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

The clear and unambiguous text of the rule leaves no room for judicial or attorney discretion. The rule creates an absolute obligation to disclose insurance policies to enable realistic settlement evaluations and to provide transparency regarding the actual assets available to satisfy a potential judgment. Courts within the Seventh Circuit have consistently held that a party cannot avoid this mandatory disclosure via boilerplate relevance objections.

Because Defendant Schmidt has already verified under oath that the Wisconsin County Mutual Insurance Corporation is actively funding his defense and is the municipal insurer involved, that specific insurance agreement falls squarely within the strict mandates of Rule 26(a)(1)(A)(iv). Defendant's withholding of this document constitutes an active discovery violation.

CONCLUSION

For the reasons set forth above, Plaintiff John J. Brylski respectfully requests that this Court enter an Order:

1.Granting Plaintiff's Motion to Compel;

2.Ordering Defendant Brian Schmidt to produce full, unredacted copies of all applicable insurance policies, declaration pages, and indemnity agreements held with the Wisconsin County Mutual Insurance Corporation within seven (7) days of the Court's Order; and

3.Awarding any further relief this Court deems just, equitable, and proper.

Dated this 29 day of October 2026.
Respectfully submitted,
John J. Brylski Plaintiff, Pro SeW2275 State Hwy 22Gillett, WI 54124 Email jasnowshoe@aol.com

CERTIFICATE OF GOOD FAITH MEET AND CONFER

I, John J. Brylski, hereby certify that on September 17, 2026, I sent a formal written meet-and-confer deficiency letter via electronic mail to Defendant's counsel, Ronald S. Stadler, detailing the exact legal basis for this dispute under FRCP 26(a)(1)(A)(iv) and offering an opportunity to resolve this matter without judicial intervention. Defendant's counsel refused to withdraw the objections or produce the mandatory insurance disclosures. Therefore, the parties have reached a bona fide impasse, and Plaintiff has satisfied the pre-filing conference requirements of FRCP 37(a)(1) and Local Rule 37.1.

Dated this  29 day of  October 2026.
John J. Brylski Plaintiff, Pro Se