UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

JOHN J. BRYLSKI,

Plaintiff,

v. Case No.: 26-cv-945

BRIAN SCHMIDT, and
ROBERT M. MIHELICH,

Defendants.

---

**BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

---

On October 29, 2026, Plaintiff, John Brylski, filed a "Motion to Compel Production of Insurance Disclosures." [ECF 21]. He asks for an Order "compelling Defendant Brian Schmidt to produce complete copies of any and all insurance agreements, declaration pages, and policy terms with the Wisconsin County Mutual Insurance Corporation that may be liable to satisfy all or part of a judgment in this action." *Id.* at p. 1. Defendant, Sheriff Brian Schmidt, is unsure why Plaintiff has brought this motion because a certified copy of the applicable Wisconsin County Mutual Insurance Corporation policy providing coverage in this case was provided to Plaintiff on September 24, 2026.

On August 12, 2026, Plaintiff, John Brylski, filed a lawsuit in the Price County Circuit Court. *See* [ECF 1]. On August 17, 2026, Plaintiff filed "Plaintiff's First Set of Interrogatories" with the Circuit Court. *See* Declaration of Jonathan Sacks ("Sacks Dec."), ¶ 4, Ex. A. Plaintiff served this discovery along with the Complaint on Brian Schmidt on August 19, 2026. *Id.* at ¶ 5. Plaintiff did not serve a request to produce pursuant to Fed. R. Civ. P. 34. On September 11, 2026, all Defendants removed the case to federal court. [ECF 1].

On September 16, 2026, counsel for Sheriff Schmidt served Plaintiff with Sheriff Schmidt's responses to his First Set of Interrogatories. Sacks Dec., ¶ 7, Ex. B. Shortly thereafter, Plaintiff responded by email asserting purported deficiencies with these discovery responses. *Id.* at ¶ 7, Ex. C. Plaintiff indicated that the response was deficient because he did not receive a copy of the applicable insurance policy referenced in the answers to his interrogatories. *Id.*

On September 17, 2026, counsel for Sheriff Schmidt emailed Plaintiff, explaining that although he did not request production of the applicable insurance agreement, he would be willing to request the policy and produce it to him upon receipt. Sacks Dec., ¶ 9, Ex. D. Later that day, Plaintiff responded by email and appeared to be satisfied with Sheriff Schmidt's counsel's willingness to provide him with the insurance policy pursuant to his email request. *See id.* at ¶ 10, Ex. E.

On September 24, 2026, counsel for Sheriff Schmidt provided Plaintiff with the applicable certified copy of the insurance policy. *Id.* at ¶ 11, Ex. F. On September 25, 2026, Plaintiff sent an email, asserting that the copy of the insurance policy that had been produced was in some way deficient. *Id.* at ¶ 12, Ex. G. On September 25, 2026, counsel for Sheriff Schmidt responded to Plaintiff's email, stating that they provided him a certified copy of the insurance policy that provided coverage for Sheriff Schmidt in this case as a courtesy without a request to produce. *Id.* at ¶ 13, Ex. H. Counsel also provided Plaintiff with a copy of the Court's notice regarding the telephone pretrial conference and the Court's order that the parties are not required to provide each other with initial disclosures. *Id.* Finally, counsel shared their position that there was no basis for filing a motion to compel. *Id.* Counsel for Sheriff Schmidt did not receive any other correspondence from Plaintiff related to discovery responses or the insurance policy until he filed this motion to compel. *Id.* at ¶ 14.

When Plaintiff states that Sheriff Schmidt is withholding the policy, he is fundamentally wrong. Plaintiff received a certified copy of the policy on September 24, 2026 and acknowledged his receipt by sending an email asserting a manufactured and frivolous dispute. Plaintiff's entire brief is patently false and disproved by the email correspondence between Sheriff Schmidt's counsel and Plaintiff. For example, on September 17, 2026, counsel for Sheriff Schmidt emailed Plaintiff, explaining that although he did not request the applicable insurance agreement, they would be willing to request the policy and produce it to him upon receipt. Sacks Dec., ¶ 9, Ex. D. The policy was then produced to Plaintiff on September 24, 2026. *See id.* at Ex. F. In no way did defense counsel "explicitly refused via written correspondence to produce the actual insurance policy, terms, or declaration pages, asserting boilerplate objections regarding relevance and proportionality." [ECF 21, p. 1].

While Sheriff Schmidt preserved his objections, he answered every one of Plaintiff's interrogatories and then produced a certified copy of the applicable insurance policy even though Plaintiff did not formally request it in discovery. Correspondingly, Plaintiff's meet and confer statement is not true and is contradicted by the email correspondences attached to the Declaration of Jonathan Sacks. Plaintiff's motion to compel is not based in law or fact and appears to have been brought for the purposes of annoying or harassing Sheriff Schmidt as it is entirely factually inaccurate and baseless.

The Court should deny Plaintiff's motion as there is no discovery to be compelled. Pursuant to Fed. R. Civ. P. 37(a)(5)(B), the Court should order Plaintiff to pay Sheriff Schmidt's attorney's fees and costs incurred in opposing the motion because there was no justification for bringing this motion to compel.

Dated this 30th Day of October, 2026.

STADLER SACKS LLC
Attorneys for Defendant, Brian Schmidt

By: /s/ *Ronald S. Stadler*
Jonathan E. Sacks
State Bar No. 1103204
Ronald S. Stadler
State Bar No. 1017450

120 North Main Street, Suite 280
West Bend, WI 53095
Telephone: 262-304-0610
e-mail: jes@stadlersacks.com
rss@stadlersacks.com