Exhibit B

**Jonathan Sacks**

---

**From:** Jonathan Sacks
**Sent:** Wednesday, September 16, 2026 9:50 AM
**To:** John Brylski; Ronald Stadler; jlwilliams@grsm.com
**Subject:** RE: 3:26-cv-00945 Plaintiff John Brylski
**Attachments:** Brylski v. Schmidt - Def Schmidt Response to First Set of Discovery - 09162026.pdf

Mr. Brylski,

Please see Defendant Schmidt's response to your first set of interrogatories which were served with the complaint.

**JONATHAN SACKS**
Shareholder
Stadler Sacks LLC
Telephone: 262-304-0610
Direct Dial: 262-304-0610, Ext. 2
Email: jes@stadlersacks.com
Website: www.stadlersacks.com

303 – B North Main Street
West Bend WI 53095

---

**From:** John Brylski <jasnowshoe@aol.com>
**Sent:** Monday, September 14, 2026 3:09 PM
**To:** Ronald Stadler <rss@stadlersacks.com>; Jonathan Sacks <jes@stadlersacks.com>; jlwilliams@grsm.com
**Subject:** 3:26-cv-00945 Plaintiff John Brylski

LEGAL NOTICE OF PRESERVATION MANDATE DATE: Sept. 14, 2026 TO: Ronald S. Stadler, Esq. Stadler Sacks LLC 303 N. Main Street West Bend, WI 53095 (Counsel for Schmidt) Jennifer L. Williams, Esq. Gordon Rees Scully Mansukhani, LLP 500 W. Silver Spring Dr. Suite K270 Glendale, WI 53217 (Counsel for Mihelich)

FROM: John J. Brylski Plaintiff Pro Se W2275 State Hwy 22 Gillett, WI 54124 RE: Case No. 3:26-cv-00945 Brylski v. Schmidt, et al. U.S. District Court, Western District of WI ___________________________

FORMAL LITIGATION HOLD NOTICE FOR THE PRESERVATION OF ALL ELECTRONIC & PHYSICAL EVIDENCE ___________________________ PLEASE TAKE NOTICE that you and your clients, Brian Schmidt and Robert M. Mihelich, are hereby instructed and required to immediately suspend all routine, automatic, or manual destruction, alteration, overwriting, or deletion of any and all physical or electronically stored information (ESI) relevant to the claims and defenses in the above-captioned federal action. This preservation mandate applies strictly to all data, media, and records created, transmitted, or received from July 1, 2024, through the present date.

YOU ARE REQUIRED to instruct your clients to immediately disable any "auto-delete," "auto-purge," or "disappearing message" protocols on all personal, corporate, county-issued, or governmental electronic devices, servers, and accounts.

THE SCOPE OF EVIDENCE to be preserved includes, but is not limited to:

1. TEXT MESSAGES, SMS data, and messaging application records (including iMessage, Signal, WhatsApp, and Facebook Messenger) on personal or official mobile devices utilized by Brian Schmidt or Robert M. Mihelich.

2. INTERNAL EMAILS, electronic memoranda, and calendar entries generated by or between the Defendants, Price County officials, or third-party funding/ insurance entities regarding the July 2024 Settlement Agreement, threatened depositions of Amy Brylski, or unfiled subpoenas.

3. DISCLOSURE RECORDS, including correspondence, emails, and phone logs involving Matthew DeFour or any representative of the media outlet "Wisconsin Watch."

4. INSURANCE POLICIES, indemnification riders, and coverage agreements detailing the source of legal defense funding for the individual- capacity claims. Failure to preserve this evidence will result in a formal Motion for Sanctions for Spoliation of Evidence under Federal Rule of Civil Procedure 37, up to and including an adverse inference jury instruction or a default judgment. Dated: Sept. 14, 2026 Respectfully submitted, Sept 14th 2026 ______________________ John J. Brylski, Plaintiff Pro Se

Attn: Defense Counsel, Please see the attached Formal Litigation Hold Notice for Case No. 3:26-cv-00945. Pursuant to federal preservation mandates, please reply to this email to confirm your receipt and your clients' compliance. Thank you, John J. Brylski Plaintiff Pro Se

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

JOHN J. BRYLSKI,

Plaintiff,

v. Case No.: 26-cv-945

BRIAN SCHMIDT, and
ROBERT M. MIHELICH,

Defendants.

