Exhibit C

**Jonathan Sacks**

---

**From:** John Brylski <jasnowshoe@aol.com>
**Sent:** Wednesday, September 16, 2026 4:05 PM
**To:** Ronald Stadler; Jonathan Sacks
**Subject:** Good Faith Meet-and-Confer Regarding Discovery Deficiencies - Case No. 26-cv-945

JOHN J. BRYLSKI Plaintiff, Pro Se W2275 State Hwy 22 Gillett, WI 54124 September 16, 2026

VIA E-MAIL (rss@stadlersacks.com) Ronald S. Stadler, Esq. Stadler Sacks LLC 303 North Main Street West Bend, WI 53095

RE: Brylski

v.

Schmidt, et al., U.S.D.C. Western District of Wisconsin Case No. 26-cv-945 Good Faith Meet-and-Confer Regarding Discovery Deficiencies Dear Attorney Stadler:

I am writing in response to your email dated September 16, 2026, and your formal responses to Plaintiff's First Set of Interrogatories served on September 16, 2026. Specifically, I am writing to address your boilerplate relevance and proportionality objections to Interrogatory

No. 4 regarding insurance coverage details. While your response identified the "Wisconsin County Mutual Insurance Corporation" as the insurer for Sheriff Schmidt, your subsequent email indicates a refusal to provide the specific policy limits, terms, or the declaration pages requested. Please be advised that your relevance objections are explicitly overridden by the Federal Rules of Civil Procedure. Pursuant to FRCP 26(a)(1)(A)(iv), a party must, without awaiting a discovery request, provide to the other parties "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

Because this case has been removed to the United States District Court for the Western District of Wisconsin, the Federal Rules control. The existence, parameters, and policies of the Wisconsin County Mutual Insurance Corporation are strictly discoverable and mandatory initial disclosures.

Please consider this letter a good-faith attempt to resolve this discovery dispute without judicial intervention. Please confirm via email by the close of business on September 21, 2026, whether you will withdraw your objections and produce the complete insurance policy and declaration pages.

If you refuse, I will be forced to bring this matter to the Court's attention via a formal Motion to Compel or during our upcoming Rule 16 scheduling conference. Sincerely, John J. Brylski Plaintiff, Pro Se

*Federal Rules of Civil Procedure; 2026 Edition*

**Title V (Disclosures and Discovery) Rule 26**

.