Exhibit H

**Jonathan Sacks**

**From:** Jonathan Sacks
**Sent:** Friday, September 25, 2026 11:21 AM
**To:** John Brylski; Ronald Stadler; vedmonds@grsm.com; jlwilliams@grsm.com
**Subject:** RE: Meet and Confer Pursuant to FRCP 26 and 37(a)(1) - Brylski v. Schmidt, et al. (Case No. 3:26-cv-00945-jdp)
**Attachments:** Notice Regarding the Telephone Preliminary Pretrial Conference - Judge Boor.pdf

Mr. Brylski,

You requested the applicable insurance policy that provides coverage for Sheriff Schmidt in this case. We provided you with certified copy of the policy.

We provided you with the policy as a courtesy.

Per the Court's order, "the parties are not required to provide each other with initial disclosures under Rule 26(a)(1)" including insurance agreements, and no discovery is permitted until after the preliminary pretrial conference. There is no basis for the filing of a motion to compel.

**JONATHAN SACKS**
Shareholder
Stadler Sacks LLC

Telephone: 262-304-0610
Direct Dial: 262-304-0610, Ext. 2
Email: jes@stadlersacks.com
Website: www.stadlersacks.com

303 – B North Main Street
West Bend WI 53095

---

**From:** John Brylski <jasnowshoe@aol.com>
**Sent:** Friday, September 25, 2026 9:09 AM
**To:** Ronald Stadler <rss@stadlersacks.com>; Jonathan Sacks <jes@stadlersacks.com>; vedmonds@grsm.com; jlwilliams@grsm.com
**Subject:** Meet and Confer Pursuant to FRCP 26 and 37(a)(1) - Brylski v. Schmidt, et al. (Case No. 3:26-cv-00945-jdp)

**Subject:** Meet and Confer Pursuant to FRCP 26 and 37(a)(1) - Brylski v. Schmidt, et al. (Case No. 3:26-cv-00945-jdp)

Dear Counsel,

I am writing to you as the newly appeared counsel of record for Defendants Brian S. Schmidt and Robert M. Mihelich in the federal matter **Brylski v. Schmidt, et al., Case No. 3:26-cv-00945-jdp** (U.S. District Court for the Western District of Wisconsin).

Pursuant to **Federal Rule of Civil Procedure 26(a)(1)(A)(iv)**, defendants are under a mandatory, automatic obligation to disclose and provide a complete copy of any insurance agreement under

which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Prior to the removal of this action from the Price County Circuit Court, the defense attempted to satisfy its discovery obligations by providing incomplete, piecemeal, and non-responsive pages of an expired (2024–2025) blanket corporate insurance manual from the Wisconsin County Mutual Insurance Corporation. This generic booklet completely fails to provide the active policy declarations, coverage caps, or unredacted terms applicable to the specific intentional tort and 42 U.S.C. § 1983 claims at issue for the relevant time period.

Please consider this email as my formal, good-faith attempt to meet and confer pursuant to **FRCP 37(a)(1)** and Western District of Wisconsin local practices.

I demand that the Defendants cure this deficiency by producing full, unredacted, and active copies of all applicable insurance policies, declarations pages, and individual-capacity coverage determinations relevant to this active federal litigation within **five (5) business days**, or no later than **Friday, October 2, 2026, at 5:00 PM CST**.

If the complete, active policies are not produced by this deadline, I will immediately file my pending **Plaintiff's Federal Motion to Compel Initial Disclosures** with Chief Judge James D. Peterson and request appropriate judicial sanctions for ongoing discovery evasion.

Please let me know your position on this matter in writing as soon as possible.

Sincerely,

John J. Brylski, Plaintiff Pro Se
W2275 State Hwy 22
Gillette, WI 54124