**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**
**JOHN J. BRYLSKI,**
**Plaintiff,**
**v. CASE NO. 3:26-cv-00945-jdp**
**PRICE COUNTY SHERIFF BRIAN SCHMIDT, and**
**ROBERT M. MIHELICH,**
**Defendants.**

---

## PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF HIS MOTION TO COMPEL PRODUCTION OF INSURANCE DISCLOSURES

NOW COMES the Plaintiff *pro se*, John J. Brylski, and respectfully submits this Reply Brief in Further Support of his Motion to Compel (Doc. 21), replying directly to Defendant Brian Schmidt's Brief in Opposition (Doc. 22) and the accompanying Declaration of Jonathan Sacks (Doc. 23).

## ARGUMENT

### I. Defendant's Belated, Partial Disclosure Does Not Moot the Clear Mandates of Rule 26(a)(1)(A)(iv).

In their Opposition filings (Doc. 22, 23), Defendants attempt to escape judicial scrutiny by arguing that because they transmitted a copy of an insurance policy on September 25, 2026 (Doc. 23, Ex. F), Plaintiff's Motion to Compel is somehow moot or groundless. This argument is an extrajudicial shell game designed to obscure incomplete disclosure.

Federal Rule of Civil Procedure 26(a)(1)(A)(iv) explicitly requires the production of **"any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment."** This mandate extends to the entire policy framework, including all applicable endorsements, comprehensive declaration pages showing exact coverage limits, exclusions, and multi-tier indemnity schedules.

To the extent that the policy provided by defense counsel on September 25 contains selective redactions, missing scheduling riders, or lacks the absolute complete declaration page detailing Price County's specific liability limits under the Wisconsin County Mutual Insurance Corporation policy for intentional torts and § 1983 civil rights claims, the Defendant remains in direct violation of the mandatory disclosure rules.

A pro se litigant should not have to guess if the defense has selectively filtered a municipal policy. Full, unredacted transparency is required so that realistic settlement evaluations can occur as intended by the federal rules.

**II. Plaintiff Exercised Absolute Good Faith Prior to Seeking Judicial Intervention.**

The defense's characterization of this dispute as unnecessary ignores the historical record. As documented in the Sacks Declaration Exhibits, Defendant explicitly refused to produce the documentation upon initial request, asserting boilerplate objections regarding relevance and proportionality.

Plaintiff was forced to expend significant time and resources to research and compile a formal Motion to Compel simply to obtain baseline information that the Federal Rules of Civil Procedure dictate **must be handed over automatically.** The defense cannot cause a discovery impasse, provide a late or partial delivery under threat of a motion, and then claim the Plaintiff is at fault for seeking a definitive Court Order ensuring compliance.

**CONCLUSION**

For the reasons set forth above and in his primary Motion, Plaintiff John J. Brylski respectfully requests that this Court enter an Order **GRANTING** his Motion to Compel, and explicitly ordering Defendant Brian Schmidt to verify under penalty of perjury that all applicable insurance

agreements, riders, and declaration pages have been produced in their complete, unredacted entirety within seven (7) days.

Dated this 30th day of October, 2026.

Respectfully submitted,

---

John J. Brylski, Plaintiff Pro Se
W2275 State Hwy 22
Gillett, WI 54124
Email: jasnowshoe@aol.com