UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN J. BRYLSKI,
Plaintiff, Case No.: 3:26-cv-00945-jdp
v.
PRICE COUNTY SHERIFF BRIAN SCHMIDT, et al.,
Defendants.

PLAINTIFF'S SECOND MOTION TO COMPEL PRODUCTION OF OPERATIVE 2026 INSURANCE DISCLOSURES AND SUPPORTING MEMORANDUM OF LAW

NOW COMES Plaintiff pro se, John J. Brylski, pursuant to Federal Rules of Civil Procedure 26(a)(1)(A)(iv) and 37(a)(3)(B)(iv), and respectfully moves this Court to compel Defendant Price County Sheriff Brian Schmidt and his counsel of record, Stadler Sacks LLC, to produce the complete, unredacted text of the operative 2026 commercial liability and law enforcement insurance policies, declaration pages, and renewal endorsements providing active coverage for the calendar year of the occurrences at issue in this litigation. In support of this Motion, Plaintiff respectfully states as follows:

I. RELEVANT PROCEDURAL BACKGROUND

1. On October 29, 2026, Plaintiff filed his initial Motion to Compel production of complete insurance documentation pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv). (Dkt. 21).

2. On November 2, 2026, this Court issued a Text-Only Order (Dkt. 26) granting in part and denying in part Plaintiff's initial motion. The Court explicitly ordered that "defendant is ORDERED to respond to plaintiff and either certify under penalty of perjury that production is complete with respect to this discovery request, or state any objection to further production by November 9, 2026."

3. On November 2, 2026, in purported compliance with that Order, the Defense filed the "Certification of Sheila Bisek" (Dkt. 28). In that filing, Ms. Bisek asserted under penalty of

perjury: “I certify that the WCMIC insurance policy filed in this case as Exhibit F to the Declaration of Jonathan Sacks [ECF 23-6] is a complete and correct certified copy of the only insurance policy providing coverage to Defendant, Brian Schmidt, in this action. No documents are being withheld or redacted.”

4. Upon immediate inspection of the face of the underlying document produced by the Defense at Dkt. 23-6, Plaintiff identified a severe, structural discovery deficit that renders the Defense’s verification completely deficient. The cover letter accompanying that production (attached hereto as Exhibit C) explicitly establishes a policy term that expired long before the operative, tortious events driving this 2026 federal litigation.

II. CERTIFICATION OF COMPLIANCE WITH MANDATORY RULE 37 CONFERRAL

Pursuant to Federal Rule of Civil Procedure 37(a)(1), the Pretrial Conference Order (Dkt. 19 at 8), and this Court's strict directive at Dkt. 26, Plaintiff certifies that he made exhaustive, immediate good-faith efforts to resolve this discovery impasse with defense counsel prior to seeking judicial intervention.

On November 4, 2026, Plaintiff transmitted a formal, detailed written email notice to defense counsel detailing the severe year discrepancy and the facial conflict in their production. (See Exhibit A, attached hereto).

On November 4, 2026, at 3:19 PM, Attorney Jonathan Sacks transmitted a written response explicitly refusing to engage in the court-mandated conferral process, textually stating: "We do not believe there is anything else to meet or confer about and Defendant has complied with the Court’s Order." (See Exhibit B, attached hereto). Because the Defense has flatly and textually refused to join Plaintiff's proposed telephonic conference blocks or engage in the mandatory conferral process, judicial intervention is now required.

## III. MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

### A. The Defense Production is Facially Deficient and Violates the Express Mandate of Rule 26(a)(1)(A)(iv)

Federal Rule of Civil Procedure 26(a)(1)(A)(iv) creates an absolute, mandatory obligation requiring a disclosing party to produce "for inspection and copying as under Rule 34 any insurance agreement under which an insurance business may be liable to satisfy part or all of a judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." In this action, the primary civil tort claims—including 42 U.S.C. § 1983 First Amendment Retaliation, Abuse of Process, and Intentional Infliction of Emotional Distress (IIED)—stem from active, extrajudicial extortion demand letters and bad-faith federal pleadings executed during the 2026 calendar year. (See First Amended Complaint, ¶ 19A–19G).

The Defense's production of an expired 2024 policy contract (Dkt. 23-6) is legally incapable of satisfying Rule 26. Municipal commercial general liability and law enforcement professional liability contracts are issued on standard, recurring annual terms. An expired 2024 policy cannot provide coverage for independent, separate tortious acts occurring two years later in 2026.

The bad faith of the Defense is exposed by comparing the Bisek Certification (Dkt. 28 / Exhibit D) with the actual cover letter attached to that exact policy (Dkt. 23-6 / Exhibit C). In her November 2nd Certification, Ms. Bisek swears under penalty of perjury that Dkt. 23-6 is the only operative policy. However, the face of that exact exhibit contains her own signed statement from September 24, 2026, explicitly certifying that the contract is only "for the year January 1, 2024 to January 1, 2025."

The Defense cannot have it both ways. Either Sheriff Brian Schmidt is completely uninsured for his separate tortious acts committed in the 2026 calendar year, or the Defense is intentionally

producing an obsolete, expired policy to hide the active 2026 policy limits and potential Reservation of Rights from the Plaintiff. Therefore, the Bisek Certification (Dkt. 28) swearing under penalty of perjury that an expired 2024 policy is the "only" policy providing coverage is facially deficient and procedurally fraudulent on the record.

B. Plaintiff is Legally Entitled to Discover the Operative 2026 Policy Limits and Reservation of Rights Parameters

A federal plaintiff possesses an absolute right to review the full, unredacted text of active insurance agreements to evaluate the financial realities of the litigation. This disclosure is vital for two immediate reasons:

1. Discovery of Reservation of Rights: Plaintiff is entitled to verify whether WCMIC has issued a formal "Reservation of Rights" to Sheriff Schmidt. If the insurer has reserved its rights because Schmidt's 2026 retaliatory conduct fell entirely outside the scope of his legitimate municipal employment, Schmidt faces immense personal financial exposure.

2. Distinct Exposure Layouts: The complete production is required to assess the stark contrast in liability exposure between the insured public official and the completely unindemnified private co-defendant, Attorney Robert M. Mihelich, who remains entirely exposed personally.

The Defense must be compelled to immediately cure this facial deficit by producing the active 2026 policy contract, declaration pages, and umbrella endorsements, or alternatively, execute a formal statement on the public record admitting that Defendant Sheriff Schmidt operated completely uninsured during the 2026 occurrences.

IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff pro se, John J. Brylski, respectfully requests that this Court enter an Order:

1. GRANTING Plaintiff's Second Motion to Compel in its entirety;

2. ORDERING Defendant Schmidt and Stadler Sacks LLC to produce a complete, unredacted copy of the operative 2026 insurance policy agreements, declaration pages, and excess umbrella lines within seven (7) days;

3. WARNING the Defense that continued non-compliance or evasive certifications under penalty of perjury will result in severe evidentiary and financial sanctions under Rule 37(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing factual statements regarding our discovery communications and exhibits are true and correct.

Dated this 5th day of November, 2026.

Respectfully submitted,

/s/ John J. Brylski

John J. Brylski, Plaintiff Pro Se
W2275 State Hwy 22
Gillette, WI 54124
920-540-2118
jasnowshoe@aol.com