# Notice of Discovery Deficiency and Conferral Request: Year Discrepancy in Insurance Disclosures (Case No. 3:26-cv-00945-jdp)

**From:** John Brylski <jasnowshoe@aol.com>
**To:** jes@stadlersacks.com <jes@stadlersacks.com>, rss@stadlersacks.com <rss@stadlersacks.com>, Jennifer Williams <jlwilliams@grsm.com>
**Date:** Nov 4, 2026, 2:53 PM

---

Dear Mr. Sacks and Mr. Stadler:

I am writing in receipt of the Certification of Sheila Bisek (Dkt. 28) filed on the docket on November 2, 2026, which purports to satisfy U.S. Magistrate Judge Boor's Text-Only Order (Dkt. 26). The certification states under penalty of perjury that the Wisconsin County Mutual Insurance Corporation (WCMIC) policy filed as Exhibit F to the Declaration of Jonathan Sacks [Dkt. 23-6] is the "only insurance policy providing coverage to Defendant, Brian Schmidt, in this action."

A physical review of the underlying WCMIC insurance documentation reveals deep structural and facial deficits that completely contradict your recent representations to the court:

1. **The Policy is Facially Expired:** The underlying WCMIC corporate certification page, executed on September 24, 2026, states explicitly in black and white that the enclosed document is a copy of the liability insurance policy issued to Price County strictly **"for the year January 1, 2024 to January 1, 2025."** This litigation concerns active, operational, and tortious events taking place during the **2026 calendar year**—including, but not limited to, your June 2026 extrajudicial correspondence and active 2026 federal pleadings. An un-renewed, expired 2024 policy contract cannot legally provide operational liability coverage for independent occurrences taking place in 2026.
2. **Facial Misrepresentation Regarding the Certifying Officer:** In Dkt. 28, Sheila Bisek certifies to the federal court that she is offering a certified copy based upon her own personal knowledge. However, the physical September 24, 2026 WCMIC letter proves this is a facial misrepresentation. The principal certifying officer who signed and submitted that insurance documentation was **Brian Kage**. Sheila Bisek signed that document solely as the **Notary Public** witnessing Mr. Kage's signature. A notary public cannot retroactively transform themselves into the primary corporate certifier of an insurance policy to satisfy a federal court order.

Therefore, the production remains facially deficient and highly misleading on the record. The Defense must immediately clarify these material contradictions:

- If WCMIC renewed, extended, or issued a separate policy to cover the 2026 calendar term, you are required under Rule 26(a)(1)(A)(iv) to produce the complete 2026 policy contract, declaration pages, and renewal endorsements.
- If no 2026 policy contract exists, you must explicitly state that Defendant Schmidt was operating without active mutual insurance coverage during the 2026 occurrences.

Please consider this correspondence my formal request to initiate a good-faith conferral under Federal Rule of Civil Procedure 37(a)(1) and the Pretrial Conference Order (Dkt. 19 at 8) to cure these critical discrepancies. To satisfy the court's strict meet-and-confer guardrails, I am available for a brief telephonic conference to resolve this impasse without judicial intervention on **November 9, 2026, between 10:00 AM and 1:00 PM CST**, or on **November 10, 2026, within the same window**.

Please confirm by return email which specific day and time your office is available to confer, or immediately provide the active, properly certified 2026 policy documentation to cure the docket deficiency. In accordance with Dkt. 26, this notice and your subsequent response will be attached to my upcoming filings to demonstrate the true posture of this dispute to Judge Boor.

Sincerely,

John J. Brylski
Plaintiff Pro Se
jasnowshoe@aol.com

Insurance .pdf
10 MB