UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

JOHN J. BRYLSKI,

Plaintiff,

v. Case No.: 26-cv-945

BRIAN SCHMIDT, and
ROBERT M. MIHELICH,

Defendants.

---

**BRIEF IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL [ECF 28]**

---

On October 29, 2026, Plaintiff, John Brylski, filed a "Motion to Compel Production of Insurance Disclosures." [ECF 21]. Defendant, Brian Schmidt, responded and provided the Court with documentation showing that there was nothing to compel, as he had already provided Plaintiff with a certified copy of the applicable Wisconsin County Mutual Insurance Corporation (WCMIC) insurance policy providing coverage in this case. *See* [ECF 25]. By its November 2, 2026 Text Only Order, the Court ordered Defendant "to respond to plaintiff and either certify under penalty of perjury that production is complete with respect to his discovery request, or state any objection to further production . . ." [ECF 26].

That same day, counsel for Defendant provided Plaintiff with a copy of the Certification of Shelia Bisek, the claims manager for WCMIC. *See* Declaration of Jonathan Sacks, Exhibit A. Counsel wrote: "Please note that production is complete with respect for this request and nothing is being withheld." *Id.* Ms. Bisek certified under the penalty of perjury, that "the WCMIC insurance policy filed in this case as Exhibit F to the Declaration of Jonathan Sacks [ECF 23-6] is a complete and correct certified copy of the only insurance policy providing coverage to

Defendant, Brian Schmidt, in this action. No documents are being withheld or redacted." [ECF 28-4]. Ms. Bisek made this certification based on her personal knowledge. *Id.*

Shortly thereafter, Plaintiff contacted Defense counsel with his contention that this certification was somehow deficient, claiming it was "expired." [ECF 28-1]. Defense counsel attempted to explain to Plaintiff that because his lawsuit identified the actions alleged against Defendant Schmidt as occurring in 2024, the date of loss was in 2024 and the insurance policy provides coverage for Defendant Schmit based on the date of loss, that no misrepresentations were being made, and that Defendant believes that he had complied with the Court's Order. [ECF 28-2].

Plaintiff has now filed another motion to compel despite Defendant's compliance with the Court's Order. Plaintiff appears to misunderstand or not accept Defendant's certification that the WCMIC 2024 policy provides coverage to Defendant Schmidt in this case. Plaintiff's lawsuit centers on the July 25, 2024 Confidential Settlement Agreement and his claim that Defendant Schmidt and Defendant Mihelich "extracted Plaintiff's signature." [ECF 11, ¶ 7].[1] Plaintiff's declaratory judgment, abuse of process, intentional infliction of emotional distress, and First Amendment retaliation claims against Defendant Schmidt all relate to Plaintiff's allegation that he was somehow extorted into agreeing to the settlement agreement in July 25, 2024. *See id.* at ¶¶ 29-55. Because the lawsuit alleged that Defendant Schmidt caused the alleged harm to Plaintiff in 2024, the 2024 policy provided the applicable coverage.

While Plaintiff appears to argue that his lawsuit implicates events that took place in 2026, the only allegations in his complaint that relate to events in 2026 refer to actions taken by Defendant Mihelich, not Defendant Schmidt. *See, e.g., id.* at ¶¶ 22-26, 44. Likewise, Plaintiff's

[1] Because Plaintiff's operative complaint was filed piecemeal with supplemental allegations, Defendant refers to his Answer for ease of reference.

reference to paragraph 19A-19G of his supplemental allegations concern the 2024 settlement agreement and does not describe any conduct or actions by Defendant Schmidt during any time period other than 2024. *See id.* at ¶¶ 19A-19G. There are no allegations that Sheriff Schmidt engaged in tortious acts in 2026.

Plaintiff has no personal knowledge of the insurance coverage issued in this case and has no factual basis or personal knowledge to argue or declare what insurance policy he believes should be at issue. Defendant has complied with all discovery obligations, but Plaintiff appears intent on manufacturing discovery disputes. This second motion to compel is further evidence that Plaintiff's intent is to annoy or harass Defendant Schmidt or increase the costs of litigation.

The Court should deny Plaintiff's second motion to compel as there is no discovery to be compelled and Defendant has complied with the Court's direction to certify that the production was complete. Pursuant to Fed. R. Civ. P. 37(a)(5)(B), the Court should order Plaintiff to pay Defendant Schmidt's attorney's fees and costs incurred in opposing this motion because there was no justification for bringing this motion to compel after Defendant provided Plaintiff with Ms. Bisek's certification that he has been provided with the insurance policy under which Defendant Schmidt has coverage.

Dated this 5th Day of November, 2026.

STADLER SACKS LLC
Attorneys for Defendant, Brian Schmidt

By: /s/ *Ronald S. Stadler*
Jonathan E. Sacks
State Bar No. 1103204
Ronald S. Stadler
State Bar No. 1017450

120 North Main Street, Suite 280
West Bend, WI 53095
Telephone: 262-304-0610
e-mail: jes@stadlersacks.com
rss@stadlersacks.com