UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN J. BRYLSKI, Plaintiff, v. Case No.: 3:26-cv-00945-jdp PRICE COUNTY SHERIFF BRIAN SCHMIDT, and ROBERT M. MIHELICH, Defendants.

---

PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF MY SECOND MOTION TO COMPEL PRODUCTION OF OPERATIVE 2026 INSURANCE DISCLOSURES

---

NOW COMES Plaintiff pro se, John J. Brylski, and respectfully submits this Reply Brief in Further Support of his Second Motion to Compel [ECF 28], replying directly to Defendant Price County Sheriff Brian Schmidt's Brief in Opposition [ECF 30] and the accompanying Declaration of Jonathan Sacks [ECF 31]. PRELIMINARY STATEMENT The Defense's Opposition brief [ECF 30] rests on a deliberate, facially false rewriting of Plaintiff's operative pleadings. The Defense claims that this litigation is restricted solely to historical events from the 2024 calendar year, making an expired 2024 policy the "only operative policy" [ECF 30]. This assertion is flatly contradicted by the record. Plaintiff's operative claims against Sheriff Brian Schmidt explicitly encompass ongoing, separate tortious acts—including 42 U.S.C. § 1983 First Amendment Retaliation, Abuse of Process, and Intentional Infliction of Emotional Distress (IIED)—driven by active extrajudicial extortion letters and bad-faith legal maneuvers executed during the 2026 calendar year. Because a 2024 occurrence-based policy is legally incapable of satisfying the mandatory, absolute disclosure requirements of Rule 26(a)(1)(A)(iv) for separate torts committed in 2026, judicial intervention remains necessary to pierce the Defense's ongoing discovery obstruction. ARGUMENT I. The Defense's Attempt to Frame This Litigation as Solely Rooted in 2024 Deliberately Misrepresents the 2026 Claims Against Sheriff Schmidt. In their Opposition

filings [ECF 30], Defendants attempt to escape judicial scrutiny by arguing that because Plaintiff’s claims touch upon a July 25, 2024 Confidential Settlement Agreement, the "date of loss" is frozen in 2024 [ECF 30]. This argument is an extrajudicial shell game designed to obscure incomplete, stale disclosure. Federal Rule of Civil Procedure 26(a)(1)(A)(iv) explicitly mandates the production of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment." This mandate requires the production of active, concurrent coverage for the periods of occurrence described in the pleadings. The Defense claims that "the only allegations in [Plaintiff's] complaint that relate to events in 2026 refer to actions taken by Defendant Mihelich, not Defendant Schmidt" [ECF 30]. This is demonstrably false. As textually set forth in Paragraphs 19A through 19G of Plaintiff's supplemental allegations, Sheriff Schmidt—acting in concert with his agents and co-defendants—actively utilized municipal resources and authoritative pressure during the 2026 calendar year to execute fresh extrajudicial extraction demands and punitive retaliatory measures against Plaintiff. Municipal commercial general liability and law enforcement professional liability contracts are issued on standard, recurring annual terms. An expired policy covering "January 1, 2024 to January 1, 2025" [ECF 28] cannot legally provide active coverage or indemnity for separate, standalone tortious conduct occurring two years later in 2026. The Defense cannot have it both ways: either Sheriff Brian Schmidt is completely uninsured for his separate official and extrajudicial actions in 2026, or the Defense is intentionally producing an obsolete, expired contract to hide the active 2026 policy limits, excess umbrella lines, and potential Reservation of Rights parameters from the Plaintiff. II. The Bisek Certification is Facially Contradicted by Her Own Signed Statements on the Face of the Record. The Defense argues that Plaintiff "has no personal knowledge" to challenge the Certification of Sheila Bisek [ECF 30]. Plaintiff does not

need internal municipal access; I need only basic literacy to read the facial contradictions the Defense filed on the record. In her November 2, 2026 Certification [ECF 28-4], Ms. Bisek swears under penalty of perjury that the 2024 WCMIC policy (Dkt. 23-6) is the "only insurance policy providing coverage to Defendant, Brian Schmidt, in this action" [ECF 30]. Yet, the cover letter attached to that exact policy production (Dkt. 23-6, attached to ECF 28 as Exhibit C) contains her own signed statement explicitly certifying that the contract is strictly "for the year January 1, 2024 to January 1, 2025." A certification under penalty of perjury is only as valid as the truth of the underlying facts it purports to verify. Swearing that a long-expired policy provides exclusive coverage for an active 2026 litigation timeline renders the Bisek Certification [ECF 28-4] facially deficient and procedurally fraudulent on the record. Plaintiff possesses an absolute right to review the full, unredacted text of active insurance agreements to evaluate the financial realities of the litigation, assess the multi-tier exposure layout between the public official and private co-defendant, and verify whether WCMIC has issued a "Reservation of Rights" to Sheriff Schmidt for his 2026 conduct. III. Plaintiff Exercised Absolute Good Faith, and the Defense's Demand for Sanctions Highlights Their Disdain for the Conferral Process. The Defense's characterization of this dispute as an attempt to "annoy or harass" [ECF 30] completely inverts the history of discovery in this case. Plaintiff did not create this impasse. On November 4, 2026, upon identifying the severe year discrepancy on the face of Dkt. 23-6, Plaintiff immediately transmitted a formal written notice detailing the facial conflict [ECF 28-1]. As confirmed by the Defense's own filing of the Declaration of Jonathan Sacks [ECF 31] and its accompanying email attachment [ECF 31-1], Attorney Sacks textually cut off the mandatory conferral process hours later, flatly stating: "We do not believe there is anything else to meet or confer about" [ECF 28-2]. A single, dismissive email refusing to schedule a telephonic meeting

or evaluate a clear timeline contradiction does not satisfy the interactive, good-faith mandates of Rule 37(a)(1) or this Court's Pretrial Conference Order. Finally, the Defense's request for attorney's fees under Rule 37(a)(5)(B) [ECF 30] is a baseless, punitive attempt to intimidate a pro se litigant for requiring baseline transparency. A pro se plaintiff should not have to guess if the defense has selectively filtered a municipal policy binder or substituted a stale contract to avoid disclosing active coverage parameters. Because Plaintiff was forced to seek judicial intervention only after the Defense textually slammed the door on extrajudicial conferral, the Defense's demand for fees should be summarily rejected. CONCLUSION **WHEREFORE**, Plaintiff John J. Brylski respectfully requests that this Court enter an Order: 1. GRANTING Plaintiff's Second Motion to Compel [ECF 28] in its entirety; 2. ORDERING Defendant Schmidt and Stadler Sacks LLC to produce a complete, unredacted copy of the operative 2026 insurance policy agreements, active declaration pages, and excess umbrella lines within seven (7) days; 3. STRIKING the deceptive and facially deficient Bisek Certification [ECF 28-4] from the record; and 4. REJECTING Defendant's bad-faith demand for financial sanctions and attorney's fees. I declare under penalty of perjury under the laws of the United States of America that the foregoing factual statements regarding our discovery communications and exhibits are true and correct.

Dated this 7th day of November, 2026. Respectfully submitted, <u>*/s/ John J. Brylski*</u>

John J. Brylski, Plaintiff Pro Se W2275 State Hwy 22 Gillette, WI 54124 920-540-2118 Email: jasnowshoe@aol.com

---

CERTIFICATE OF SERVICE

---

I

hereby certify that on November 7, 2026, a true and correct copy of the foregoing Plaintiff's Reply Brief was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to all counsel of record registered in this matter. <u>*/s/ John J. Brylski*</u> John J. Brylski, Plaintiff Pro Se