**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WISCONSIN**

**JOHN J. BRYLSKI,**
*Plaintiff / Counter-Defendant,*

v.

**BRIAN S. SCHMIDT and**
**ROBERT M. MIHELICH,**
*Defendants / Counter-Claimant.*
**Case No. 3:26-cv-00945-jdp**
Hon. James D. Peterson
Magistrate Judge Anita M. Boor

---

## PLAINTIFF'S IMMEDIATE MOTION TO UNSEAL EXHIBIT A (DKT. 3) AND FOR RECONSIDERATION OF DKT. 27 IN LIGHT OF DEFENDANTS' PUBLIC MEDIA DISCLOSURES

Plaintiff John J. Brylski, appearing *pro se*, respectfully moves this Court for an Order unsealing Exhibit A to Defendants' Notice of Removal (Dkt. 3) and reconsidering the Court's November 2, 2026 Text Only Order (Dkt. 27). Good cause and changed circumstances warrant immediate unsealing because: (1) Exhibit A is the foundational operative instrument at the center of this federal litigation and Brian Schmidt's pending Counterclaim (Dkt. 11), making it a core judicial record subject to the strong Seventh Circuit presumption of public access; (2) Defendants have expressly waived any claim of confidentiality by voluntarily disclosing the settlement agreement, its terms, and the underlying allegations to investigative journalists at *Wisconsin Watch*, culminating in a major statewide investigative report published on November 17, 2026; and (3) maintaining a seal over a contract used by a sitting County Sheriff to suppress allegations of official sexual misconduct violates public policy and First Amendment transparency principles.

In support of this Motion, Plaintiff relies upon the accompanying Declaration of John J. Brylski and the record in this action, and states as follows:

**I. PROCEDURAL BACKGROUND AND CHANGED CIRCUMSTANCES**

1. On September 11, 2026, Defendants Brian S. Schmidt and Robert M. Mihelich removed this action from Price County Circuit Court (Case No. 2026CV000108) to this Court, simultaneously moving to seal Exhibit A to their Notice of Removal (Dkt. 2; Dkt. 3).
2. On September 18, 2026, Defendant Schmidt filed an Answer and Counterclaim (Dkt. 11) affirmatively seeking judicial enforcement and damages under the July 25, 2024 Settlement Agreement contained within Exhibit A.
3. On November 2, 2026, this Court granted Defendants' Motion to Seal in a Text Only Order (Dkt. 27), reasoning that Exhibit A contained *"the parties' prior, private settlement agreement, which is not a record of a judicial proceeding subject to public disclosure."*
4. Since that Order, substantial new facts and intervening public disclosures have eliminated any legitimate basis for secrecy. On November 17, 2026, *Wisconsin Watch* published a comprehensive, 16-minute investigative report authored by Bureau Chief Matthew DeFour titled *"A Wisconsin sheriff claimed in court he'd never been accused of misconduct. These women say they reported him decades ago."* (Brylski Decl., Ex. 26).
5. That published report—alongside Defendant Mihelich's prior written notice dated July 10, 2026 (Brylski Decl., Ex. 6)—confirms that Defendants themselves actively communicated with *Wisconsin Watch*, disclosed the existence and terms of the July 2024 settlement agreement to the press, and publicly debated the underlying allegations on the record.

## II. ARGUMENT

### A. Under Settled Seventh Circuit Precedent, Documents Underlying Judicial Decisions and Counterclaims Are Presumptively Public

In the Seventh Circuit, documents that *"affect the disposition of federal litigation are presumptively open to public view"* because the public has a vital interest in monitoring the exercise of judicial power. *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *see also Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) (holding that *"those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality"*).

While a private settlement agreement that is never submitted to a court for adjudication may remain confidential, that rule disappears once a party places the agreement squarely before a federal court for enforcement or invalidation. *See Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833–34 (7th Cir. 2013) (Posner, J.) (explaining that the presumption of public access applies when *"the parties ask the judge to interpret or enforce the agreement"*).

Here, Exhibit A is not a tangential discovery document. Both Plaintiff's First Amendment and duress claims and Defendant Schmidt's breach-of-contract Counterclaim (Dkt. 11) require this Court and a federal jury to interpret, adjudicate, and rule upon the validity and enforceability of the July 25, 2024 Agreement. Under *Goesel* and *Baxter*, a party cannot invoke the power of a federal court to enforce a contract while hiding that very contract from the public.

### B. Defendants Expressly Waived Confidentiality by Disclosing the Agreement and Its Subject Matter to the News Media

Even where a confidentiality clause exists, a party waives confidentiality when it voluntarily discloses the agreement's terms and surrounding facts to third parties and the press. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) (noting that once confidential information is made public, a court cannot put the genie back into the bottle).

