**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**
**JOHN J. BRYLSKI,**
*Plaintiff / Counter-Defendant,*
**v.**
**BRIAN S. SCHMIDT, and**
**ROBERT M. MIHELICH,**
*Defendants / Counter-Claimant.*
**Case No. 3:26-cv-00945-jdp**
Hon. James D. Peterson
Magistrate Judge Anita M. Boor

---

**JOHN J. BRYLSKI'S MOTION FOR JUDGMENT ON THE PLEADINGS DISMISSING DEFENDANT BRIAN S. SCHMIDT'S COUNTERCLAIM (DKT. 11)**

## I. INTRODUCTION

Defendant and Counter-Claimant Brian S. Schmidt ("Schmidt"), the incumbent Sheriff of Price County, has filed a four-count Counterclaim (Dkt. 11, pp. 22–28) seeking compensatory damages, punitive damages, attorney's fees, and a prior-restraint injunction against Plaintiff John J. Brylski ("Brylski") based on a single premise: that Brylski breached a contract, committed libel, and abused legal process simply by filing this civil rights lawsuit and attaching exhibits to his court pleadings without sealing them. (*See* Dkt. 11, Counterclaim ¶¶ 7–9, 15, 19–20, 26, 28.)

Every count of Schmidt's Counterclaim is barred on the face of the pleadings as a matter of law. Under Wisconsin law and the First Amendment, a litigant cannot be sued for breach of contract, defamation, or abuse of process for filing pertinent pleadings and exhibits in court to challenge the validity of a coerced settlement agreement. Moreover, the underlying July 25, 2024 Confidential Settlement and Release Agreement is unenforceable to suppress evidence of official misconduct and statutory public records, and Schmidt's own counsel expressly waived any purported confidentiality—and mooted any request for injunctive relief—by proactively

providing the Agreement's terms and underlying recordings to investigative journalists at *Wisconsin Watch*, which published statewide investigative reports on November 17, 2026. Because the pleadings on the Counterclaim are closed (Dkt. 11; Dkt. 14) and no set of facts consistent with Schmidt's allegations can entitle him to relief, the Court should grant judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and dismiss the Counterclaim in its entirety with prejudice.

---

## II. PROCEDURAL POSTURE AND PLEADED FACTS

1. On August 12, 2026, Brylski commenced this action in the Circuit Court for Price County (Case No. 2026CV000108) seeking, *inter alia*, a declaratory judgment under Wis. Stat. § 806.04 that the July 25, 2024 Confidential Settlement and Release Agreement ("Agreement") is void and unenforceable due to extreme duress, fraud in the inducement, and violation of public policy, alongside claims for abuse of process, intentional infliction of emotional distress, and First Amendment retaliation under 42 U.S.C. § 1983. (*See* Dkt. 11, Answer ¶¶ 29–55; Counterclaim ¶ 7.)
2. On September 11, 2026, Defendants Schmidt and Robert M. Mihelich ("Mihelich") removed the action to this Court based on federal-question jurisdiction. (Dkt. 1.)
3. On September 18, 2026, Schmidt filed his Answer and four-count Counterclaim asserting:

- **Count I (Breach of Contract):** Alleging that "Plaintiff breached the confidential settlement and release agreement by filing this lawsuit and filing the exhibits as public records without redaction and without sealing those documents." (Dkt. 11, Counterclaim ¶ 15.)

- **Count II (Defamation / Libel):** Alleging that "By filing this lawsuit and filing the exhibits as public records without redaction and without sealing those documents Plaintiff has published a false statement to third parties," and asserting in conclusory fashion that those statements were "not pertinent or relevant" to the litigation. (*Id.* ¶¶ 19–24.)
- **Count III (Abuse of Process):** Alleging that "Plaintiff filed the complaint and amended complaint, and all documents attached thereto, as a public document for the express purpose of defaming Schmidt." (*Id.* ¶¶ 26–28.)
- **Count IV (Punitive Damages):** Seeking punitive damages predicated solely on Plaintiff's filing of this civil lawsuit. (*Id.* ¶¶ 29–33.)

