**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**
**JOHN J. BRYLSKI,**
*Plaintiff / Counter-Defendant,*
**v.**
**BRIAN S. SCHMIDT, and**
**ROBERT M. MIHELICH,**
*Defendants / Counter-Claimant.*
**Case No. 3:26-cv-00945-jdp**
Hon. James D. Peterson
Magistrate Judge Anita M. Boor

---

## PLAINTIFF JOHN J. BRYLSKI'S SUPPLEMENTAL COMPLAINT (FED. R. CIV. P. 15(d))

NOW COMES Plaintiff John J. Brylski, appearing *pro se*, and pursuant to Federal Rule of Civil Procedure 15(d), supplements his Amended Complaint (Dkt. 3-1) by adding the following supplemental factual allegations and claims arising out of transactions, occurrences, and events that have occurred or been discovered since August 12, 2026:

## SUPPLEMENTAL FACTUAL ALLEGATIONS (EVENTS POST-AUGUST 12, 2026)

**56.** Plaintiff incorporates by reference Paragraphs 1 through 55 and Paragraphs 19A through 19M of his Amended Complaint (Dkt. 3-1) as though fully set forth herein.

**57. Out-of-County Special Prosecutor Referral (September 23, 2026):** On September 23, 2026, Price County District Attorney Alexis N. Nash notified Plaintiff in writing that Plaintiff's formal complaint concerning official misconduct by Defendant Sheriff Brian S. Schmidt "may likely be taken over by an 'out of county' Special Prosecutor for review" (Exhibit 23), confirming the ongoing official criminal review of the underlying conduct that Defendants sought to conceal through the July 25, 2024 Confidential Settlement and Release Agreement ("Agreement").

**58. Sworn Federal Declaration of Witness Tammy Hastings (October 27, 2026):** On October 27, 2026, witness Tammy Hastings executed and filed a sworn declaration pursuant to 28 U.S.C. § 1746 in this federal action (Dkt. 18; Exhibit 25), testifying under penalty of perjury that she never told Defendant Schmidt or Defendant Mihelich that her 1990 squad-car encounter with Schmidt was consensual, that any claim by Defendants or their counsel to that effect is "an absolute lie," and that Plaintiff's prior disclosures regarding Schmidt's official misconduct were "100% true."

**59–63. Post-August 2026 Media Disclosures, Disciplinary Records Discrepancies, and Surveillance Export:** On November 17, 2026, *Wisconsin Watch* published investigative reports (*Dkt. 34-2*, Exhibit 26; Exhibit 26-A) detailing statements by Defendant Mihelich and Defendant Schmidt that publicly disclosed the July 2024 Agreement, shared non-public audio recordings of federal declarant Tammy Hastings, confirmed historical incidents, and labeled witnesses' accounts as fabricated. The reports corroborated through former Price County officials (Richard Heitkemper, Lauri Millot, and Rick Lukes) that contrary to Schmidt's prior sworn denials (Exhibit 19), historical disciplinary charges had been drafted regarding a 1995 incident, and required county records disappeared following Schmidt's request to review his personnel file (Dkt. 34-2, Exhibit 26), with Wisconsin Historical Society filings confirming no statutory destruction authorization was ever requested (Exhibit 26-A). Furthermore, in November 2025, Defendant Schmidt utilized county body-worn and interior facility cameras to record Tammy Hastings visiting the Sheriff's Department, subsequently exporting these non-public recordings directly to private civil defense counsel outside statutory Public Records Law (Wis. Stat. §§ 19.31–19.39) and body-worn camera custodianship rules (Wis. Stat. § 165.87(3)(b)–(d)) for use in litigation and witness intimidation.

**64–69. Supplemental Causes of Action (Counts I–IV):** Plaintiff incorporates prior allegations, asserting that Defendants' proactive public disclosures to *Wisconsin Watch* (Dkt. 34-1, Exhibit 6; Dkt. 34-2, Exhibit 26; Exhibit 26-A) irrevocably waive any contractual confidentiality or non-disparagement provisions (**Count I**). Furthermore, retaliatory counterclaims (Dkt. 11), media leaks, and the weaponization of county surveillance recordings constitute abuse of process (**Count II**) and intentional infliction of emotional distress (**Count III**). Finally, by abusing state authority to record, export, and deploy non-public surveillance files to retaliate against protected First Amendment petitioning, speech, and sworn federal witness declarations (Dkt. 18), Defendant Schmidt acted under color of state law, while Defendant Mihelich engaged in joint action under 42 U.S.C. § 1983 (*Dennis v. Sparks*, 449 U.S. 24; *Bridges v. Gilbert*, 557 F.3d 541) and a conspiracy to intimidate a federal witness under 42 U.S.C. § 1985(2) (**Count IV**).

**SUPPLEMENTAL PRAYER FOR RELIEF**

WHEREFORE, Plaintiff John J. Brylski requests judgment against Defendants Brian S. Schmidt and Robert M. Mihelich jointly and severally to:

1. Declare the July 25, 2024 Settlement Agreement void, moot, and unenforceable due to express waiver via public disclosures;
2. Enjoin Defendants from disseminating or utilizing non-public Price County body-worn camera or facility surveillance recordings obtained outside Wis. Stat. §§ 19.35 and 165.87(3) for private litigation or witness intimidation;
3. Award compensatory and punitive damages for post-filing First Amendment retaliation, federal witness intimidation, abuse of process, and intentional infliction of emotional distress; and

4. Award reasonable costs, litigation expenses, and fees pursuant to 42 U.S.C. § 1988 and the Agreement.

Dated: **November 19, 2026**

Respectfully submitted,
*/s/ John J. Brylski*
**John J. Brylski**, *Plaintiff Pro Se*
W2275 State Hwy 22, Gillett, WI 54124
(920) 540-2118 | jasnowshoe@aol.com