*IN THE UNITED STATES DISTRICT COURT*
*FOR THE WESTERN DISTRICT OF WISCONSIN*

*JOHN J. BRYLSKI,*
*Plaintiff / Counter-Defendant,*

*v.*

*BRIAN S. SCHMIDT, and*
*ROBERT M. MIHELICH,*
*Defendants / Counter-Claimant.*
*Case No. 3:26-cv-00945-jdp*
*Hon. James D. Peterson*
*Magistrate Judge Anita M. Boor*

---

## *PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY AND RECORD FILING IN SUPPORT OF MOTION TO UNSEAL (DKT. 34) AND MOTION FOR JUDGMENT ON THE PLEADINGS*

*Plaintiff and Counter-Defendant John J. Brylski, appearing pro se, respectfully submits this Notice of Supplemental Authority and Record Filing attaching Exhibit 27, the November 19, 2026 Price County Review investigative report ("Sheriff rebukes Wisconsin Watch allegations as unsubstantiated political attacks"), which publishes in full the formal November 19, 2026 press release issued by Defendant Brian S. Schmidt's counsel of record, Attorney Ronald S. Stadler, alongside on-the-record statements by Defendant Robert M. Mihelich.*

*Because these public disclosures occurred on November 19, 2026—subsequent to Plaintiff's Motion to Unseal (Dkt. 34)—Plaintiff respectfully requests that the Court take judicial notice of the indisputable fact of their publication under Federal Rule of Evidence 201(b) (offered not for the truth of the statements asserted therein, but for the adjudicative fact of public disclosure, waiver, and breach) in further support of: (1) Plaintiff's Immediate Motion to Unseal Exhibit A (Dkt. 3) and for Reconsideration of Dkt. 27 (Dkt. 34); and (2) Plaintiff's*

*Motion for Judgment on the Pleadings Dismissing Defendant Brian S. Schmidt's Counterclaim (filed November 19, 2026). See Ennenga v. Starns, 677 F.3d 766, 773–74 (7th Cir. 2012) (courts may take judicial notice of matters of public record on a Rule 12 motion without converting it into one for summary judgment).*

1. ***Direct Public Publication of Sealed Contract Text & Material Breach of Section 2:*** ***On November 19, 2026, Defendants Schmidt and Mihelich, acting through litigation counsel Ronald S. Stadler, issued a formal press release to Price County media expressly discussing the July 2024 defamation litigation, describing the July 25, 2024 Confidential Settlement and Release Agreement ("Agreement"), touting Schmidt's federal Counterclaim, and quoting verbatim from the scripted apology statement attached to the Agreement as Contract Exhibit A (Dkt. 3, Agreement Page 7): "I now understand Sheriff Brian S. Schmidt did not engage in any of the conduct that I accused him of and he has conducted himself honorably as the Sheriff of Price County." (Exhibit 27, at 3, 6.) Whereas Defendants' press release characterizes that compelled statement as a voluntary "moment of lucid thought" (Exhibit 27, at 3, 6), Plaintiff's pleadings establish that just days earlier—on July 22, 2024—Plaintiff had demanded in writing that Schmidt apologize to witness Tammy Hastings and others, only to be coerced under threat of litigation and arrest into posting Defendants' pre-written script on July 25, 2024. Moreover, Section 2 of the Agreement expressly prohibits the Parties from disclosing "the existence, terms or contents of this Agreement to any third party" and stipulates that "such disclosure will be a material breach of this Agreement." (Agreement Page 1.) Having voluntarily broadcast the sealed contract's terms and verbatim Exhibit A text to the public press, Defendants have abandoned any claim of confidentiality over Dkt. 3 and committed a prior material breach barring enforcement.***

2. ***Irrevocable Waiver, Spokesperson Attribution (§ 5), and Mootness of Sealing and Counterclaim:***

