**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**
**JOHN J. BRYLSKI,**
*Plaintiff / Counter-Defendant,*

v.

**BRIAN S. SCHMIDT, and**
**ROBERT M. MIHELICH,**
*Defendants / Counter-Claimant.*
**Case No. 3:26-cv-00945-jdp**
Hon. James D. Peterson
Magistrate Judge Anita M. Boor

---

**DECLARATION OF JOHN J. BRYLSKI PURSUANT TO 28 U.S.C. § 1746 AUTHENTICATING JANUARY 24, 2024 VIDEO RECORDING AND TRANSCRIPT OF LISA TALLEY DECKER (EXHIBIT 28) IN SUPPORT OF MOTION TO UNSEAL DOCUMENT (DKT. 34)**

I, **John J. Brylski**, declare and state as follows:

1. I am the Plaintiff and Counter-Defendant in the above-captioned action, appearing *pro se*. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify thereto.
2. I submit this Declaration in support of my pending **Motion to Unseal Document (Dkt. 34)** regarding the July 25, 2024 Confidential Settlement and Release Agreement (Dkt. 3-1), Paragraph 6(e) of which purported to suppress witness statements and video recordings of Lisa Talley Decker concerning official misconduct by Defendant Sheriff Brian S. Schmidt.
3. On **January 24, 2024**, I conducted an in-person video-recorded interview with witness **Lisa Talley Decker** while seated in the pool area of the **Best Western Plus** hotel in **Saint Paul, Minnesota**.

4. I personally recorded the entire interview using my **GoPro HERO** digital video camera with Ms. Decker's full knowledge and consent. Following the interview, upon returning home, I downloaded and preserved the unaltered native digital video file from my GoPro HERO camera.

5. Attached hereto as **Exhibit 28** is a true, accurate, and complete verbatim written transcript of my January 24, 2024 GoPro video-recorded interview with Lisa Talley Decker, generated using transcription software (*Vibe*) and personally reviewed and verified by me line-by-line against the native GoPro video recording.

6. To protect the privacy of uninvolved third-party friends who were minors at the time of the events discussed, only their names were muted/omitted in the copy of the recording transcribed into **Exhibit 28** (noted as [name omitted to protect privacy]). All other spoken statements remain 100% verbatim and unaltered, and I maintain the untouched original native GoPro video file in my possession for *in camera* inspection by the Court or discovery production under an appropriate protective order.

7. To assist the Court in reading **Exhibit 28** clearly, I added bracketed speaker identifications ([JOHN BRYLSKI]: and [LISA TALLEY DECKER]:) and brief, neutral bracketed context clarifications ([like this]) based upon my direct personal participation in the interview and my review of the native video recording.

8. Specifically, near the beginning of the recording, I inadvertently misspoke and referred to Defendant Sheriff Brian S. Schmidt as "Michael Schmidt"—an error that Ms. Decker promptly corrected to "Brian Schmidt" later in the same recorded interview. I have left both my initial spoken slip and Ms. Decker's on-camera correction verbatim in **Exhibit 28** and inserted a bracketed explanatory note ([sic — later clarified on the recording by Ms. Decker as Brian Schmidt]) immediately following the initial reference.

**DECLARATION UNDER PENALTY OF PERJURY**

Pursuant to **28 U.S.C. § 1746**, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of November, 2026.

**/s/ John J. Brylski**
John J. Brylski
Plaintiff / Counter-Defendant *Pro Se*
W2275 State Hwy 22
Gillett, WI 54124
(920) 540-2118
jasnowshoe@aol.com