---

**BRIAN SCHMIDT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

---

NOW COMES the Defendant, Brian Schmidt, by his attorneys, Stadler Sacks LLC, and responds to Plaintiff's First Set of Interrogatories as follows.

**Interrogatories**

INTERROGATORY NO. 1: State whether Price County, its municipal insurance pool, or any public taxpayer-funded entity is currently paying, authorizing, or indemnifying any portion of the legal fees, hourly rates, or costs incurred by Defendant Attorney Robert M. Mihelich or his law firm in defending against Case No. 26-CV-108.

**Answer:** Defendant objects to this interrogatory as not relevant to any party's claim or defense and is not proportional to the needs of the case. Subject to and without waiving any objections, Price County, its municipal insurance pool, or any public taxpayer-funded entity is not currently paying, authorizing, or indemnifying any portion of the legal fees, hourly rates, or costs incurred by Defendant Attorney Robert M. Mihelich or his law firm in defending against Case No. 26-CV-108.

INTERROGATORY NO. 2: If the answer to Interrogatory No. 1 is in the affirmative, identify the specific statutory provision, county board resolution, or insurance policy clause under which Price County has authorized the expenditure of public taxpayer funds for a private attorney sued in his individual capacity.

**Answer:** Defendant objects to this interrogatory as not relevant to any party's claim or defense and is not proportional to the needs of the case. Subject to and without waiving any objections, this interrogatory is not applicable as the answer to Interrogatory No. 1 was in the negative.

INTERROGATORY NO. 3: State whether Price County or its legal counsel (such as Slaby Deda LLP / Bryce Schoenborn) has issued a "Reservation of Rights" or any conditional defense agreement to Defendant Sheriff Brian S. Schmidt regarding the individual capacity intentional tort claims (Abuse of Process and IIED) or the federal 42 U.S.C. § 1983 civil rights claims detailed in the Complaint.

**Answer:** Defendant objects to this interrogatory as not relevant to any party's claim or defense and is not proportional to the needs of the case. Subject to and without waiving any objections, Price County or its legal counsel has not issued a "Reservation of Rights" or any conditional defense agreement to Defendant Sheriff Brian S. Schmidt regarding the individual capacity intentional tort claims (Abuse of Process and IIED) or the federal 42 U.S.C. § 1983 civil rights claims detailed in the Complaint.

INTERROGATORY NO. 4: Identify by name, business address, and billing relationship any and all insurance carriers, third-party administrators, or public risk management pools currently funding the legal defense for any named Defendant in this active matter.

**<u>Answer</u>:** Defendant objects to this interrogatory as not relevant to any party's claim or defense and is not proportional to the needs of the case. Subject to and without waiving any objections, Wisconsin County Mutual Insurance Corporation as to Sheriff Schmidt.

Dated this 16th Day of September, 2026.

STADLER SACKS LLC
Attorneys for Defendant, Brian Schmidt

By: /s/ *Ronald S. Stadler*
Jonathan E. Sacks
State Bar No. 1103204
Ronald S. Stadler
State Bar No. 1017450

303 North Main Street
West Bend, WI 53095
Telephone: 262-304-0610
e-mail: jes@stadlersacks.com
rss@stadlersacks.com

**VERIFICATION**

AS TO INTERROGATORY RESPONSES:

I, Brian Schmidt, certify that, to the best of my knowledge, the above responses are true and correct based on my review of the pertinent information. I reserve the right to supplement or amend these responses with additional or different information should further investigation or discovery reveal additional facts or information.

Dated this 16th day of September 2026.

Sign: /s/ *Brian Schmidt*
Brian Schmidt