Defendants have repeatedly and intentionally publicized the very document they asked this Court to seal:

- **Express Written Waiver (July 10, 2026):** In formal correspondence to Plaintiff, Defendant Mihelich expressly declared: *"Please be advised that this office will separately be providing Wisconsin Watch and Mr. DeFour with the relevant terms of the Agreement..."* (Brylski Decl., Ex. 6, ¶ 7).
- **On-the-Record Media Commentary (November 17, 2026):** As documented in the November 17, 2026 *Wisconsin Watch* investigation, Defendant Mihelich spoke extensively on the record with reporters regarding the 2022 defamation lawsuit, the July 2024 settlement, Plaintiff's coerced retraction statement, Sheriff Schmidt's paternity of Tammy Hastings's daughter, the 1995 snowmobile stop involving Suzy Jo Petersen, and the February 2000 complaint involving Andrea Mae Palas (Brylski Decl., Ex. 26).

Defendants cannot use a protective seal as a sword and a shield—briefing investigative journalists on the agreement's terms in the press while asking this Court to keep Exhibit A hidden from the public docket.

**C. Compelling Public Interest and Public Policy Outweigh Any Claim of Private Secrecy**

To overcome the strong presumption of public access, the party seeking secrecy bears the heavy burden of showing *"good cause"* through specific, concrete injury—not generalized embarrassment or reputational harm. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (*"We have insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence"*).

Nothing in Exhibit A constitutes a trade secret, national security matter, or protected personal identifier requiring blanket sealing (and any sensitive personal identifiers, if any exist, are readily addressed through targeted redaction under Fed. R. Civ. P. 5.2 rather than sealing the entire filing). More fundamentally, Defendant Brian Schmidt is an elected public official—the Sheriff of Price County—and the agreement at issue contains provisions purporting to silence third-party citizen witnesses regarding alleged on-duty sexual misconduct and requiring the withdrawal of Wisconsin Public Records Law requests (Exhibit A, ¶ 6(e) & Ex. B). Keeping such a document under seal on a federal docket undermines the public's constitutional right to oversee both its elected law enforcement officials and the federal courts.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff John J. Brylski respectfully requests that the Court:

1. **Grant** this Motion and reconsider its November 2, 2026 Text Only Order (Dkt. 27);
2. **Direct the Clerk of Court to immediately unseal** Exhibit A to Defendants' Notice of Removal (Dkt. 3) in its entirety (subject only to any redactions strictly mandated by Fed. R. Civ. P. 5.2); and

3. Grant such other and further relief as the Court deems just and proper.

Dated this 17th day of November, 2026.

Respectfully submitted,

**/s/ John J. Brylski**
John J. Brylski, *Pro Se*
W2275 State Hwy 22
Gillette, WI 54124
Telephone: (920) 540-2118
Email: jasnowshoe@aol.com

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WISCONSIN**

**JOHN J. BRYLSKI,**
*Plaintiff / Counter-Defendant,*

v.

**BRIAN S. SCHMIDT and**
**ROBERT M. MIHELICH,**
*Defendants / Counter-Claimant.*
**Case No. 3:26-cv-00945-jdp**
Hon. James D. Peterson
Magistrate Judge Anita M. Boor

---

**DECLARATION OF JOHN J. BRYLSKI IN SUPPORT OF PLAINTIFF'S IMMEDIATE MOTION TO UNSEAL EXHIBIT A (DKT. 3)**

I, John J. Brylski, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the *pro se* Plaintiff and Counter-Defendant in the above-captioned action. I have personal knowledge of the facts set forth herein and am competent to testify to them.
2. Attached hereto as **Exhibit 6** is a true and correct copy of the July 10, 2026 letter sent to me by Defendant Robert M. Mihelich, in which Defendant Mihelich stated in Paragraph 7 that his office would be providing *Wisconsin Watch* and Bureau Chief Matthew DeFour with the relevant terms of the July 25, 2024 Settlement Agreement.
3. Attached hereto as **Exhibit 26** is a true and correct copy of the investigative news article published by *Wisconsin Watch* on November 17, 2026, authored by Matthew DeFour, titled *"A Wisconsin sheriff claimed in court he'd never been accused of misconduct. These women say they reported him decades ago,"* which quotes Defendant Robert M. Mihelich extensively regarding the 2022 lawsuit, the July 2024 settlement agreement, and the underlying misconduct allegations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 17, 2026.

**/s/ John J. Brylski**
John J. Brylski