4. On September 25, 2026, Brylski filed his Answer and Affirmative Defenses to Schmidt's Counterclaim, closing the pleadings on the Counterclaim. (Dkt. 14.)
5. On November 17, 2026, the Wisconsin Center for Investigative Journalism (*Wisconsin Watch*) published comprehensive statewide investigative reports authored by Bureau Chief Matthew DeFour titled *"A Wisconsin sheriff claimed in court he'd never been accused of misconduct. These women say they reported him decades ago"* (Dkt. 34-2, Exhibit 26) and *"How Wisconsin Watch investigated decades-old misconduct allegations against a Northwoods sheriff"* (Exhibit 26-A), which publicly detailed the July 25, 2024 settlement, the scripted apology, missing county disciplinary records, and extensive on-the-record commentary and recordings provided directly by Schmidt's counsel, Attorney Mihelich.

---

## III. LEGAL STANDARD UNDER FED. R. CIV. P. 12(c)

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed. A Rule 12(c) motion is governed by the same legal standard as a motion to dismiss under Rule 12(b)(6): the Court accepts well-pleaded factual allegations as true, disregards legal conclusions and threadbare recitals, and grants judgment if the moving party is entitled to judgment as a matter of law. *See Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(c) motion, the Court may consider the pleadings, written instruments attached to or referenced in the pleadings (such as the July 25, 2024 Agreement), and matters of public record subject to judicial notice under Federal Rule of Evidence 201—including the fact of widespread news publication. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

---

## IV. ARGUMENT

### A. Counterclaim Count I (Breach of Contract) Fails as a Matter of Law.

Schmidt's breach-of-contract claim rests entirely on the theory that Brylski violated Sections 2, 5, and 6(e) of the July 25, 2024 Agreement "by filing this lawsuit and filing the exhibits as public records without redaction and without sealing those documents." (Dkt. 11, Counterclaim ¶ 15.) That claim fails on four independent legal grounds.

#### 1. Filing a Judicial Action to Adjudicate a Contract's Validity Cannot Be Sued Upon as a Breach.

A party to a settlement agreement retains both a statutory right (Wis. Stat. § 806.04) and a First

Amendment right to petition the courts for a judicial declaration that the agreement was procured by duress or fraud or is void as against public policy. Under Wisconsin law, statements and exhibits submitted in judicial proceedings are protected by absolute privilege, and a party cannot transform a litigant's exercise of the right to sue into an actionable breach of a non-disparagement or confidentiality clause. *See Snow v. Koeppl*, 159 Wis. 2d 77, 80–81, 464 N.W.2d 215 (Ct. App. 1990) (absolute privilege protects statements made in judicial proceedings to ensure free access to the courts).

**2. Neither Wisconsin Law Nor Seventh Circuit Precedent Permits a Private NDA to Compel Automatic Sealing of Court Filings.**

Schmidt faults Brylski for filing his complaint and exhibits "without sealing those documents." (Counterclaim ¶ 15.) Yet under both Wisconsin's sealing statute, Wis. Stat. § 801.21(2), and settled Seventh Circuit precedent, a party cannot unilaterally file court documents under seal merely because a private contract contains a confidentiality clause. *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546–47 (7th Cir. 2002) (holding that private confidentiality agreements do not justify sealing judicial records in federal court); *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 835 (7th Cir. 2013) (once parties ask a court to interpret or enforce a settlement agreement, the agreement and its terms become presumptively public). Brylski had neither the legal authority nor the obligation to pre-seal public court pleadings.