***Under Section 5 of the Agreement, the Parties and "any Parties' spokesperson" are prohibited from making any public statement that "criticizes or disparages the other Party... or harms the other Parties' reputation with... the public," with any violation by a spokesperson "deemed to be a violation by the Party." (Agreement Page 2.) In Exhibit 27—issued in direct response to Wisconsin Watch's November 17, 2026 investigative reporting documenting missing County disciplinary records and Wisconsin Historical Society records-destruction filings confirming Price County never sought authorization to destroy Schmidt's files (Exhibit 26, Dkt. 34-2)—Schmidt and his spokespersons (Attorneys Stadler and Mihelich) repeatedly disparaged Plaintiff in the press (calling Plaintiff a "twice-defeated political rival" and "unreliable misguided political rival[]" who "cannot retract his moment of lucid thought," Exhibit 27, at 2–3, 5–6) while Schmidt declared that "Price County kept all records relating to Schmidt as a deputy and sheriff. Sheriff Schmidt supports the release of all records." (Exhibit 27, at 9.) Having proactively quoted the sealed settlement text to local press, breached Section 5 through counsel, and proclaimed public support for releasing all records—in direct contradiction to Contract Exhibit B (Dkt. 3, Agreement Page 8), which previously barred Price County from releasing records to Plaintiff "or any third party"—Defendants have eliminated any conceivable basis to maintain Exhibit A (Dkt. 3) under seal or to enforce contractual secrecy and injunctive relief via Schmidt's Counterclaim (Dkt. 11). See Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546–47 (7th Cir. 2002); Gambale v. Deutsche Bank AG, 377 F.3d 133, 144 (2d Cir. 2004).***

3. ***One-Sided Extrajudicial Attacks & Public Confirmation of Surveillance Video and Document Disclosures:***

***Exhibit 27 further confirms that Defendants are actively using local media to attack the credibility of witnesses while seeking to keep the complete underlying court exhibits sealed (Dkt. 3). Specifically, Defendant Mihelich stated on the record that "Sheriff Schmidt gave Wisconsin Watch recordings, documents and photographs that prove that these claims are fabricated and defamatory" (Exhibit 27, at 2, 6), and Schmidt's press release admits that Schmidt provided news media with a 2024 conversation recording and an October 23, 2025 Sheriff's Office lobby surveillance video of witness Tammy Hastings (Exhibit 27, at 6–7)—even as Schmidt's Counterclaim seeks injunctive enforcement of Section 6(e)'s restriction on releasing recordings or statements involving Ms. Hastings (Agreement Page 4). Under Seventh Circuit precedent, a party cannot maintain a judicial seal to shield records from public scrutiny while selectively broadcasting excerpts and attacks in the press. See Union Oil Co. of Cal. v. Leavell, 220 F.3d 562, 568 (7th Cir. 2000).***

***WHEREFORE, Plaintiff respectfully requests that the Court take judicial notice of the November 19, 2026 Price County Review publication and embedded press release (Exhibit 27) in adjudicating Plaintiff's pending Motion to Unseal (Dkt. 34) and Motion for Judgment on the Pleadings.***

***Dated this 21st day of November, 2026.***

***Respectfully submitted,***

***/s/ John J. Brylski***
***John J. Brylski, Plaintiff / Counter-Defendant Pro Se***
***W2275 State Hwy 22***
***Gillett, WI 54124***

***Telephone: (920) 540-2118***
***Email: jasnowshoe@aol.com***

---

***CERTIFICATE OF SERVICE***

***I hereby certify that on November 21, 2026, I electronically filed the foregoing Plaintiff's Notice of Supplemental Authority and Record Filing with attached Exhibit 27 with the Clerk of the Court using the CM/ECF system, which will send electronic notification to all counsel of record:***

- ***Ronald S. Stadler (rss@stadlersacks.com) & Jonathan E. Sacks (jes@stadlersacks.com), Stadler Sacks LLC, Counsel for Defendant / Counter-Claimant Brian S. Schmidt***
- ***Jennifer L. Williams (jlwilliams@grsm.com) & Veronica Edmonds (vedmonds@grsm.com), Gordon Rees Scully Mansukhani, LLP, Counsel for Defendant Robert M. Mihelich***

***/s/ John J. Brylski***
***John J. Brylski, Pro Se***