**3. The Agreement Is Void *Ab Initio* as Against Public Policy to the Extent It Suppresses Evidence of Official Misconduct and Public Records.**

Under Wisconsin law, a contract is void and unenforceable if its enforcement violates public policy—particularly where it seeks to conceal official corruption, potential felony sexual offenses, or statutory public records. *See Kryl v. Mechalson*, 259 Wis. 204, 206–07, 47 N.W.2d

899 (1951); *Weyenberg Shoe Mfg. Co. v. Seidl*, 140 Wis. 2d 373, 381, 410 N.W.2d 604 (Ct. App. 1987). Here, the Agreement sought to suppress witness accounts of on-duty sexual misconduct by an elected county sheriff and required the withdrawal of pending Wisconsin Open Records requests (Wis. Stat. § 19.35) targeting the Sheriff's official disciplinary records. Moreover, as documented in published public-records reporting subject to judicial notice (*see* Exhibit 26-A), Wisconsin Historical Society records-destruction filings confirm that Price County never submitted any request to destroy Schmidt's personnel or disciplinary files—underscoring that the suppressed records were mandatory public records rather than lawfully purged files. Enforcing a private gag order to penalize a citizen for submitting evidence of official misconduct to a court is flatly contrary to Wisconsin public policy and the First Amendment.

**4. Defendants Expressly Waived Confidentiality and Mooted Injunctive Relief Through Public Media Disclosures.**

Even if a valid confidentiality obligation had existed, Schmidt's own counsel expressly waived it—and rendered Schmidt's request for injunctive relief (Prayer for Relief ¶ 4) entirely moot—by proactively providing the terms of the July 25, 2024 Agreement and non-public recordings to *Wisconsin Watch*, culminating in the November 17, 2026 statewide investigative articles. (*See* Dkt. 34-1, Exhibit 6; Dkt. 34-2, Exhibit 26; Exhibit 26-A.) Under Wisconsin law, a party cannot enforce a contractual restriction after its own agent has publicly disclosed the very subject matter at issue, nor can a court enjoin speech regarding matters already published across the state. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004).

**B. Counterclaim Count II (Defamation / Libel) Is Barred by Absolute Judicial Proceedings Privilege and Fails Federal Pleading Standards.**

In Count II, Schmidt alleges that Brylski defamed him "[b]y filing this lawsuit and filing the exhibits as public records without redaction and without sealing those documents." (Dkt. 11, Counterclaim ¶¶ 19–20.) That claim is squarely foreclosed by Wisconsin's absolute judicial proceedings privilege.

**1. Statements and Exhibits Pertinent to Judicial Pleadings Are Absolutely Privileged as a Matter of Law.**

Under Wisconsin law, parties, witnesses, and counsel enjoy absolute immunity from defamation liability for statements made in pleadings, motions, and exhibits filed in a judicial proceeding, provided the statements bear a proper relationship—or "pertinence"—to the issues in the litigation. *See Churchill v. WFA Econometrics Corp.*, 2002 WI App 305, ¶ 10, 258 Wis. 2d 926, 655 N.W.2d 505; *Snow*, 159 Wis. 2d at 80. Crucially, pertinence is a threshold question of law for the Court, and Wisconsin courts construe pertinence broadly, resolving all doubts in favor of relevancy and privilege. *Churchill*, 2002 WI App 305, ¶ 11; *Design Basics, LLC v. DeShano Cos.*, No. 10-cv-144-bbc, 2012 WL 4321313, at *12 (W.D. Wis. Sept. 20, 2012).

Schmidt's attempt to plead around this privilege by asserting in Paragraph 23 that Brylski's exhibits "were not pertinent or relevant, nor did they bear a proper relationship to the issues of the litigation" is a legal conclusion that the Court does not accept as true on a Rule 12(c) motion. *Iqbal*, 556 U.S. at 678. Brylski's Amended Complaint specifically seeks a declaratory judgment that the July 25, 2024 Agreement is void for fraud in the inducement (because Defendants misrepresented witness Tammy Hastings's account) and void as against public policy (because it concealed official misconduct by Sheriff Schmidt), and asserts First Amendment retaliation

claims predicated on Schmidt's efforts to suppress those exact witness accounts. (*See* Dkt. 11, Answer ¶¶ 15–21, 31–32, 51–53.) Witness statements, sworn declarations, and public records proving the truth of those underlying accounts and the falsity of Defendants' representations are not merely pertinent—they are the central evidentiary foundation of Brylski's claims. Absolute privilege therefore bars Count II as a matter of law.

**2. Paragraph 21's Bare "Upon Information and Belief" Allegation Fails *Twombly* and *Iqbal*, and Schmidt Fails to Plead Constitutional Actual Malice.**

Recognizing that court filings are privileged, Schmidt adds a single conclusory sentence in Paragraph 21: "Upon information and belief, Plaintiff has also provided the information directly to other third parties." (Dkt. 11, Counterclaim ¶ 21.) Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Iqbal*, 556 U.S. at 678, a defamation counterclaim cannot survive on a naked "upon information and belief" assertion that fails to identify who received the statement, when it was made, what exact words were published, or how it was transmitted. *See also* Wis. Stat. § 802.03(6) (requiring the particular words complained of to be set forth in a libel complaint).

Moreover, as the elected Sheriff of Price County, Schmidt is a quintessential public official under *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964). To state a plausible defamation claim, Schmidt was required to plead specific facts showing that Brylski published false statements with actual malice—knowledge of falsity or reckless disregard for the truth. Count II contains zero factual allegations establishing actual malice; indeed, the pleaded exhibits and November 17, 2026 *Wisconsin Watch* reports confirm that Brylski relied on direct, corroborated witness accounts.

**C. Counterclaim Count III (Abuse of Process) Fails to Plead Any Post-Issuance Perversion of Process.**

In Count III, Schmidt alleges that Brylski committed abuse of process because he "filed the complaint and amended complaint, and all documents attached thereto, as a public document for the express purpose of defaming Schmidt." (Dkt. 11, Counterclaim ¶ 26.)

Under settled Wisconsin law, the tort of abuse of process requires two distinct elements: (1) a purpose other than that which the process was designed to accomplish, and (2) a subsequent misuse of the process—that is, a willful act in the use of the process not proper in the regular conduct of the proceedings. *See Schmit v. Klumpyan*, 2003 WI App 107, ¶ 7, 264 Wis. 2d 414, 663 N.W.2d 331; *Brownsell v. Klawitter*, 102 Wis. 2d 108, 114–15, 306 N.W.2d 41 (1981). Crucially, the mere filing of a civil lawsuit—even if allegedly motivated by spite, ill will, or a desire to embarrass or defame the opposing party—is never abuse of process as a matter of law. *See Strid v. Converse*, 111 Wis. 2d 418, 426, 331 N.W.2d 350 (1983) ("There is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions."). Because Schmidt alleges no improper post-filing use of a subpoena, writ, or court order to extort a collateral advantage—and instead complains solely of the filing of the Complaint and exhibits themselves (Counterclaim ¶¶ 26–28)—Count III fails on its face.

---

**D. Counterclaim Count IV (Punitive Damages) Is Not an Independent Cause of Action and Must Be Dismissed.**

In Count IV, Schmidt pleads "Punitive Damages" as a standalone cause of action. (Dkt. 11, Counterclaim ¶¶ 29–33.) Under well-established Wisconsin law, punitive damages are a remedy, not an independent cause of action. *See Hansen v. Texas Roadhouse, Inc.*, 2013 WI App 2, ¶ 29, 345 Wis. 2d 669, 827 N.W.2d 99 ("Punitive damages are a remedy, not a cause of action."). Where, as here, all underlying substantive tort and contract claims (Counts I through III) fail as a matter of law, a standalone count for punitive damages must be dismissed with prejudice.

---

**V. CONCLUSION**

For the foregoing reasons, Plaintiff and Counter-Defendant John J. Brylski respectfully requests that the Court grant his Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), dismiss Defendant Brian S. Schmidt's Counterclaim (Dkt. 11, Counts I through IV) in its entirety and with prejudice, and award Plaintiff his costs and such further relief as the Court deems just and proper.

Dated this **19th** day of **November**, 2026.

Respectfully submitted,

*/s/ John J. Brylski*
**John J. Brylski**
*Plaintiff / Counter-Defendant Pro Se*
W2275 State Hwy 22
Gillett, WI 54124
(920) 540-2118
jasnowshoe@aol.com

---